Catherine E. Rogers, Esq.
(SBN 315607)
P.O. Box 82525
Los Angeles, CA 90082
Tel: (619) 886-9259
kath.rogers01@gmail.com

Leslie C. Ivie, Esq.
(SBN 264393)
P.O. Box 7965
Van Nuys, CA 91409
Tel: (213)347-4843
ivie@restorationlawcenter.com

Rebecca Brown
(SBN 336638)
3916 Sepulveda Blvd,
Ste 105
Culver City, CA 90230
Rebecca@NLG-LA.org

Olu K. Orange, Esq.
(SBN 213653)
ORANGE LAW OFFICES
3435 Wilshire Blvd, # 2910
Los Angeles, CA 90010
Tel:  (213) 736-9900
orangelawoffices@att.net

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10,<br>Defendants. | Case No.: 2:21-cv-08067-VAP-PD<br><br>PLAINTIFF'S AND DEFENDANTS' JOINT RULE 26(f) REPORT<br><br>[Local Rule 26-1]<br><br>Complaint Filed: October 10, 2021<br><br>*Hon. Virginia A. Phillips, United States District Judge* |

//

FRCP Rule 26 Report

LA #4861-2425-2441 v2

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), CACD LR-26-1 and the January 5, 2022, order of the court, Plaintiff JOLIE SAVAGE and Defendants CITY OF WHITTIER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, and JEFFREY ROBERT (hereinafter "Defendants") , submit this report for the Rule 26(f) Scheduling Conference.

## A.    STATEMENT OF THE CASE

PLAINTIFF'S STATEMENT: Plaintiff Jolie Savage is suing the City of Whittier, and multiple police officers, for federal civil rights violations. Ms. Savage alleges, essentially, that on Tuesday, July 28, 2020, Ms. Savage attended a peaceful protest against police brutality outside the Whittier Police Station and the blocks surrounding the police station. Whittier police responding to the event focused their law enforcement efforts exclusively on the protesters, while allowing participants in an unpermitted "police appreciation" parade to continue their activities without police interference. Some pro-police parade-goers became physically violent and threatening with protesters. During the protest, Defendant Segura ordered Defendants Goodman and Draper "to arrest a black female...who was standing in the middle of the street." Ms. Savage was one of only three Black individuals in the crowd. Defendants Goodman and Draper grabbed Ms. Savage's arms and tackled her to the ground. Officers used excessive force against Ms. Savage – which resulted in a fracture of Ms. Savage's elbow, pain and bleeding from oveoverly tightndcuffs, fear of asphyxiation due to rough handling and attempted covering of Ms. Savages mouth, and other pain and suffering. Ms. Savage was jailed for twelve hours and was never told why she had been arrested. She experienced severe back and neck pain while in jail and was not provided with medical treatment. Upon release, Ms. Savage's citation listed the offense of jaywalking (Vehicle Code 21954(A)), an infraction punishable by fine, not by incarceration. Plaintiff alleges that Defendants

2

FRCP Rule 26 Report

LA #4861-2425-2441 v2

would not have detained her with such excessive force, but for her statements and her political activities. Plaintiff was also singled out and targeted as one of only three Black people at the event. No Defendants intervened or attempted to stop any other Defendant from violating Plaintiff's legal rights. Plaintiff further alleges that these incidents are the result of a failure of the Police Department to supervise, train, and discipline its officers. Plaintiff maintains causes of action based upon the First, Fourth and Fourteenth Amendments, conspiracy under 42 U.S.C. §1983, *Monell*, failure to train/discipline, and related civil rights violations.

DEFENDANTS' STATEMENT: Defendants contend that Plaintiff Jolie Savage was arrested on July 28, 2020 by officers from the Whitter Police Department. Plaintiff was arrested during an event outside the Whittier Police Station in which one group of citizens was expressing their support for the police, while a second group of citizens protested the police. Plaintiff was arrested for blocking vehicular traffic in the street. During the course of her arrest, Plaintiff attempted to bite one of the arresting officers. Defendants deny Plaintiff's allegations; instead, Defendants contend that the only force used against Plaintiff was reasonable, that the officers had a lawful basis to detain and arrest Plaintiff, and that no officer violated Plaintiff's First Amendment rights.

//

**B.    SUBJECT MATTER JURISDICTION**

Plaintiff brings this case pursuant to 42 U.S.C. §§ 1983, 1988 and California state law. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1–4).

**C.    LEGAL ISSUES**

Plaintiff has brought claims under 42 USC §1983 for 1st, 4th and 14th Amendment violations, conspiracy, and municipal liability.

Defendants contend that the key legal issues in this case are as follows:

(1) Whether the officers had a legal basis to arrest Plaintiff;

3

LA #4861-2425-2441 v2

(2) Whether the force used during the arrest of Plaintiff was reasonable;

(3) Whether the officers violated Plaintiff's First Amendment rights;

(4) Whether the individual Defendants are entitled to qualified immunity; and

(5) Whether the City of Whittier had a custom, policy, or practice that caused a violation of Plaintiff's Constitutional rights.

## D.     PARTIES AND NON-PARTY WITNESSES

Plaintiff's Contentions:  All named Defendants have been served, and seven Defendants have answered. However, defense counsel contends that service was not accepted for Defendant Jeff Piper because he retired one month prior to the protest incident which gave rise to this lawsuit.

However, the Whittier City Clerk accepted service on behalf of all Defendants – including Piper. Plaintiff has submitted file-stamped proofs of service for all Defendants. It is Plaintiff's position that all Defendants have been properly served, and that Discovery will reveal the extent of Defendant Piper's liability.

Plaintiff anticipates the following witnesses at this point in the case: Plaintiff, eye-witnesses from the scene of the incident, police procedures experts, damages witnesses/experts, the defendants themselves, Whittier police supervisors and/or persons most knowledgeable regarding officer training, protest-related policies, disciplinary processes, and all of the witnesses, hearing officers, and other participants from the Whittier Police personnel related to this case.

Defendants' Contentions:  The key witnesses in this case are Whittier Police Department officers who observed Plaintiff's actions during the protest, the officers who arrested Plaintiff, and citizens who participated in the protests.

## E.     DAMAGES

Plaintiff's Contentions:  Defendants' violations of Plaintiff's rights caused intense emotional and physical pain and suffering and chilled the expression of a

4

LA #4861-2425-2441 v2

fundamental right of free expression. Though it is certainly compensable, the range is not readily quantified. Accordingly, particular amounts would be best determined by a jury at the time of trial.

Defendants' Contentions:   Defendants have no information regarding Plaintiff's alleged damages at this time.

## F.   INSURANCE

The City of Whittier is insured through the California Insurance Pool Authority.

## G.   MOTIONS

Plaintiff anticipates filing motions *in limine*, motions for summary judgment, and partial summary judgment/adjudication.

Defendants anticipate filing a Motion for Summary Judgment, as well as motions in limine.  Defendants will also file a motion to quash the service on Defendant Jeff Piper should such a motion become necessary.

## H.   MANUAL FOR COMPLEX LITIGATION

This case does not require procedures from the Manual for Complex Litigation.

## I.   STATUS OF DISCOVERY

The parties held a meet and confer conference on March 18, 2022. The parties agree that discovery should begin as soon as possible. The parties will exchange initial disclosures within two weeks of this scheduling conference.

## J.   DISCOVERY PLAN

5

FRCP Rule 26 Report

LA #4861-2425-2441 v2

The parties intend to take depositions and serve requests for production and admissions, as well as interrogatories. The parties also anticipate expert discovery will be necessary for certain legal issues presented in this case.

The parties do not anticipate a need for any changes to the nature or limitations of allowable discovery. However, the parties will seek agreement of each other, and/or the court if necessary, if the need arises. The parties will seek protective orders when necessary to protect confidential information.

**K.   DISCOVERY CUT-OFF**

Please see attached matrix.

**L.   EXPERT DISCOVERY**

Please see attached matrix.

**M.   DISPOSITIVE MOTIONS**

Plaintiff and Defendants intend to bring motions for summary judgment and/or adjudication.

**N.   SETTLEMENT**

Settlement discussions will be conducted in accordance with the court's requirements.

**O.   TRIAL ESTIMATE**

Counsel request five days for the trial of this matter.

**P.   TRIAL COUNSEL**

Olu K. Orange, Catherine Rogers, Rebecca Brown, and Leslie Ivie for Plaintiff. Nathan A. Oyster for Defendants.

FRCP Rule 26 Report

LA #4861-2425-2441 v2

**Q.    INDEPENDENT MASTER**

The parties do not anticipate the need for an independent master.

**R.    TIMETABLE**

Please see attached matrix.

**S.    OTHER ISSUES**

None anticipated at this time. However, if other issues arise, the parties will bring them before the court via appropriate filing(s).

**T.    PATENT CASES**

This is not a patent case.

//

//

**U.    CONSENT TO A MAGISTRATE**

The parties do not consent to trial before a magistrate at this time.

Respectfully submitted,                    CATHERINE E. ROGERS

7

FRCP Rule 26 Report

DATE: March 28, 2022

Catherine E. Rogers, Esq.
Attorney for Plaintiff

BURKE, WILLIAMS & SORENSEN

DATE: March 28, 2022

/s/

Nathan A. Oyster, Esq.
Attorney for Defendants

8

FRCP Rule 26 Report

LA #4861-2425-2441 v2