Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, CA 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
PAUL SEGURA, MARK GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON ZUHLKE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10,<br><br>　　　　Defendants. | Case No. 2:21-cv-08067-MWC-PD<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Final Pre-Trial Conference:<br>Date: November 21, 2025<br>Time: 1:30 p.m.<br><br>Jury Trial:<br>Date: December 8, 2025<br>Time: 8:30 a.m.<br>Ctrm.: 6A<br><br>Judge: Hon. Michelle Williams Court |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-3515-3524 v2

1

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

**TO THE HONORABLE COURT, PLAINTIFF JOLIE SAVAGE, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:**

Pursuant to Local Rule 16-4, Defendants PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE (hereinafter "Defendants") hereby submit their Memorandum of Facts and Contentions of Law.

## I.    INTRODUCTION

This case arises from the July 28, 2020 arrest of Plaintiff JOLIE SAVAGE by officers of the Whittier Police Department during an event that featured competing groups of people – a pro-police vehicle caravan and anti-police protestors – exercising their First Amendment rights that occurred at the City of Whittier Police Station. Plaintiff contends Defendants arrested her without a lawful basis, used unreasonable force, and violated her First, Fourth, and Fourteenth Amendment rights.

During the event, two cars approached Plaintiff Savage while she walked through the street. Savage stood in front of each car, at times yelling obscenities towards the occupants. After blocking the cars for approximately over two minutes, Savage walked away from the front of the second car to behind a police skirmish line.

Shortly after Savage began blocking vehicular traffic, Officer Zuhlke observed Savage block vehicular movement from the Whittier Police Department stationhouse roof and radioed to Officers Przybyl and Segura that Savage should be arrested for blocking traffic. Officer Przybyl then instructed Officer Segura to arrest Savage. Officer Segura ordered Officers Goodman and Draper to arrest Savage.

During the arrest, Officers Goodman and Segura approached Savage while she stood behind the skirmish line. Officer Goodman used one hand to grab the upper part of one of Savage's arms. As the officers escorted Savage to an area where she would be handcuffed, Savage fell to the ground on her back as Officers

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-3515-3524 v2

2

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

Goodman and Draper attempted to move Savage to a point of safety on the other side of the skirmish line.  Officers Goodman and Draper continued to hold Savage's arms and wrists to restrain her. While on the ground, Savage attempted to bite Officer Goodman's right forearm as he tried to gain control of her arms.

After the attempted bite, Officer Goodman held Savage's face against the ground with his right forearm and eventually turned her onto her stomach. Officer Draper then placed his knee on Savage's back for three to four seconds for the purpose of controlling Savage's body. Savage said, "I can't breathe," and Officer Draper immediately removed his knee. Officers Goodman and Draper then pulled Savage's arms behind her back, handcuffed her, and escorted her to the Whittier Police Department station.

## II.    CLAIMS AND DEFENSES

Plaintiff Jolie Savage filed her original Complaint [Dkt. 1] on October 10, 2021, alleging six (6) claims for relief. Defendants filed their answer [Dkt. 27] on November 5, 2021, asserting, *inter alia*, that individual Officers Paul Segura, Mark Goodman, John Draper, Michael Przybyl, Jason Zuhlke, and Jeffrey Robert are entitled to qualified immunity.

Defendants filed a Motion for Summary Judgment [Dkt. 82] on July 17, 2023 and appeared before the Court on August 28, 2023 [Dkt. 96]. On August 30, 2023, the Court issued an Order, granting in part and denying in part Defendants' Motion for Summary Judgment [Dkt. 97].

Defendants Paul Segura, Mark Goodman, John Draper, Michael Przybyl, Jason Zuhkle, and Jeffrey Robert filed a Notice of Appeal in the Ninth Circuit. On March 25, 2025, the Ninth Circuit issued a ruling on appeal, which affirmed in part, reversed in part, and remanded this case.

Following the Court's Ruling on Defendants' Motion for Summary Judgment and the Ninth Circuit appellate decision on Defendants' appeal, the claims below remain for trial:

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-3515-3524 v2

3

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

A.     **Plaintiff's First Claim for Relief for Section 1983 First Amendment Retaliation Against Paul Segura, Mark Goodman, John Draper, Michael Przybyl, and Jason Zuhlke**

1.     **Elements**

Plaintiff has the burden of proving that the act[s] of the defendants deprived the plaintiff of particular rights under the United States Constitution. See Model Civ. Jury Instr. 9th Cir. 9.11 (2025). Under the First Amendment, a citizen has the right to free expression. Id. To establish that any Defendant deprived Plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

> **(i)** That Plaintiff was engaged in a constitutionally protected activity;
>
> **(ii)** Defendants' actions against the Plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and
>
> **(iii)** That Plaintiff's protected activity was a substantial or motivating factor in Defendants' conduct. A substantial or motivating factor is a significant factor, though not necessarily the only factor.

Model Civ. Jury Instr. 9th Cir. 9.11 (2025). If Plaintiff establishes each of the foregoing elements, the burden shifts to the Defendants to prove by preponderance of the evidence that the Defendants would have taken the action(s) in question, even in the absence of any motive to retaliate against the Plaintiff. Id.

2.     **Key Evidence Opposing Claim**

Defendants will rely on the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officers Segura, Goodman, Draper, Przybyl, and Zuhlke, police practices expert Clarence Chapman, and

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-3515-3524 v2

4

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

medical expert Dr. Keith Liberman. Defendants will also introduce video of the incident and video of Savage's conduct prior to her arrest.

**B.** **Plaintiff's Second Claim for Relief For Section 1983 Fourteenth Amendment Due Process Against Paul Segura, Mark Goodman, John Draper, Michael Przybyl, and Jason Zuhlke**

### 1. Elements

"To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)

"To show a procedural due process violation, [a Plaintiff] must prove 'two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" United States v. 101 Houseco, LLC, 22 F.4th 843, 851 (9th Cir. 2022)

"Due process violations under the Fourteenth Amendment occur only when official conduct 'shocks the conscience,' [citations], but what that means 'depends on context.'" *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) "Where actual deliberation is practical, then an officer's 'deliberate indifference' may suffice to shock the conscience. On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." Id.

### 2. Key Evidence Opposing Claim

Defendants will rely on the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officers Segura, Goodman, Draper, Przybyl, and Zuhlke, police practices expert Clarence Chapman, and medical expert Dr. Keith Liberman. Defendants will also introduce video of the incident and video of Savage's conduct prior to her arrest.

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-3515-3524 v2

5

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

**C.** **Plaintiff's Third Claim for Relief for Section 1983 Fourth Amendment Claims of Unlawful Seizure, Search, and Excessive Force Against Paul Segura, Mark Goodman, John Draper, Michael Przybyl, and Jason Zuhlke**

**1.** **Elements of Unlawful Seizure**

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. See Model Civ. Jury Instr. 9th Cir. 9.20 (2025). In order to prove the Defendants deprived the Plaintiff of this Fourth Amendment right, the Plaintiff has the burden to prove the following additional elements by a preponderance of the evidence:

    **(i)** The defendant seized the plaintiff's person;

    **(ii)** In seizing the plaintiff's person, the defendant acted intentionally; and

    **(iii)** The seizure was unreasonable.

See Model Civ. Jury Instr. 9th Cir. 9.20 (2025).

**2.** **Probable Cause Under Cal. Veh. Code Section 21954**

"Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway so near as to constitute an immediate hazard." Cal. Veh. Code § 21954 An immediate hazard exists whenever a reasonably prudent person in the position of Plaintiff would realize that an approaching vehicle probably would collide with Plaintiff if she left the curb or other place of safety and walked or ran into the path of the approaching vehicle or did not yield the right of way. See Cal. Veh. Code Section 21954; see also Book of Approved Jury Instructions, ("BAJI") Numbers 5.52.2 and 5.53.

**3.** **Probable Cause Under Cal. Pen. Code Section 647c**

Under California Penal Code Section 647c, "Every person who willfully and maliciously obstructs the free movement of any person on any street, sidewalk, or

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-3515-3524 v2

6

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

other public place or on or in any place open to the public is guilty of a misdemeanor." Cal. Penal Code § 647c

### 4.  Probable Cause Under Cal. Pen. Code Section 148(a)(1)

"Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician…in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment." Cal. Penal Code § 148(a)(1); see also Judicial Council of California Criminal Jury Instruction ("CALCRIM") No. 2656.

    **(i)**    Defendants were public officers lawfully performing or attempting to perform their duties as a public officer;

    **(ii)**    Plaintiff willfully resisted, obstructed, or delayed Defendants in the performance or attempted performance of those duties; AND

    **(iii)**    When Plaintiff resisted, obstructed, or delayed Defendants in the performance or attempted performance of their duties, Plaintiff knew, or reasonably should have known, that Defendants were Public Officers performing or attempting to perform their duties.

Cal. Penal Code § 148(a)(1); see also Judicial Council of California Criminal Jury Instruction ("CALCRIM") No. 2656.

### 5.  Probable Cause Under Cal. Pen. Code Section 240

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240 The elements of this crime are as follows:

    **(i)**    Plaintiff did an act that by its nature would directly and probably result in the application of force to a person;

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-3515-3524 v2

7

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**(ii)** Plaintiff did that act willfully;

**(iii)** When Plaintiff acted, she was aware of facts that would lead a reasonable person to realize that her act by its nature would directly and probably result in the application of force to someone; and

**(iv)** When the JOLIE SAVAGE acted, she had the present ability to apply force to a person.

See Judicial Council of California Criminal Jury Instruction ("CALCRIM") 915. The terms application of force and apply force mean to touch in a harmful or offensive manner. Id. The slightest touching can be enough if it is done in a rude or angry way. Id. Making contact with another person, including through his or her clothing, is enough. Id. The touching does not have to cause pain or injury of any kind. Id. The touching can be done indirectly by causing an object or someone else to touch the other person, or by touching something held by or attached to the other person. Id.

### 6.     Probable Cause Under Cal. Pen. Code Section 242

"A battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242 The elements of this crime are as follows:

**(i)** Plaintiff willfully and unlawfully touched Officers in a harmful or offensive manner.

See Judicial Council of California Criminal Jury Instruction ("CALCRIM") No. 960. Someone commits an act *willfully* when he or she does it willingly or on purpose. Id. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage. Id. The slightest touching can be enough to commit a battery if it is done in a rude or angry way. Id. Making contact with another person, including through his or her clothing, is enough. Id. The touching does not have to cause pain or injury of any kind. Id. The touching can be done indirectly, by causing an object, or someone else, to touch the other person, or by touching something held

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-3515-3524 v2

8

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

by or attached to the other person. Id.

### 7.    Probable Cause Under Pen. Code Section 404

"Any use of force or violence, disturbing the public peace, or any threat to use force or violence, if accompanied by immediate power of execution, by two or more persons acting together, and without authority of law, is a riot." Cal. Penal Code § 404 The elements of this crime are as follows:

> **(i)**    Plaintiff participated in a riot in violation of Penal Code section 404. For Plaintiff to be guilty of this crime, Plaintiff must have willfully participated in a riot.

Judicial Council of California Criminal ("CALCRIM") Jury Instruction 2683. A riot occurs when two or more people, acting together and without legal authority, disturb the public peace by using force or violence or by threatening to use force or violence with the immediate ability to carry out those threats. Id. Someone commits an act *willfully* when he or she does it willingly or on purpose. Id.

### 8.    Probable Cause Under Cal. Veh. Code Section 2800

"It is unlawful to willfully fail or refuse to comply with a lawful order, signal, or direction of a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, when that peace officer is in uniform and is performing duties pursuant to any of the provisions of this code, or to refuse to submit to a lawful inspection pursuant to this code." Cal. Veh. Code § 2800(a)

### 9.    Elements of Unlawful Search

"[A] warrantless arrest satisfies the Constitution so long as the officer has 'probable cause to believe that the suspect has committed or is committing an offense.'" *Virginia v. Moore*, 553 U.S. 164, 173 (2008) (citation omitted). "Under *Terry*[*v. Ohio,* 392 U.S. 1 (1968)] and its progeny, [however], the Fourth Amendment [also] allows police to conduct a brief, investigatory search or seizure, so long as they have a reasonable, articulable suspicion that justifies their actions." *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002). The reasonable

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-3515-3524 v2

9

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

suspicion standard "is a less demanding standard than probable cause," *id.* (citation omitted), requiring only "'a particularized and objective basis for suspecting the particular person stopped' of breaking the law," *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (citation omitted).

### 10.    Elements of Excessive Force

Plaintiff's claim for excessive force is only against Defendants Segura, Goodman, and Draper. Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. The reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to the inquiry, an officer's subjective intent or motive is not relevant to the inquiry. In determining whether excessive force was used, the following factors should be considered:

(i) The nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(ii) Whether the plaintiff posed an immediate threat to the safety of the officer[s] or to others;

(iii) Whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(iv) The amount of time Officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(v) The relationship between the need for the use of force and the amount of force used;

(vi) The extent of the Plaintiff's injury;

(vii) Any effort made by the officer[s] to temper or to limit the amount of force;

(viii) The severity of the security problem at issue;

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-3515-3524 v2

10

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**(ix)** The availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff;

**(x)** The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

**(xi)** Whether it was practical for the Officers to give warning of the imminent use of force, and whether such warning was given; and

**(xii)** Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

Ninth Circuit Model Jury Instruction 9.25. "Probable cause" exists when, under all of the circumstances known to the Officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime. Id. Defendants contend that probable cause existed, as outlined in Sections II(C)(2)-(9) *supra*.

**11.    Key Evidence Opposing Fourth Amendment Claims**

Defendants will rely on the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officers Segura, Goodman, Draper, Przybyl, and Zuhlke, police practices expert Clarence Chapman, and medical expert Dr. Keith Liberman. Defendants will also introduce video of the incident and video of Savage's conduct prior to her arrest.

/ / /

/ / /

/ / /

/ / /

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-3515-3524 v2

11

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

**D.**      **Plaintiff's Fourth Claim for Relief for Section 1983 Conspiracy Against Paul Segura, Mark Goodman, John Draper, Michael Przybyl, and Jason Zuhlke**

### 1.      Elements

"To establish the defendants' liability for a conspiracy, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotation marks and citations omitted). "[E]ach participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (citing *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983)). "Such an agreement need not be overt," *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010), and a meeting of the minds may be inferred from circumstantial evidence, such as the defendants' actions, *Mendocino*, 192 F.3d at 1301; *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1179 (S.D. Cal. 2010). A conspiracy to violate constitutional rights also must be predicated on a viable underlying constitutional claim. *See Thornton*, 425 F.3d at 1168.

### 2.      Key Evidence Opposing Claim

Defendants will rely on the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officers Segura, Goodman, Draper, Przybyl, and Zuhlke, police practices expert Clarence Chapman, and medical expert Dr. Keith Liberman. Defendants will also introduce video of the incident and video of Savage's conduct prior to her arrest.

**E.**      **Affirmative Defenses – Qualified Immunity**

Officers Segura, Goodman, Draper, Przybyl, and Zuhlke contend that they are entitled to qualified immunity from all Section 1983 claims.

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-3515-3524 v2

12

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

### 1.    Elements

Under the doctrine of qualified immunity, "courts may not award damages against a government official in his personal capacity unless the official violated a statutory or constitutional right, and the right was clearly established at the time of the challenged conduct." *Lane v. Franks*, 573 U.S. 228, 243 (2014).  The qualified immunity analysis consists of two prongs: (1) whether the facts the plaintiff alleges make out a violation of a constitutional right; and (2) whether that right was clearly established at the time the defendant acted. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc). "Once the official pleads qualified immunity, the burden is on the plaintiff to prove two elements: (1) that the right was violated; and (2) that the right was clearly established at the time of the alleged misconduct." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017)

### 2.    Key Evidence Supporting Qualified Immunity

Defendants will rely on the following key evidence and testimony in opposing this claim. Defendants will introduce the testimony of Officers Segura, Goodman, Draper, Przybyl, and Zuhlke, police practices expert Clarence Chapman, and medical expert Dr. Keith Liberman. Defendants will also introduce video of the incident and video of Savage's conduct prior to her arrest.

## III.    <u>BIFURCATION OF ISSUES</u>

Pursuant to Local Rule 16-4.3, Defendants request to bifurcate trial into the following three phases: (1) liability and entitlement to punitive damages; (2) compensatory damages (if necessary); and (3) amount of punitive damages (if necessary).  The parties are currently meeting and conferring as to bifurcating trial into three phases. Pursuant to Local Rule 16-4.3, Defendants provide the following brief explanation for the request to bifurcate trial into the aforementioned three phases:

"Bifurcation of the trial of liability and damage issues is well within the scope

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4918-3515-3524 v2

13

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

of a trial court's discretion under Fed.R.Civ.P. 42(b).") *Canchola v. Allstate Ins. Co.*, No. 8:23-CV-00734-FWS-ADS, 2025 WL 2373271, at *1 (C.D. Cal. July 3, 2025) (citation in original); see also Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.") "The trial court's decision to bifurcate a trial is reviewed for an abuse of discretion." *Exxon Co. v. Sofec*, Inc., 54 F.3d 570, 575 (9th Cir. 1995)

"In determining whether to bifurcate, courts consider a number of factors, including whether bifurcation would promote 'efficient judicial administration,' promote convenience, simplify discovery or conserve resources, reduce the risk of juror confusion, and separability of the issues." *Lam Rsch. Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 865 (N.D. Cal. 2014) "One favored purpose of bifurcation is to accomplish just what the district court sought to do here – avoiding a difficult question by first dealing with an easier, dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001)

Here, Defendants request to bifurcate trial into three phases: (1) liability and entitlement to punitive damages; (2) compensatory damages (if necessary); and (3) amount of punitive damages (if necessary). Defendants contend that bifurcation into three phases will promote efficient judicial administration, promote convenience of all parties, jurors, and the Court, reduce prejudice, and reduce the risk of juror confusion. Specifically, Defendants contend that deciding the issues in phase one of trial, including liability and entitlement to punitive damages, can and will likely eliminate the need for the remaining two phases of trial regarding the amount of compensatory and punitive damages, thereby promoting judicial efficiency and convenience of witnesses and jurors. Moreover, bifurcation into the three phases will eliminate possible prejudice to the parties and confusion of the issues by jurors by allowing jurors to focus on determining whether any liability exists before

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4918-3515-3524 v2

14

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

deciding the amount of damages, if any.

## IV.   **JURY TRIAL**

Pursuant to Local Rule 16-4.4, Defendants assert that Defendants have timely demanded a jury trial. Further, all claims listed above in Section II., *supra*, are triable by a jury. See U.S. Const. Amend. VII. ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.") Defendants estimate that trial will last four (4) days.

Dated:  October 24, 2025                BURKE, WILLIAMS & SORENSEN, LLP


By: _____ */s/ Nathan A. Oyster*_____
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants
PAUL SEGURA, MARK
GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON
ZUHLKE

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4918-3515-3524 v2

15

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW