Dan Stormer, Esq. [S.B. # 101967]
Rebecca Brown, Esq. [S.B. #336638]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile:  (626) 577-7079
Emails: dstormer@hadellstormer.com
        rbrown@hadsellstormer.com

Olu K. Orange, Esq. (SBN 213653)
ORANGE LAW OFFICES
3435 Wilshire Blvd, # 2910
Los Angeles, CA 90010
Tel: (213) 736-9900
orangelawoffices@att.net

Attorneys for Plaintiff
JOLIE SAVAGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WHITTIER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10.<br><br>Defendants. | Case No.: 21-cv-08067-MWC-PD<br><br>[Assigned to the Honorable Michelle Williams Court - Department 6A]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO LIMIT ARGUMENT RE. VIOLATIONS OF LAW OUTSIDE OF PROBABLE CAUSE ANALYSIS**<br><br><u>Hearing on Motions *in Limine*</u>:<br>Date:        November 21, 2025<br>Time:        1:30 p.m.<br>Courtroom:  6A<br><br>Complaint filed:    October 10, 2021<br>Trial:              December 8, 2025 |

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTSIDE
OF PROBABLE CAUSE ANALYSIS

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 21, 2025, or as soon thereafter as the matter may be heard, Plaintiff Jolie Savage through her counsel of record will and hereby do move for an Order to limit argument regarding violations of law outside of the probable cause analysis.

This motion is based on the Federal Rules of Civil Procedure, the United States and California Constitutions, the instant Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Plaintiff's counsel, the pleadings on file herein, and on whatever other additional evidence is adduced at the hearing on the motion.

This motion follows a meet and confer with opposing counsel pursuant to Local Rule 7-3.

Dated: October 24, 2025                    Respectfully Submitted,

                                           HADSELL STORMER RENICK & DAI LLP


                                           By: ___/s/  Rebecca Brown_____
                                                  Dan Stormer
                                                  Rebecca Brown
                                           Attorneys for Plaintiff

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE            -1-
OF PROBABLE CAUSE ANALYSIS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

By her Motion *in Limine* No. 2, Plaintiff Jolie Savage asks this Court to issue an order excluding any evidence, testimony, argument, and comments in opening statements regarding violation of law outside of the probable cause analysis, including any evidence, testimony, and argument regarding VC 21950, VC 21954(a), PC 404, PC 148(a)(1), PC 240, PC 242, and VC 2800 and regarding Defendants booking Plaintiff into custody because she would violate the law again if released. Throughout the course of this litigation, Defendants have repeatedly attempted to portray Ms. Savage as a reckless and violent criminal by claiming that when they violently arrested her, she was in violation of a litany of penal code and vehicle code sections, the vast majority of which are entirely inapplicable, even when taking Defendants' factual assertions as true. *See, e.g.*, Dkt. 82 at 18:9-12, 19:8-14, 22:28-23:7, 30:21-23; App. Dkt. 18 at 17-21, 36. Defendants also rely on these allegations to justify their decision to book Ms. Savage into custody and hold her in jail overnight, rather than citing and releasing her, pursuant to PC 853.6. *See* Cal. Pen. Code § 853.6.

Defendants' tactics continue now as trial approaches, as Defendants served Plaintiff with eight proposed jury instructions on different penal and vehicle sections. Declaration of Rebecca Brown ("Brown Dec.") at ¶ 25. VC 21950, VC 21954(a), PC 404, PC 148(a)(1), PC 240, PC 242, and VC 2800, all of which Defendants crafted specific jury instructions about, are irrelevant to the probable cause analysis and are highly prejudicial. Therefore, all evidence, testimony, and argument regarding these code sections should be excluded. Furthermore, argument that Defendants booked Plaintiff into custody because she would violate the law again if released because she did prior to her arrest, should be excluded pursuant to FRE 403 and 404 because it is highly prejudicial and is improper character evidence.

## II. RELEVANT FACTUAL BACKGROUND

On the evening that Defendants violently arrested Ms. Savage as she peacefully

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE          -1-
OF PROBABLE CAUSE ANALYSIS

protested, Whittier Police Department ("WPD") closed down the street to regular vehicular traffic for a car caravan of pro-police demonstrators. Brown Dec. Ex. 1 at ¶9. Pedestrians were allowed to walk through the street, including between cars, freely. Brown Dec. Ex. 2 at 55:3-9. WPD was not enforcing traffic laws. Brown Dec. Ex. 5 at 1:02-3:00, 11:07-11:47; Ex. 6 at 1:45-2:14, 3:44-4:56. The protesters were allowed to walk in the street with the cars. Brown Dec. Ex. 4 at 0:00-6:26.

During the protest, Ms. Savage stood in front of two cars. The two cars, as well as the other cars in the pro-police caravan, drove at an extremely slow speed and frequently stopped for long periods of time. Brown Dec. Ex. 4 at 4:24-6:26; Ex. 5 at 9:48-11:47. Officer Roberts, who observed the incident from the roof of the police station, testified that he did not have any safety concerns regarding Ms. Savage. Brown Dec. Ex. 7 at 28:22-25.

After Ms. Savage moved away from the cars, Defendant Przybyl ordered that Ms. Savage be arrested. Brown Dec. Ex. 10 at 21:6-7; Ex. 8 at 43:9-17; Ex. 12 at 90:24-92:12. Defendant Segura then instructed Defendants Draper and Goodman to arrest Ms. Savage. Brown Dec. Ex. 8 at 43:9-17; Ex. 12 at 90:24-92:12, 53:21-54:6; Ex. 4 7:49-54; Ex. 13. Defendants used highly aggressive tactics to effectuate the arrest of Ms. Savage, including: intentionally approached Ms. Savage by surprise; grabbing her by her arms and dragging her; pushing her to the ground; restraining her arms and wrists; smashing Ms. Savage's face into the ground; pushing a knee into her back, causing her to struggle to breathe; and handcuffing her so tightly that it caused her arm to bleed. Brown Dec. Ex. 8 at 43:9-17; Ex. 12 at 90:24-92:12, 53:21-54:6, 66:3-13, 59:25-60:3; Ex. 4 7:49-8:00; Ex. 13; Ex. 3 at 88:19-25, 90:22-24, 79:11-21, 99:5-12, 107:10-22.

Defendant Draper testified that he booked Ms. Savage into custody after he arrested her, instead of giving her a citation and releasing her, because he thought that she was going to violate the law again if released. Brown Dec. Ex. 12 at 83:13-16. When asked why he believed she would engage in that behavior again, Defendant Draper admitted that he did even not know what offense he had arrested her for, but

claimed that he "had no reason to believe that . . . she didn't violate the Penal Code in some way." Brown Dec. Ex. 12 at 84:22-85:4, 83:13-20.

Ms. Savage never engaged in violence or threaten to. Brown Dec. Ex. 8 at 40:12-23; Ex. 9 at 16:16-23; Ex. 2 at 19:21-24; Ex. 4 at 0:00-6:26. She was not armed, no violent crime had just occurred, and no facts suggest that a violent crime was about to occur. Brown Dec. Ex. 4 at 0:00-6:26; Ex. 14. Ms. Savage did not refuse to comply with an order from a police officer or take any action to obstruct or delay a police officer. Brown Dec. Ex. 10 at 22:3-6, 23:14-22; Ex. 8 at 40:12-23; Ex. 9 at 16:16-17:8; Ex. 2 at 19:21-24; Ex. 4 at 0:00-6:26. No officer even ordered Ms. Savage to not stand in front of a car. Brown Dec. Ex. 10 at 22:3-6, 23:14-22; Ex. 9 at 16:16-17:8. Likewise, no officer ever issued a dispersal order. Brown Dec. Ex. 10 at 19:3-11; Ex. 2 at 54:10-17; Ex. 3 at 133:19-21.

Throughout the course of this litigation, Defendants have repeatedly attempted to portray Ms. Savage as a reckless and violent criminal by claiming that when they violently arrested her, she was in violation of a litany of penal code and vehicle code sections, the vast majority of which are entirely inapplicable, even when taking Defendants' factual assertions as true. *See, e.g.*, Dkt. 82 at 18:9-12, 19:8-14, 22:28-23:7, 30:21-23; App. Dkt. 18 at 17-21, 36. Defendants' tactics continue now as trial approaches, as Defendants served Plaintiff with eight proposed jury instructions on different penal and vehicle sections. Brown Dec. at ¶ 25.

## III.  EVIDENCE THAT PLAINTIFF SEEKS TO EXCLUDE

Plaintiff seeks to exclude all evidence, testimony, and argument regarding VC 21950, VC 21954(a), PC 404, PC 148(a)(1), PC 240, PC 242, and VC 2800 and regarding Defendants booking Plaintiff into custody because she would violate the law again if released. Accordingly, Plaintiff seeks to exclude the following documents which reference alleged violations by Plaintiff of the above listed penal and vehicle code sections: 1. Misdemeanor Complaint (Brown Dec. Ex. 15, SAVAGE 176-77); 2. Notice to Appear (Brown Dec. Ex. 16 SAVAGE 179; Ex. 17 CITY 58); 3.

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE              -3-
OF PROBABLE CAUSE ANALYSIS

Supplemental Narratives (Brown Dec. Ex. 18 SAVAGE 178, 182-88; Ex. 19 CITY 3-10); and 4. Arrest Records (Brown Dec. Ex. 20 SAVAGE 180, 189, 191-97; Ex. 21 CITY 1-2, 35-44, 52).

### III.    ARGUMENT

**A. The Court Should Exclude Evidence, Testimony, and Argument Regarding VC 21950, VC 21954(a), PC 404, PC 148(a)(1), PC 240, PC 242, and VC 2800**

**a.  VC 21950 and VC 21954(a) Are Irrelevant**

Irrelevant evidence is not admissible at trial. Fed. R. Evid. 402. Evidence is considered irrelevant if it (a) does not have any tendency to make a fact more or less probable than it would be without the evidence; or (b) the fact is not of consequence in determining the action. Fed. R. Evid. 401. "A fact is of consequence to the determination of the action if it tends to prove a fact in issue." *Duboise v. Brauer*, 213 F.3d 641 (9th Cir. 2000). Deciding whether a fact is of consequence in determining the action requires consideration of the substantive issues within the case. *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). A fact is relevant if it assists in proving a material fact in issue. *US. v. Kallin*, 50 F.3d 689, 696 (9th Cir. 1995).

The relevant portion of VC 21950 imposes a duty on pedestrians to use due care and states "[n]o pedestrian may suddenly leave a curb or other place of safety and walk or run into the path of a vehicle that is so close as to constitute an immediate hazard." Cal. Veh. Code § 21950(b). VC 21954(a) states "every pedestrian upon a roadway . . . shall yield the right-of-way to all vehicles on the highway so near as to constitute an immediate hazard." Cal. Veh. Code § 21954(a). VC 21950 and VC 21952(a) are irrelevant because they do not apply to this case.

VC 21950 does not apply because it is instead intended to regulate the regular flow of traffic. *See Spann v. Ballesty*, 276 Cal.App.2d 754, 761 (1969) ("the statute was intended to apply to those situations where a pedestrian unexpectedly asserts his right-of-way in an intersection at a time when the vehicle is so close that it is virtually impossible to avoid an accident"); *United States v. Pennington*, No. 21-50193, 2022 U.S. App. LEXIS 18598, at *3–4 (9th Cir. July 6, 2022) (finding that a pedestrian

walking in the street towards a car does not establish reasonable suspicion for section 21950(b)). At the time that Ms. Savage stood in front of two cars, WPD officers had closed down the street to regular vehicular traffic to allow for a car caravan. Brown Dec. Ex. 1 at ¶9. Pedestrians were allowed to walk through the street, including between cars, freely. Brown Dec. Ex. 2 at 55:3-9. The two cars Ms. Savage stood in front of, as well as the other cars in the pro-police caravan, drove at an extremely slow speed and frequently stopped for long periods of time. Brown Dec. Ex. 4 at 4:24-6:26; Ex. 5 at 9:48-11:47. Further, it was clear that WPD was not enforcing traffic laws that are commonly used to regulate the safe flow of both vehicular and pedestrian traffic. Brown Dec. Ex. 5 at 1:02-3:00, 11:07-11:47; Ex. 6 at 1:45-2:14, 3:44-4:56. VC 21950(b) is inapplicable in this circumstance.

Similarly, the circumstances and conditions of the road must be considered when determining if there is probable cause for VC 21954(a). *See People v. Ramirez*, 140 Cal. App. 4th 849, 852 (Cal. Dist. Ct. App. 2006) (concluding that there was no probable cause to stop the plaintiff for a violation of § 21954 due to the circumstances and conditions of the road at the time of the alleged offense and stating "[t]he fact that [the plaintiff] was not in a crosswalk while a car was on the roadway does not mean he was crossing in violation"). Here, as described above, the circumstances and conditions of the road were unique as WPD closed the street to regular vehicular traffic while participants of the caravan drove at a slow pace down the street. Brown Dec. Ex. 1 at ¶9; Brown Dec. Ex. 4 at 4:24-6:26; Ex. 5 at 9:48-11:47. VC 21954(a) is likewise inapplicable.

Both statutes are also inapplicable because at no point did Ms. Savage step in front of a vehicle to constitute an immediate hazard. *See* Brown Dec. Ex. 7 at 28:22-25. Both cars that Ms. Savage stood in front of traveled at a very low speed and came to a stop as Ms. Savage walked towards the car. Brown Dec. Ex. 4 at 4:24-5:32; 5:54-6:26. Ms. Savage did not create a situation where "so close that it was "virtually impossible to avoid an accident." *Spann*, 276 Cal.App.2d at 761; *see also Pennington*, 2022 U.S.

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE                    -5-
OF PROBABLE CAUSE ANALYSIS

App. LEXIS 18598 at *3–4. In addition, they do not apply because Ms. Savage did not "suddenly leave a curb or other place of safety" when she stepped in front of the two cars. Cal. Veh. Code § 21950(b); Book of Approved Jury Instructions, No. 5.53 (2003); Brown Dec. Ex. 4 at 4:24-6:26. Accordingly, there is no basis in the record from which a jury could conclude that there existed probable cause or even reasonable suspicion that Ms. Savage violated VC 21950 or VC 21954(a).[1] Consequently, any evidence, testimony, and argument regarding these Vehicle Code sections is irrelevant.

### b. PC 404 is Irrelevant

Penal Code section 404 criminalizes rioting. The central inquiry in establishing probable cause to arrest for a violation of section 404 is the use or threat of violence. *See e.g., People v. Bundte*, 87 Cal.App.2d 735, 746 (1948) (finding that picketers disturbed the peace in violation of section 404 by "the concerted use of force and violence" when they gathered together to hurl rocks at non-union members); Judicial Council of California Criminal Jury Instructions (April 2025) No. 2683 ("A riot occurs when two or more people, acting together and without legal authority, disturb the public peace by using force or violence or by threatening to use force or violence with the immediate ability to carry out those threats"). At no point during the protest did Ms. Savage engage in violence or threaten to use force or violence. Brown Dec. Ex. 8 at 40:12-23; Ex. 9 at 16:16-23; Ex. 2 at 19:21-24; Ex. 4 at 0:00-6:26. Accordingly, there is no basis in the record from which a jury could conclude that there existed probable cause or reasonable suspicion that Ms. Savage violated PC 404, therefore evidence, testimony, and argument regarding this Penal Code section is irrelevant.

### c. PC 148(a)(1) and VC 2800 Are Irrelevant

Vehicle Code section 2800 prohibits "willfully fail(ing) or refus(ing) to comply with a lawful order" of a police officer. Similarly, Penal Code section 148(a)(1)

---

[1] Any argument that Defendants believed in good faith that they had a basis to arrest Ms. Savage for violating VC 21950 or VC 21954(a) does not render these two Vehicle Code statutes relevant because "a police officer's mistake of law cannot support probable cause." United States v. McDonald, 453 F.3d 958, 961 (9th Cir. 2006).

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE                    -6-
OF PROBABLE CAUSE ANALYSIS

prohibits "willfully resist(ing), delay(ing), or obstruct(ing)" a police officer in discharge of his duties. PC 148(a)(1) and VC 2800 are irrelevant because they do not apply here.

Nowhere in the record does it appear that prior to being apprehended by Defendants Goodman and Draper, Ms. Savage failed to comply with an order from a police officer or took any action to obstruct or delay a police officer. Brown Dec. Ex. 10 at 22:3-6, 23:14-22; 40:12-23; Ex. 9 at 16:16-17:8; Ex. 2 at 19:21-24; Ex. 4 at 0:00-6:26. No officer even ordered Ms. Savage to not stand in front of a car. Brown Dec. Ex. 10 at 22:3-6, 23:14-22; Ex. 9 at 16:16-17:8. Likewise, no officer ever issued a dispersal order. Brown Dec. Ex. 10 at 19:3-11; Ex. 2 at 54:10-17; Ex. 3 at 133:19-21. Accordingly, there is no evidence in the record from which a jury could conclude that there existed probable cause that Ms. Savage obstructed or delayed a police officer before Defendants grabbed her, PC 148(a)(1) and VC 2800 do not apply and are irrelevant.

Any argument that alleged violations of these statutes occurred Defendants Goodman and Draper grabbed Ms. Savage establishing probable cause fails. "Arresting officers have probable cause if, *at the moment of arrest,* 'the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) had committed or was committing an offense.'" *U.S. v. Martin*, 509 F.2d 1211, 1213 (9th Cir. 1975), quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (emphasis added).

Any argument that when Defendants first apprehended Ms. Savage, they only detained her also fails. According to Defendants' own testimony, Defendant Segura instructed Defendants Goodman and Draper to "go across the skirmish line and pull her to this side of the skirmish line so we can effect an arrest." Brown Dec. Ex. 9 at 17:25-18:7; *see also* Brown Dec. Ex. 10 at 21:6-7; Ex. 8 at 43:9-17; Ex. 12 at 49:3-14, 90:24-92:12, 53:21-54:6; Ex. 4 at 7:49-54; Ex. 13.

Furthermore, the record demonstrates that Defendants clearly placed Ms. Savage under *de facto* arrest. *See Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996)

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE          -7-
OF PROBABLE CAUSE ANALYSIS

(When determining when a seizure is an arrest, rather than a detention, the court considers "both the intrusiveness of the stop, i.e., the aggressiveness of the police methods and how much the plaintiff's liberty was restricted . . . and the justification for the use of such tactics."). Here, as described above, Defendants Draper and Goodman used highly aggressive tactics to effectuate the arrest of Ms. Savage. *See* Brown Dec. Ex. 8 at 43:9-17; Ex. 12 at 90:24-92:12, 53:21-54:6, 66:3-13, 59:25-26:3; Ex. 4 7:49-8:00; Ex. 13; Ex. 3 at 88:19-25, 90:22-24, 79:11-21, 99:5-12, 107:10-22. None of the extreme circumstances that would justify such severe tactics as set forth in *Washington* apply: Ms. Savage did not disobey any orders from any officer, engage in violence, or threaten to engage in violence; no facts suggest that she would attempt to flee; she was not armed; no violent crime had just occurred; and no facts suggested that a violent crime was about to occur. Brown Dec. Ex. 10 at 22:3-6, 23:14-22; Ex. 8 at 40:12-23; Ex. 9 at 16:16-17:8; Ex. 2 at 19:21-24; Ex. 4 at 0:00-6:26; Ex. 14; *see Washington*, 98 F.3d at 1189.

### d. PC 240 and PC 242 Are Irrelevant

Penal Code section 240 criminalizes assault and section 242 criminalizes battery. At no point prior to her apprehension did Ms. Savage engage in violence or threaten to use force or violence. Brown Dec. Ex. 8 at 40:12-23; Ex. 9 at 16:16-23; Ex. 2 at 19:21-24; Ex. 4 at 0:00-6:26. Therefore, PC 240 and PC 242 are inapplicable to the incident and thereby irrelevant.[2] As discussed above, any argument by Defendants that these statutes are relevant because probable cause for them arose after Defendants first grabbed Ms. Savage fails.

### e. VC 21950, VC 21954(a), PC 148(a)(1), PC 240, PC 242, and VC 2800 Are Inadmissible Under FRE 403

Even if the Court were to find any minimal relevance in evidence, testimony, or argument regarding VC 21950, VC 21954(a), PC 148(a)(1), PC 240, PC 242, or VC

---

[2] To the extent that Defendants intend to imply that probable cause existed to arrest Ms. Savage for battery and assault because she purportedly pushed a police officer, this argument fails. See Plaintiff's Motion *in Limine* No. 1.

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE                    -8-
OF PROBABLE CAUSE ANALYSIS

2800 such evidence, testimony, and argument should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *United States v. Sua*, 307 F.3d 1150, 1153 (9th Cir. 2002) (upholding the trial court's exclusion of evidence that would mislead the jury); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996) (upholding the exclusion of unfairly prejudicial evidence). "Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. US.*, 519 U.S. 172, 180 (1997).

Presenting the jury with a laundry list of irrelevant criminal offenses presents a high risk of unfair prejudice of leading the jury to the emotionally driven conclusion that Ms. Savage is a violent, reckless, and dangerous individual with no regard for the law and therefore Defendants' arrest and uses of force on her were justified. *See United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987) ("Prejudice will always arise upon the admission of evidence of a defendant's criminal conduct."); *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982).

Furthermore, evidence or discussion of VC 21950, VC 21954(a), PC 148(a)(1), PC 240, PC 242, or VC 2800 will also waste time litigating legal and factual questions that are inapplicable to this case. This will inevitably lead to mini-trials where Ms. Savage will be forced to litigate each of these offenses. The jury will be confused, distracted, and misled by considering this additional and irrelevant information. FRE 403 clearly prohibits the admission of this evidence.

### f. Evidence and Argument that Defendants Booked Plaintiff into Custody Because They Believed She Would Violate the Law Again If Released Is Inadmissible Under FRE 403 and 404

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(a)(1). "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE                    -9-
OF PROBABLE CAUSE ANALYSIS

question of what actually happened on the particular occasion." Fed. R. Evid. 404, Commentary; *Huddleston v. U.S.*, 485 U.S. 681, 685 (1988) (noting that the rule "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character"). "[E]vidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *U.S. v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). When the propensity of the evidence [is] to prove only criminal disposition," the probative value of prior criminal acts is outweighed by unfair prejudice." *Id.* at 1285.

Defendant Draper testified that he booked Ms. Savage into custody after he arrested her instead of giving her a citation and releasing her because he thought that she was going to violate the law again if released. Brown Dec. Ex. 12 at 83:13-16. When asked why he believed she would engage in that behavior again, Defendant Draper testified that although he did not know what offense he had arrested her for, he "had no reason to believe that . . . she didn't violate the Penal Code in some way." Brown Dec. Ex. 12 at 84:22-85:4, 83:13-20. Any argument by Defendants that they had to book Ms. Savage into custody rather than release her because they were concerned that she was going to "violate the same law" is exactly the type of evidence and argument that FRE 404 is designed to exclude. Brown Dec. Ex. 12 at 83:13-16. The objective of this argument is to portray Ms. Savage to the jury as a dangerous, violent criminal who will reoffend if given the opportunity. This is purely prejudicial character evidence. Per FRE 403 and 404, the Court should exclude argument that Defendants booked Plaintiff into custody because she would violate the law again if released.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff requests that the Court grant this Motion *in Limine*.

Dated: October 24, 2025

Respectfully Submitted,

HADSELL STORMER RENICK & DAI LLP

By: /s/Rebecca Brown

Rebecca Brown
Attorney for Plaintiff

PLTFS' MIL #2 TO LIMIT ARGUMENT
RE VIOLATIONS OF LAW OUTISDE
OF PROBABLE CAUSE ANALYSIS

-10-