Dan Stormer, Esq. [S.B. # 101967]
Rebecca Brown, Esq. [S.B. #336638]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadellstormer.com
         rbrown@hadsellstormer.com

Olu K. Orange, Esq. (SBN 213653)
ORANGE LAW OFFICES
3435 Wilshire Blvd, # 2910
Los Angeles, CA 90010
Tel: (213) 736-9900
orangelawoffices@att.net

Attorneys for Plaintiff
JOLIE SAVAGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WHITTIER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10.<br><br>Defendants. | Case No.: 21-cv-08067-MWC-PD<br><br>[Assigned to the Honorable Michelle Williams Court - Department 6A]<br><br>**DECLARATION OF REBECCA BROWN AND EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 2 TO LIMIT ARGUMENT RE. VIOLATIONS OF LAW OUTSIDE OF PROBABLE CAUSE ANALYSIS**<br><br><u>Hearing on Motions *in Limine*</u>:<br>Date:    November 21, 2025<br>Time:    1:30 p.m.<br>Courtroom: 6A<br><br>Complaint filed:   October 10, 2021<br>Trial:         December 8, 2025 |

## DECLARATION OF REBECCA BROWN

I, Rebecca Brown hereby declare and say:

1.      I am an attorney at the law firm of Hadsell Stormer Renick & Dai LLP.  I am an attorney licensed to practice law in California and before this Court, and am counsel of record for Plaintiff in this action. The information contained herein is based on my personal knowledge, or upon review of files and documents generated or received and regularly maintained by my office in connection with this case. If called upon, I could testify in a court of law to the accuracy of the matters set forth herein.

2.      I submit this declaration in support of Plaintiffs' Motion in Limine No. 2 to Limit Argument re. Violations of Law Outside of Probable Cause Analysis.

3.      On October 17, 2025, the Parties met and conferred pursuant to Local Rule 7-3 regarding this Motion.

4.      Attached hereto as Exhibit 1 is a true and correct copy of Defendant Przybyl's Declaration filed in support of Defendants' Motion for Summary Judgment (Dkt. 82-8).

5.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the transcript of the deposition of Quincillie Savage, taken on February 1, 2023.

6.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the transcript of the deposition of Plaintiff, taken on May 11, 2022.

7.      Attached hereto as Exhibit 4 is a true and correct copy of video footage of the protest, produced in the course of discovery as CITY 409 (MTS 00006).

8.      Attached hereto as Exhibit 5 is a true and correct copy of video footage of the protest, produced in the course of discovery as CITY 409 (MTS 00004).

9.      Attached hereto as Exhibit 6 is a true and correct copy of video footage of the protest, produced in the course of discovery as CITY 409 ([MTS 00005).

10.      Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the transcript of the deposition of Jeffrey Roberts, taken on March 6, 2023.

11.      Attached hereto as Exhibit 8 is a true and correct copy of excerpts of the

transcript of the deposition of Paul Segura, taken on February 28, 2023.

12. Attached hereto as Exhibit 9 is a true and correct copy of excerpts of the transcript of the deposition of Mark Goodman, taken on March 2, 2023.

13. Attached hereto as Exhibit 10 is a true and correct copy of excerpts of the transcript of the deposition of Michael Przybyl, taken on February 28, 2023.

14. Attached hereto as Exhibit 12 is a true and correct copy of excerpts of the transcript of the deposition of John Draper, taken on June 7, 2022.

15. Attached hereto as Exhibit 13 is a true and correct copy of a video of the incident, produced in course of discovery as IMG_6444.MOV.

16. Attached hereto as Exhibit 14 is a true and correct copy of a video of the incident, produced in the course of discovery as CITY 75.

17. Attached hereto as Exhibit 15 is a true and correct copy of the misdemeanor complaint, produced in the course of discovery as SAVAGE 176-77.

18. Attached hereto as Exhibit 16 is a true and correct copy of the Notice to Appear, produced in the course of discovery as SAVAGE 179.

19. Attached hereto as Exhibit 17 is a true and correct copy of the Notice to Appear, produced in the course of discovery as CITY 58.

20. Attached hereto as Exhibit 18 is a true and correct copy of Police Reports of Whittier Police Department Officers, produced in the course of discovery as SAVAGE 178, 182-88.

21. Attached hereto as Exhibit 19 is a true and correct copy of Police Reports of Whittier Police Department Officers, produced in the course of discovery as CITY 3-10.

22. Attached hereto as Exhibit 20 is a true and correct copy of documentation regarding the arrest and booking Plaintiff, produced in the course of discovery as SAVAGE 180, 189, 191-97.

23. Attached hereto as Exhibit 21 is a true and correct copy of documentation regarding the arrest and booking Plaintiff, produced in the course of discovery as CITY 1-2, 35-44, 52.

24.    Defendants served Plaintiff with eight proposed jury instructions on different penal and vehicle sections, including VC 21950, VC 21954(a), PC 404, PC 148(a)(1), PC 240, PC 242, and VC 2800.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 24th day of October 2025, in Pasadena, California.

            /s/    Rebecca Brown
                  Rebecca Brown

DECL OF BROWN ISO PLTFS' MIL #2 TO LIMIT
ARGUMENT RE VIOLATIONS OF LAW OUTSIDE        -3-
OF PROBABLE CAUSE ANALYSIS

# INDEX

| Exhibit | Description |
|---|---|
| 1 | Defendant Przybyl's Declaration filed in support of Defendants' Motion for Summary Judgment (Dkt. 82-8) |
| 2 | Excerpts of the transcript of the deposition of Quincillie Savage, taken on February 1, 2023 |
| 3 | Excerpts of the transcript of the deposition of Plaintiff, taken on May 11, 2022 |
| 4 | Video footage of the protest, produced in the course of discovery as CITY 409 (MTS 00006) |
| 5 | Video footage of the protest, produced in the course of discovery as CITY 409 (MTS 00004) |
| 6 | Video footage of the protest, produced in the course of discovery as CITY 409 ([MTS 00005) |
| 7 | Excerpts of the transcript of the deposition of Jeffrey Roberts, taken on March 6, 2023 |
| 8 | Excerpts of the transcript of the deposition of Paul Segura, taken on February 28, 2023 |
| 9 | Excerpts of the transcript of the deposition of Mark Goodman, taken on March 2, 2023 |
| 10 | Excerpts of the transcript of the deposition of Michael Przybyl, taken on February 28, 2023 |
| 12 | Excerpts of the transcript of the deposition of John Draper, taken on June 7, 2022 |
| 13 | Video of the incident, produced in course of discovery as IMG_6444.MOV |
| 14 | Video of the incident, produced in the course of discovery as CITY 75 |
| 15 | Misdemeanor complaint, produced in the course of discovery as SAVAGE 176-77 |
| 16 | Notice to Appear, produced in the course of discovery as SAVAGE 179 |
| 17 | Notice to Appear, produced in the course of discovery as CITY 58 |
| 18 | Police Reports of Whittier Police Department Officers, produced in the course of discovery as SAVAGE 178, 182-88 |
| 19 | Police Reports of Whittier Police Department Officers, produced in the course of discovery as CITY 3-10 |
| 20 | Documentation regarding the arrest and booking Plaintiff, produced in the course of discovery as SAVAGE 180, 189, 191-97 |

| 21 | Documentation regarding the arrest and booking Plaintiff, produced in the course of discovery as CITY 1-2, 35-44, 52 |
|----|----|

Ex. 1

Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
John R. Horstmann (SBN 327129)
E-mail: jhorstmann@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
CITY OF WHITTIER, PAUL SEGURA, MARK
GOODMAN, JOHN DRAPER, MICHAEL
PRZYBYL, JASON ZUHLKE, and JEFFREY
ROBERT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 21-cv-08067-VAP-PD<br><br>**DECLARATION OF LIEUTENANT MICHAEL PRZYBYL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Virginia A. Phillips<br>Magistrate Judge: Patricia Donahue<br><br>*[Filed concurrently with Notice of Motion and Motion for Summary Judgment; Defendants' Statement Of Undisputed Facts; Declaration of Nathan A. Oyster, Officer John Draper, Lt. David Elizarraras, Officer Mark Goodman,, Sgt Kevin Ramos, Officer Jeffrey Robert, Sgt. Paul Segura, Sgt. Jason Zuhkle; Compendium of Exhibits; (Proposed) Judgment]*<br><br>Date:     August 14, 2023<br>Time:     11:00 AM<br>Ctrm:     6A |

## DECLARATION OF MICHAEL PRZYBYL

I, MICHAEL PRZYBYL, declare:

1.     I am a lieutenant with the Whittier Police Department and have worked for the Whittier Police Department for 28 years as a peace officer. I have personal knowledge of the facts stated herein, except those stated upon information and belief and, as to those matters, I believe them to be true. If called upon to testify to the matters stated in this declaration, I could and would competently do so.

2.     The subject incident occurred on July 28, 2020, at approximately 7:15 p.m. On the date of the incident, I was employed with the Whittier Police Department as a peace officer.

3.     The events leading up to the arrest of Plaintiff Jolie Savage ("Plaintiff") and the entire incident itself were recorded on video.

4.     On July 28, 2020, I was working at the Whittier Police Department observing a pro-police appreciation caravan and an anti-police protest that occurred at the Whittier Police Department as the operations commander.

5.     On July 28, 2020, there were two competing groups of people exercising their First Amendment rights in the City of Whittier with each group voicing their respective opinion regarding policing issues in the United States.

6.     The first group of people were exercising their First Amendment right to express their support for the Whittier Police Department and organized a vehicle caravan. The pro-police caravan consisted of vehicle occupants, who drove past the Whittier Police Department to express their support for Whittier Police Department personnel.

7.     The vehicle caravan's route was to travel from Penn Street, turn southbound on Washington Avenue in front of the Whittier Police Department located on Washington Avenue, and proceed to Mar Vista Street.

8.     The second group of people were exercising their First Amendment right to express an anti-police message as a counter demonstration in response to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4894-1242-0116 v1                    - 2 -                    21-CV-08067-VAP-PD
                                                      DECLARATION OF LT. PRYZYBYL ISO MSJ

the pro-police caravan. The anti-police protestors demonstrated on foot in the same areas that the pro-police caravan operated.

9. As the pro-police caravan and the anti-police protestors each voiced their respective points of view, the Whittier Police Department blocked some of the surrounding streets to other vehicular traffic to allow the pro-police caravan to proceed without interruption.

10. Similarly, the Whittier Police Department allowed the anti-police protestors to walk through these areas and voice their opinions, provided that the anti-police protestors were not blocking vehicular traffic. In Exhibit 2 to the Compendium of Exhibits, at the 2:10 – 4:17 minute mark on the video, the anti-police protesters are seen walking around the pro-police caravan near the sidewalk.

11. Plaintiff Jolie Savage was a participant in the anti-police protest, and Plaintiff was allowed to voice her First Amendment right to be critical of law enforcement personnel.

12. Attached as Exhibit 1 to the Compendium of Exhibits is a true and correct copy of the video footage recorded by photojournalist Keith Durflinger from the street level on Washington Avenue in front of the Whittier Police Station on July 28, 2020 prior to Plaintiff's arrest.

13. I have reviewed Exhibit 1.

14. Exhibit 1 to the Compendium of Exhibits accurately depicts the events that occurred on July 28, 2020.

15. In Exhibit 1, at the 0:05-0:09 second mark on the video, Plaintiff is seen blocking traffic from the pro-police caravan by standing in front of a white mini-van, wearing an orange floral pattern shirt and blue jeans.

16. Attached as Exhibit 2 to the Compendium of Exhibits is a true and correct copy of the video footage recorded from the rooftop of the Whittier Police Station on July 28, 2020, which depicts the events before and after Plaintiff's arrest.

17. I have reviewed Exhibit 2.

18.     Exhibit 2 to the Compendium of Exhibits accurately depicts the events that occurred on July 28, 2020.

19.     In Exhibit 2, at the 4:26 – 6:37 mark of the video, Plaintiff can again be identified as the person blocking traffic from the pro-police caravan by standing in front of a white mini-van wearing an orange floral pattern shirt, and blue jeans.

20.     During the protest and pro-police car caravan, I observed Plaintiff repeatedly standing in front of multiple vehicles who were participating in the police appreciation caravan and blocking traffic.

21.     I observed Plaintiff standing in the street blocking traffic, pounded her hands on the hood of a vehicle, and then approached the driver's side of the vehicle to lean into the vehicle to yell at the driver.

22.     Based on this information and my knowledge, training, and experience as a peace officer, I knew Plaintiff's actions were a violation of California Penal Code section 647(c) because Plaintiff was blocking traffic. A violation of California Penal Code section 647(c) is a misdemeanor.

23.     Thereafter, I instructed Sergeant Paul Segura to place Plaintiff under arrest.

24.     Thereafter, Sergeant Segura ordered Officers Mark Goodman and John Draper to arrest Plaintiff Jolie Savage.

25.     Plaintiff's race and gender did not influence my decision to order to Sergeant Segura to place Plaintiff under arrest.

26.     I am informed and believe that Plaintiff contends that officers from the Whittier Police Department used unreasonable force against and arrested her without a lawful basis on July 28, 2020.

27.     I had no physical contact with Plaintiff at any time during the subject incident on July 28, 2020. I did not use any type of force against Plaintiff because I did not participate in her arrest.

28.     I am informed and believe that Plaintiff contends that officers from the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4894-1242-0116 v1                    - 4 -                    21-CV-08067-VAP-PD
DECLARATION OF LT. PRYZYBYL ISO MSJ

Whittier Police Department did not receive adequate training on the subjects relevant to this case. As a component of my training as a peace officer with the Whittier Police Department, I was trained on the Whittier Police Department's policy on First Amendment Assemblies.

29. As a component of my training as a peace officer with the Whittier Police Department, I was trained on the Whittier Police Department's policy prohibiting Bias-Based Policing.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 5, 2023 at Whittier, California

MICHAEL PRZYBYL

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4894-1242-0116 v1

- 5 -

21-CV-08067-VAP-PD
DECLARATION OF LT. PRYZYBYL ISO MSJ

Ex. 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | )CASE NO. |
| | )21-cv-08067-VAP-PD |
| CITY OF WHITTIER, JEFF PIPER, | ) |
| PAUL SEGURA, MARK GOODMAN, | ) |
| JOHN DRAPER, MICHAEL PRZYBYL, | ) |
| JASON ZUHLKE, JEFFREY ROBERT, | ) |
| AND DOES 1 THROUGH 10, | ) |
| | ) |
| Defendant(s) | ) |
| | ) |
| _____ | ) |

ZOOM VIDEOCONFERENCE DEPOSITION OF

QUINCELLIE SAVAGE

TAKEN ON

WEDNESDAY, FEBRUARY 1, 2023

NANCY L. CARNOCHAN, CSR NO. 9228

then there was cars threatening to hit us and then she was just telling something like well, hit me then.

Q    And do you recall if anyone was standing in front of the car with Mrs. Savage before she was arrested?

A    I think maybe a couple more of our co-organizers, a few of them.  Like she was -- we were rarely alone.  Like we were all pretty much always in a group, you know.

Q    A second ago you mentioned your sister was arrested.  Do you recall seeing the first time the police officers first grabbed your sister before her arrest?

A    The initial grab, no.  I was walking up Washington.  I think I was maybe a little bit past the police station, and then I just heard like a lot of commotion and then I heard her screaming.  And that's when I turned back and I walked down, and then I saw her get pulled to the ground.

Q    Okay.  All right.  So let's break that down.  So before your sister was arrested, did you see her push any police officers?

A    No.

Q    Okay.  Before your sister was

19

Q      So at the time she was arrested, to your knowledge she was not interacting with any police officers?

A      Yeah.

Q      And when you say walking away, do you mean she was walking away from police officers?

A      Yeah, like from what I saw, it just looked like she was trying to walk out of their way or walk back into the street, you know.  Yeah.

Q      And at any time did you hear any police officers make an announcement to the crowd that they needed to disperse?

A      No.

Q      At any time did you hear police officers make any kind of announcement that there was an unlawful assembly?

A      No.

Q      And during the protest, were there other people besides your sister who were walking, you know, through the street?

A      Everybody.

Q      And were other protestors walking in between the cars in the streets?

A      Everybody.

Q      Were other protestors standing in

54

front of cars?

A     Yes.

Q     Were pro police attendees walking in the street as well?

A     Yes.

Q     So is it accurate to say, from what you saw and understood, on the pro police side you had people in cars on motorcycles and on foot?

A     Yes.

Q     Okay.  And they were all in that crowd together?

A     Yes.

Q     And you mentioned, you know, right when your sister was arrested, there was sort of a barricade of police officers, correct?

A     Yes.

Q     And you said that they were pushing people away?

A     Yes, because like other people in our organization were trying to push through to like get -- to make sure that my sister was okay.  And they were like pushing the officers and like almost like full on hitting them.  And they just kept on like pushing them away like -- like with their -- what is that?  Their shields?  They were just like

55

REPORTER'S CERTIFICATE

I, NANCY L. CARNOCHAN, Certified Shorthand Reporter for the State of California, hereby certify:

THAT the witness in the foregoing videoconference deposition was duly sworn by me to testify to the truth, the whole truth, and nothing but the truth;

THAT said deposition was written by me in stenotype and was thereafter reduced to printed matter under my direction and supervision;

THAT the foregoing transcript is a true record of the testimony given by the witness and of all objections made at the time of the examination, to the best of my ability.

I FURTHER CERTIFY that I am in no way interested in the outcome of said action.

IN WITNESS WHEREOF, I have hereunto subscribed my hand this 19TH day of FEBRUARY, 2023.

*Nancy Carnochan*
_____

NANCY L. CARNOCHAN
Certified Shorthand Reporter
Certificate No. 9228

66

Ex. 3

# In the Matter Of:

## JOLIE SAVAGE vs CITY OF WHITTIER

## JOLIE SAVAGE

*May 11, 2022*

**NORMAN SCHALL & ASSOCIATES**
CERTIFIED SHORTHAND REPORTERS

1055 Wilshire Blvd., Suite 1503
Los Angeles, CA 90017
(800) 734-8838
(213) 481-3636 Fax
e-mail: SchallDepo@aol.com
www.SchallCourtReporters.com

Orange County • Inland Empire • San Diego County • Ventura County • Temecula

record, then.

MS. ROGERS: Okay.

(Recess taken.)

BY MR. OYSTER:

Q. All right. Miss Savage, where were you standing when police officers from the Whittier Police Department grabbed you to arrest you?

A. On the street.

Q. I'm sorry?

A. On the street.

Q. And what happened next after you were grabbed by police officers?

A. I was pulled to the ground.

Q. And what happened after that?

A. Someone placed their hand over my mouth and nose, I was trying to breathe, they were stepping on my hair, I was on my back and felt one of the officers put his hand on my mouth and nose again, so I tried to bite them. He used his forearm and bashed my face into the ground, put me over on my back, and I felt a knee in my back and neck.

I was handcuffed and they stood me up and my glasses were -- had fallen off my face and I said that I couldn't see, an officer laughed and said, "you can't breathe?"

Q. And why is that?

A. I don't know why I'm being grabbed.

Q. Did you -- strike that.

At some point did the police officers walk you in the direction of a line of other police officers?

A. Can you rephrase the question?

Q. Sure. After the police officers made physical contact with you, did they say anything to you?

A. Not that I remember.

Q. Can you describe the physical appearance of the officers that made contact with you?

A. There was one that was older, short, portly, there was one that was taller, a little more tan.

Q. And at some point you were then on the ground on the street; is that correct?

A. Yes.

Q. I'm sorry, if you answered we couldn't hear.

A. I said "yes."

Q. Okay. Did you physically drop to the ground as police officers had ahold of your body?

A. No.

Q. How did you get to the ground?

A. From being pulled to the ground.

Q. Who pulled you to the ground?

A. They were holding my arms.

A.   Yes.

Q.   And I could not hear -- make out what your prior answer was before we took a break.

What is it that you were attempting to scream while you were still on your feet?

A.   I was screaming for my sister.

Q.   Okay.  Were you able to do that?

A.   Yes.

Q.   And do you recall anything else that you screamed while you were still on your feet?

A.   No.  My mouth was covered.

Q.   Your mouth was covered during the period of time that you were on your feet?

A.   As I'm, like, being, like, dragged down, someone covers my mouth and nose.

Q.   Well, right now I want to talk about the period of time that you're on your feet before you start -- your body starts going towards the ground.

While you were still fully on your feet did anyone have their hand near your mouth or nose?

A.   No.

Q.   And did you make any attempt whatsoever to lower your body towards the ground?

A.   I was being pulled to the ground.

Q.   And as you were being pulled to the ground

A. That I was going to die.

Q. And why did you think that?

A. Because someone felt comfortable covering my nose and my mouth so that I couldn't breathe.

Q. You, as you were being -- as you were on the ground did you think that police officers from the Whittier Police Department were going to kill you?

A. Yes.

Q. Is it based on anything else other than what you've just described?

A. The fact that there was a knee in my back, also, restricting my air.

Q. Anything else?

A. Like that they didn't ease up when I'm screaming.

Q. How long were you on the ground from the time your body first made contact with the ground until you were lifted up?

A. I don't know.

Q. Was it less than a minute?

A. Maybe.

Q. Was it less than 30 seconds?

A. I don't know.

Q. Was it less than 15 seconds?

A. I don't believe so.

jail?

A. Yes.

Q. Was there anyone in there with you?

A. No.

Q. At any point when you were in the cell did you request medical treatment?

A. Yes.

Q. How many times?

A. Twice.

Q. And exactly how did you request medical treatment?

A. The first time there was a guy walking by and I knocked on the door and I'm like, "hey," like "I need Band-Aids," and he brought me Band-Aids because my wrists were bleeding; and then the second time was later, sometime in the middle of the night I had, like my body was hurting a lot, but like my neck and back were really hurting and I had pressed like a little button and -- just inside the cell to call the jailer, I guess, and I told him, like, "I'm having a lot of pain."

And they said, "okay. We'll send a doctor," but he never came.

Q. What's your best estimate of the time gap from when you requested medical care the second time until you were released?

A.  No.

Q.  And were there any other things that made you feel unsafe while you were on Washington Street?

MR. OYSTER:  Objection, leading.

BY MS. ROGERS:

Q.  Did -- did you feel unsafe during your interaction with the white van?

MR. OYSTER:  Same objection.

THE WITNESS:  Unsafe in that it didn't make sense to me that they could continue inching closer to me, like the street was blocked off, there were so many people in the street and this car felt comfortable getting closer and closer and closer to the pedestrians on the street.

BY MS. ROGERS:

Q.  And throughout your time at the demonstration did you see police issue citations to anyone, you know, involved in the parade?

A.  No.

Q.  Did you see police issue warnings to anyone involved in the parade?

A.  No.

Q.  Did you see police try to intervene when cars inched toward protestors?

A.  No.

MR. OYSTER:  Objection, leading.

STATE OF CALIFORNIA            )

                              )  ss.

COUNTY OF LOS ANGELES    )


            I, KAREN SUE BOREN, Certified Shorthand Reporter, License No. 4897, for the State of California, do hereby certify:

            That, prior to being examined, the witness named in the foregoing deposition, to wit, JOLIE SAVAGE, was by me duly sworn to testify the truth, the whole truth and nothing but the truth;

            That said deposition was taken down by me in shorthand at the time and place therein named and thereafter reduced to computer-aided transcription under my direction;

            That the foregoing transcript, as typed, is a true record of the said proceedings.

            I further certify that I am not interested in the event of the action.


            WITNESS my hand this 18th day of May, 2022.


                                    KAREN SUE BOREN, C.S.R. No. 4897

Ex. 4 - Video

# Ex. 5 - Video

# Ex. 6 - Video

Ex. 7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,                )  Case No.: 2:21-cv-08067-
                             )              VAP-PD
          Plaintiff,         )
                             )
vs.                          )
                             )
CITY OF WHITTIER; JEFF )
PIPER; PAUL SEGURA;     )
MARK GOODMAN; JOHN      )
DRAPER; MICHAEL         )
PRZYBYL; JASON ZUHLKE; )
JEFFREY ROBERT, and     )
DOES 1 through 10,      )
                             )
          Defendants.   )
_____)

REMOTE DEPOSITION OF JEFFREY ROBERT

LOS ANGELES, CALIFORNIA

MONDAY, MARCH 6, 2023

DORIEN SAITO, CSR 12568, CLR

the roadway.

Q.   Were other people walking around the street at the same time?

A.   Yes.

Q.   Were other people yelling and screaming as well?

A.   Yes.

Q.   And can you estimate how much time passed between when you first witnessed Ms. Savage in the street and when she was arrested?

A.   Approximately five minutes, maybe less than five minutes.

Q.   Okay.

And as an observer, what was your response when you first saw her yelling and walking through the street?

A.   I mean, my first -- my first response is that she, you know, like other people there were, you know, just yelling, making their voices known and heard and just kind of marching around and, yeah, just demonstrating.

Q.   At that point in time, did you have any safety concerns regarding Ms. Savage?

MR. HORSTMANN:  Objection.

THE WITNESS:  No.

28

CERTIFICATE OF REPORTER

I, DORIEN SAITO, CSR 12568, CLR, a certified Shorthand reporter in and for the State of California, County of Los Angeles, do hereby certify;

That JEFFREY ROBERT, the witness named in the foregoing deposition, was, before the commencement of the deposition, duly administered an oath in accordance with CCP 2094;

That said deposition was taken down in stenograph writing by me and thereafter transcribed into typewriting under my direction.

That before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

Dated this 17th day of March, 2023.

_____
CERTIFIED SHORTHAND REPORTER
IN AND FOR THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA

40

Ex. 8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,

       Plaintiff,            Case No. 2:21-cv-08067-VAP-PD

  vs.

CITY OF WHITTIER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, and DOES 1 through 10,

       Defendants.

_____

DEPOSITION OF

OFFICER PAUL SEGURA

February 28, 2023

1:24 p.m.

3435 Wilshire Boulevard, Suite 2910

Los Angeles, California

Lori Raye, CSR No. 7052

1

OFFICER PAUL SEGURA

BARKLEY
Court Reporters

Q.    Yes.

A.    Yeah, not -- not specifically.

Q.    After your group moved, did you observe any of her actions prior to her arrest?

A.    After we moved?

Q.    Yes.

A.    Yes.

Q.    What did you observe?

A.    The same, you know, hostile -- aggressive hostility, screaming, yelling.  She was still very animated, very loud.

Q.    Did you observe her engaging in violence with anyone?

A.    No, just getting in the officers' faces, screaming and yelling.

Q.    Did you observe her making any threats to officers?

A.    No.

Q.    Did you observe her making threats to any civilians?

A.    After we moved up?

Q.    Yes.

A.    No.

Q.    Did you order the arrest of Jolie Savage?

A.    Yes.

40

OFFICER PAUL SEGURA

BARKLEY
Court Reporters

Q.    When you witnessed those different instances of her violating the law, why did you not have her arrested at that point?

A.    I was concerned about the amount of officers we had, and there was -- she wasn't the only one that was at that level of hostility and aggressiveness.  And so I wanted to monitor all of them, and an arrest would deplete my resources.

Q.    Did you then -- after Lieutenant Przybyl spoke with you, did you then instruct Officers Goodwin and Draper to arrest Jolie Savage?

A.    Yes.

Q.    What did you say to them in that instruction?

A.    I told them, I said, "That female in that orange floral shirt, we need to take her into custody."

Q.    Did you tell them why she was being arrested?

A.    No.

Q.    Did you instruct them on how they should carry out the arrest?

A.    No.

Q.    To your knowledge, who decided how the arrest should be carried out?

43

BARKLEY
Court Reporters

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I, LORI RAYE, hereby certify:

I am a duly qualified Certified Shorthand Reporter in the State of California, holder of Certificate Number CSR 7052 issued by the Certified Court Reporters' Board of California and which is in full force and effect.  (Fed. R. Civ. P. 28(a)(1)).

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the witness was first duly sworn by me.  (Fed. R. Civ. P. 28(a)(a)).

I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in this action.  (Fed. R. Civ. P. 28).

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record

/ / /

51

OFFICER PAUL SEGURA

BARKLEY
Court Reporters

of the testimony given by the witness.  (Fed. R. Civ. P. 30(f)(1)).

Before completion of the deposition, review of the transcript [xx] was [  ] was not requested.  If requested, any changes made by the deponent (and provided to the reporter) during the period allowed, are appended hereto.  (Fed. R. Civ. P. 30(e)).

Dated:  March 16, 2023

_____

52

OFFICER PAUL SEGURA

Ex. 9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,                  )   Case No.: 2:21-cv-08067-
                               )                  VAP-PD
          Plaintiff,           )
                               )
vs.                            )
                               )
CITY OF WHITTIER; JEFF )
PIPER; PAUL SEGURA;    )
MARK GOODMAN; JOHN     )
DRAPER; MICHAEL        )
PRZYBYL; JASON ZUHLKE; )
JEFFREY ROBERT, and    )
DOES 1 through 10,     )
                               )
          Defendants.  )
_____)

REMOTE DEPOSITION OF MARK GOODMAN

POST FALLS, IDAHO

THURSDAY, MARCH 2, 2023

DORIEN SAITO, CSR 12568, CLR

you're describing there?

A. Yes.

Q. And do you know how much time elapsed between then and her arrest?

A. I would say anywhere from three -- three minutes to five minutes maybe.

Q. And prior to that interaction with Jolie Savage and the vehicle, did you observe her at all?

A. Yes.

Q. And what did you observe prior?

A. Just walking down the street yelling. And it wasn't until the crowd came up towards where -- to my location where -- then I noticed her again coming back up and just same type -- just, you know, yelling and speaking her mind.

Q. Prior to that interaction with the vehicle, did you have any concerns that Jolie Savage was violating the law?

A. No.

Q. Prior to her interacting with that vehicle, did you witness her engage in any violence?

A. Just aggressive, verbal -- verbally aggressive, I would say.

Q. Okay.

Prior to Ms. Savage interacting with that

16

vehicle, did you speak with her at all?

A.    No.

Q.    When she was interacting with that vehicle, did you say anything to her?

A.    No.

Q.    Did you -- prior to her arrest, did you witness any other officer speak with Ms. Savage?

A.    No.

Q.    And during that incident, outside of the arrest of Jolie Savage, you did not make any other arrests; correct?

A.    That's correct.

Q.    And it's correct that Sergeant Paul Segura instructed you to arrest Ms. Savage?

A.    Yes.

Q.    Do you recall what he said to you when instructing you to make the arrest?

A.    "Someone needed to be taken into custody."

Q.    Did he say anything else beyond that?

A.    Then after -- after that, he told me who needed to be taken into custody, yes.

Q.    Did he provide any explanation for why she needed to be taken into custody?

A.    No.

Q.    Did he provide you any instructions on how the

17

arrest should happen?

A.    Yes.

Q.    What did he tell you?

A.    He -- he told me that -- 'cause she was on the other side of the skirmish line, just to go across the skirmish line and pull her to this side of the skirmish line so we can effect an arrest.

Q.    Did he tell you anything else?

A.    No.

Q.    Was Officer Draper part of that conversation regarding pulling her behind the skirmish line?

A.    Yes.

Q.    Were any other officers a part of that conversation besides yourself and Officer Draper?

A.    I don't think so, no.

Q.    Prior to Jolie Savage's arrest, did you have any one-on-one conversations with Officer Draper about the arrest?

A.    No.

Q.    In deciding how to carry out the arrest, did you exercise any of your own discretion?

A.    Can you repeat the question, please?

Q.    Sure.  I'll phrase it a bit differently.

When deciding on how to carry out the arrest of Jolie Savage, did you make any decisions on your own of

18

CERTIFICATE OF REPORTER

I, DORIEN SAITO, CSR 12568, CLR, a certified Shorthand reporter in and for the State of California, County of Los Angeles, do hereby certify;

That MARK GOODMAN, the witness named in the foregoing deposition, was, before the commencement of the deposition, duly administered an oath in accordance with CCP 2094;

That said deposition was taken down in stenograph writing by me and thereafter transcribed into typewriting under my direction.

That before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

Dated this 16th day of March, 2023.

_____
CERTIFIED SHORTHAND REPORTER
IN AND FOR THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA

32

Ex. 10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,

       Plaintiff,              Case No.
                              2:21-cv-08067-VAP-
                              PD
   vs.

CITY OF WHITTIER, PAUL
SEGURA, MARK GOODMAN, JOHN
DRAPER, MICHAEL PRZYBYL,
JASON ZUHLKE, JEFFREY
ROBERT, and DOES 1 through
10,

       Defendants.
_____

DEPOSITION OF

LIEUTENANT MICHAEL PRZYBYL

February 28, 2023

9:31 a.m.

3435 Wilshire Boulevard, Suite 2910

Los Angeles, California

Lori Raye, CSR No. 7052

1

BARKLEY
Court Reporters

at the event?

A.   I don't.

Q.   Were you there prior to the beginning of the event?

A.   Yes.

Q.   At any point during the event, did you issue a dispersal order?

A.   No.

Q.   Do you recall anyone from WPD issuing a dispersal order?

A.   No.

Q.   Are you familiar with Jolie Savage, the plaintiff in this case?

A.   In what way?

Q.   Did you -- did you see her at the event?

A.   I did.

Q.   Did you speak to her at all during the event?

A.   No, I did not.

Q.   During the event, did you ever call for backup for additional officers to come to the scene?

A.   I don't recall if I specifically did.

Q.   Did someone?

A.   Officers were called, yes.

19

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

calls were made for additional officers?  Meaning was there just one request put out or did some officers come and you folks decided you needed more officers?

A.    I don't know.

Q.    Did you order the arrest of Jolie Savage?

A.    I did.

Q.    And why did you order the arrest of Jolie Savage?

A.    She was standing in the roadway obstructing a vehicle, pounding on the hood of the vehicle, and then approached the driver's side of the vehicle where the driver was and was leaning in interacting with him.

So at the time of the arrest, it was for pedestrian in a roadway, resisting, delaying; and there's another section of obstructing a vehicle in a roadway, 647c, which is a misdemeanor.

Q.    And from your perspective, what was the foundation for the resisting or delaying?

A.    During the entire portion of the protest, officers had interacted with her earlier and she had been told numerous times to, you know, get out of the way of the vehicles.

And when she was in front of that

21

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

vehicle, she had been given directions to, you know, get out of the way of the vehicle.

Q. Did you witness those officers speaking to her at different points?

A. I can't say any specific officer was giving those directions.

Q. Did you witness any officer speaking to her --

A. There was interactions, but --

MR. OYSTER: Just go ahead and let her finish the full question.

THE WITNESS: Gotcha.

MR. OYSTER: Then the court reporter will take it down and then you can answer.

THE WITNESS: Gotcha.

BY MS. BROWN:

Q. Where were we?

Did you witness any -- without identifying a specific officer, did you witness any officers speaking with her?

A. Yes.

Q. Were you able to hear what they were saying to her?

A. No.

Q. Do you know how many times you witnessed

22

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

officers speaking to her?

A.    I couldn't say.

Q.    How were you made aware that officers were telling her to move out of the street?

A.    Based on the interactions with her, and it was -- it was probably more just, to me, common sense.

Q.    What interactions?

A.    There was communication going on, but I couldn't hear what it was.  It was too loud.  It was too noisy.  People were moving around.  Based on my knowledge of training and how we would handle it, it was an assumption on my part.

Q.    So it was an assumption that officers were telling her to move out of the street?

A.    I guess that I can't say someone -- exactly what they said.

Q.    Is it accurate to say that you did not have specific knowledge that an officer told her to move out of the street?

A.    I wasn't standing somewhere where I could hear them say that, yes.

Q.    Did you witness the arrest of Jolie Savage?

A.    I did.

23

BARKLEY
Court Reporters

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA )
                     ) ss.
COUNTY OF LOS ANGELES )

I, LORI RAYE, hereby certify:

I am a duly qualified Certified Shorthand Reporter in the State of California, holder of Certificate Number CSR 7052 issued by the Certified Court Reporters' Board of California and which is in full force and effect. (Fed. R. Civ. P. 28(a)(1)).

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the witness was first duly sworn by me. (Fed. R. Civ. P. 28(a)(a)).

I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in this action. (Fed. R. Civ. P. 28).

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record

/ / /

32

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

of the testimony given by the witness.  (Fed. R. Civ. P. 30(f)(1)).

Before completion of the deposition, review of the transcript [  ] was [  ] was not requested.  If requested, any changes made by the deponent (and provided to the reporter) during the period allowed, are appended hereto.  (Fed. R. Civ. P. 30(e)).

Dated:   March 16, 2023

_____

33

LIEUTENANT MICHAEL PRZYBYL

Ex. 12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,              ) Case No.: 2:21-cv-08067-VAP-PD
                          )
        Plaintiff, )
                          )
    vs.           )
                          )
CITY OF WHITTIER; JEFF)
PIPER; PAUL SEGURA;   )
MARK GOODMAN; JOHN   )
DRAPER; MICHAEL     )
PRZYBYL; JASON ZUHLKE;)
JEFFREY ROBERT; and   )
 DOES 1 through 10,   )
                          )
      Defendants. )
_____)

DEPOSITION OF JOHN DRAPER

LOS ANGELES, CALIFORNIA

TUESDAY, JUNE 7, 2022

DORIEN SAITO, CSR 12568, CLR

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

1

ROBERT WATON C.S.R., INC

(213) 760-3795

the plaintiff's deposition.

BY MS. BROWN:

Q.  So going back to the -- the incident on July 28th.  Is it accurate to say that you grabbed one of the plaintiff, Ms. Savage's, arms?

A.  On that day, I did, yes.

Q.  And do you recall which arm it was that you

grabbed?

A.  Her right arm.

Q.  And why did you grab her right arm?

A.  Are you asking what the purpose of that was?

Q.  Yes.

A.  To pull her behind the skirmish line and safely make an arrest.

Q.  Okay.  And why were you trying to pull her behind the skirmish line?

A.  Because I was ordered by a supervisor to take her into custody.

Q.  Okay.  Were you ordered by the supervisor to pull her behind the skirmish line to do so?

A.  Yes.

Q.  Did you have an understanding of why you were instructed her to pull her behind the skirmish line to arrest her rather than to do it without moving her?

A.  He didn't specifically say why, but,

49

her behind the skirmish line before she went to the

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

ground?

A. Close to, yes.

Q. What do you mean by "close to"?

A. To the best of my recollection, she went down just beyond the skirmish line, almost at the -- the base of it.

Q. Okay. So is it accurate to say that Ms. Savage allowed you and Officer Goodman to move her behind the skirmish line?

A. I don't -- I don't think she allowed us to. I think we surprised her based on our tactics, and; once she realized what was happening, decided she didn't want to go with -- she didn't want to freely go to the other side.

Q. To the best of your memory, do you know approximately how long it took from when you first grabbed Ms. Savage's arm to when she went to the ground, timewise?

A. Approximately a second -- 1, 2 seconds.

Q. And when you say that you "surprised her," what do you mean by that?

A. Because Officer Goodman and I tactically went through our skirmish line to grab ahold of her arms and -- and pull her to the other side so that we could be

53

DORIEN SAITO, C.S.R., INC.
(213) 766-3795

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

in -- conduct the arrest in a safe location, I don't think she saw it coming.

Q. Okay. Is it accurate to say that you did not believe that she saw you and Officer Goodman approach her?

A. Yes.

Q. Is it accurate that prior to approaching Ms. Savage, you and Officer Goodman were located behind the skirmish line?

A. Prior to approaching her?

Q. Uh-huh.

A. Yes.

Q. Okay. And is it accurate to say that your objective in bring her behind the skirmish line was for both officer safety and public safety?

A. It was for safety of all parties, yes.

Q. So from your perspective, once she was brought behind the skirmish line, were those objectives accomplished?

A. What we would have liked to have seen happen was her just to walk freely and -- and be handcuffed. That way we could have told her she was under arrest, but, because of her actions, it -- it didn't go as planned.

Q. So from your perspective, was there still a

54

DORIEN SAITO, C.S.R., INC.
(213) 760-3795

to the ground?

A. I -- I tried to grab -- regain control of her arm.

Q. And to the best of your recollection and knowledge, was Officer Goodman able to maintain his grip on Ms. Savage's arm when she went to the ground?

A. I believe so, yes.

Q. Were you able to regain your grip on her arm?

A. Yes.

Q. At this time, did you say anything to Ms. Savage?

A. No.

Q. At this time, did you hear Officer Goodman say anything to Ms. Savage?

A. I don't recall.

Q. At this time, did you hear any other WPD officer say anything to Ms. Savage?

A. I don't recall.

Q. At this time, did Ms. Savage say anything to

you?

A. No.

Q. Do you recall if Ms. Savage at this time, when she went to the ground, said anything to anyone?

A. I don't recall.

Q. And then -- so is it accurate to say once she's

DORIEN SAITO, C.S.R., INC.
(213) 766-3795

on the ground, both you and Officer Goodman, once again, have grips on both of her arms?

A. Yes.

Q. Okay. And what happened after you regained your grip on her arm?

A. I observed her sit up with open mouth as if to bite Officer Goodman.

Q. To your understanding and your recollection, how was she able to sit up if you were both holding her arms and she were lying down?

MR. OYSTER: Objection; argumentative.

You can answer.

THE WITNESS: Based on the angles of arms and a little bend at the waist, she was on her back.

BY MS. BROWN:

Q. Do you recall where on her arm you were holding her at that time?

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

A. I don't recall.

Q. Okay. And so -- so Ms. Savage then sat up.

That's correct?

A. Partially.

Q. Partially.

A. Uh-huh.

Q. How far up was she able to get, to your recollection?

60

DORIEN SAITO, C.S.R., INC.
(213) 760-3795

So was she being turned to the right?

A. Yes.

Q. Okay. And when you did first have a grip on her, was that with two hands?

A. So -- yes.

Q. And were they both in the same location on her arm?

A. To the best of my recollection, probably

forearm area.

Q. Sorry, what was that?

A. To the best of my recollection, yes.

Q. You said "forearm area"?

A. Yes.

Q. Okay. And then so Ms. Savage ends up on her stomach; is that correct?

A. No -- oh, yes. Yes.

Q. Okay. And once she's immediately turned over, you don't have a grip on her anymore?

A. Correct. I lost grip during the turn.

Q. Were you able to regain your grip?

A. Yes.

Q. And was that on her arm?

A. Yes.

Q. And to the best of your knowledge, was Officer Goodman able to gain a grip on her arm as well

66

DOREEN SAITO, C.S.R., INC.
(213) 760-3795

A.   So let me clarify that.  Because I was ordered to and because of this situation, that's why I marked it.  I confirmed that when I went up.

Q.   You were ordered to mark that?

A.   I was not ordered to mark that, no.  I -- I marked that because of the situation outside with the -- with the protest going on because it was ongoing.  There was other -- there was other locations where the protest was becoming out of control, at least it sounded that way.  There was other arrests being made, and so I wrote

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

this it was likely to continue because, if released, she'd be returned to the same thing.

Q.   So your concern was that if she was released, she would return to that same protest that was continuing -- that's continuing to occur?

A.   And -- and she would violate the same law, yes.

Q.   At this time, did you know what law she was violating?

A.   Like I say, I had to confer with the supervisor after, so no.

Q.   So you were concerned that she would continue to violate a law, but you did not know which one?

A.   Yes.

Q.   And so just to clarify, on this -- on this sheet, Exhibit 3, Number 7, where you marked "yes" for

83

DORIEN SAITO, C.S.R., INC.
(213) 760-3795

there was a reasonable likelihood that the offense or offenses would continue or resume or that the safety of the persons or property would be immediately endangered by release of the person arrested, that was your own discretion to mark "yes" on that?

A. Yes.

Q. And you said that you believed the protests were getting out of control.

What do you mean by that?

A. By listening to the radio, I could hear other incidents where people were sitting in the middle of the streets, blocking vehicles. There was people that were getting arrested. On the radio while I was en route over here, to this location, I was told there was people hitting cars and banging cars, so it sounded very chaotic.

There was -- like I said, earlier there was other vehicles -- other officers responding Code 3 to other locations, emergency lights and sirens. So based on my understanding that this was possibly turning into an unlawful assembly.

Q. And why did you believe Ms. Savage would engage in that behavior?

A. Because based on every -- all the totality of the circumstances that I heard on the radio, combined

84

with being ordered by the supervisor to -- to make the -- to take her into custody, I had no reason to believe that we -- she didn't violate the Penal Code in some way.

Q. And did you believe, from what you were hearing on the radio, that other people in this protest were violating the Penal Code?

A. That's how it appeared over the radio, yes.

Q. So is it accurate to say that because you were informed that she was violating the Penal Code and that other people were currently violating the Penal Code, you believed that she would again violate the Penal Code if released?

A. Yes, because of the protesters still out there, yes. And my -- yes.

Q. And then when you had a conversation, it -- was it -- you had a conver- -- this conversation with the watch commander; is that correct?

A. Yes. After booking her, I went to talk to the watch commander.

Q. And was this before or after you filled out this form?

A. It was after.

Q. Okay. So you did not confirm those beliefs with any superiors before filling out the form; is that

85

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

received the Code 3 call to come over, what information were you given about what was occurring?

A.   There's -- there's lot of radio transmissions about several ongoing incidents at different locations. It was -- honestly, it was hard for me to keep track of each one of them separately.  So -- but I was made aware that I was to go to the west gate and form an arrest team.

Q.   Were you given any other information beyond you were to go to the west gate and form an arrest team?

A.   I believe that supervisor was saying somebody was banging on cars and different things so -- but nothing specifically, like, for me.

Q.   Did they provide any information about the individual?

MR. OYSTER:  Objection; vague and ambiguous.

You can answer.

THE WITNESS:  Not that I recall.

BY MS. BROWN:

Q.   And so once you got there and you put on your helmet, what did you do then?

A.   I responded to the west gate area of the secured lock.

Q.   And at that point, did you speak with your supervisor?

DORIEN SAITO, C.S.R., INC.

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

(213) 760-3795

A.  I spoke with Sergeant Segura, yes.

Q.  And what did Sergeant Segura tell you?

A.  Officer Goodman was present, too, and he said, we were going to take a female into custody.

Q.  Did he inform you why you were taking a female into custody?

A.  No.

Q.  Did he inform you of any safety concerns regarding taking the female into custody?

A.  No.

Q.  Did he tell you anything about what activity the female was engaging in?

A.  No.

Q.  Is it accurate to say you were simply informed that you were take -- you were to take a female into custody and that was all the information you received?

A.  Yes.

Q.  Okay.  From the time when you received the Code 3 call to when you arrived on the scene, how long did it take you to get there?

A.  I'm not sure I responded Code 3 to the area, but -- and, like I said, there was other officers that were dispatched Code 3 to different locations.  I honestly don't recall the time frame it took me to get from Santa Fe Springs over there.

(213) 760-3795

Q. Was it less than 20 minutes?

A. I would assume.

Q. Was it less than ten minutes?

A. I--

Q. You don't know?

A. I don't know.

Q. Okay. Do you know how many -- and -- just to your knowledge, how many arrest teams were formed?

A. I don't know.

Q. And for the arrest team that you were on, did that team comprise of just you and Officer Goodman?

A. Yes.

Q. Okay. Were you given any instructions on how the arrest should be carried out?

A. Yes.

Q. What were those instructions?

A. To go beyond the skirmish line, grab ahold of the defendant -- of the female and bring her back to the other side of the skirmish line where -- where it was safe to place handcuffs on her.

Q. Were you ordered to take her into custody after the arrest?

MR. OYSTER: Objection; vague and ambiguous.

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

THE WITNESS: She was already in custody.

///

92

CERTIFICATE OF REPORTER

I, DORIEN SAITO, CSR 12568, CLR, a certified Shorthand reporter in and for the State of California, County of Los Angeles, do hereby certify;

That JOHN DRAPER, the witness named in the foregoing deposition, was, before the commencement of the deposition, duly administered an oath in accordance

file:///C/...OneDrive%20-%20Hadsell,%20Stormer%20and%20Renick/Savage/Draper,%20John.06-07-22.txt%204868-5940-0561%20v1.txt[10/23/2025 8:38:24 PM]

with CCP 2094;

That said deposition was taken down in stenograph writing by me and thereafter transcribed into typewriting under my direction.

That before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

Dated this 21st day of June, 2022.

_____
CERTIFIED SHORTHAND REPORTER
IN AND FOR THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA

103

Ex. 13 - Video

Ex. 14 - Video

Ex. 15

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NO. 0BL05705 |
| Plaintiff, | |
| v. | |
| JOLIE KWANAIYUN SAVAGE | MISDEMEANOR COMPLAINT |
| (DOB: 09/29/1993) | |
| Defendant(s). | |

The undersigned is informed and believes that:

COUNT 1

On or about July 28, 2020, in the County of Los Angeles, the crime of RESISTING, DELAYING OR OBSTRUCTING A PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN, in violation of PENAL CODE SECTION 148(a)(1), a Misdemeanor, was committed by JOLIE KWANAIYUN SAVAGE, who willfully resisted, delayed, and/or obstructed GOODMAN, a peace officer , in the discharge or attempted discharge of a duty of his office or employment.

\* \* \* \* \*

COUNT 2

On or about July 28, 2020, in the County of Los Angeles, the crime of PEDESTRIAN YIELD RIGHT OF WAY TO TRAFFIC, in violation of VEHICLE CODE SECTION 21954(A), an Infraction, was committed by JOLIE KWANAIYUN SAVAGE, who \*No UCC Template\*

\* \* \* \* \*

Rev. 910-10/14  DA Case 40978946

SAVAGE000176

MISDEMEANOR COMPLAINT

Case No. 0BL05705

NOTICE: Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1 if the defendant has suffered a prior felony conviction. Willful refusal to provide the samples and impressions is a crime.

NOTICE: The People of the State of California intend to present evidence and seek jury findings regarding all applicable circumstances in aggravation, pursuant to Penal Code section 1170(b) and *Cunningham v. California* (2007) 549 U.S. 270.

NOTICE: A Suspected Child Abuse Report (SCAR) may have been generated within the meaning of Penal Code §§ 11166 and 11168 involving the charges alleged in this complaint. Dissemination of a SCAR is limited by Penal Code §§ 11167 and 11167.5 and a court order is required for full disclosure of the contents of a SCAR.

Further, attached hereto and incorporated herein are official reports and documents of a law enforcement agency which the undersigned believes establish probable cause for the arrest of defendant(s) JOLIE KWANAIYUN SAVAGE for the above-listed crimes.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT CONSISTS OF 2 COUNT(S).

Executed at BELLFLOWER, County of Los Angeles, on October 28, 2020.

WOLFE
DECLARANT AND COMPLAINANT

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

JACKIE LACEY, DISTRICT ATTORNEY          BY: CARLOS D OLIVA JR., DEPUTY

AGENCY:   WHITTIER PD          I/O: WOLFE          ID NO.: 382          PHONE : (562) 567-9200
DR NO.:   20004630          OPERATOR: DMV

| | | CITATION | BOOKING | BAIL | CUSTODY |
| DEFENDANT | CII NO. | NO. | NO. | RECOM'D | R'TN DATE |
| SAVAGE, JOLIE KWANAIYUN | 033229985 | A574721 | | | 11/18/2020 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

Ex. 16

**Whittier Police**

**NOTICE TO APPEAR** ☐ Traffic ☑ Nontraffic    ☐ FELONY ☑ MISDEMEANOR

A574721

(Citation No.)

| Date of Violation | Time | ☑ AM ☐ PM | Day of Week | Case No. |
|---|---|---|---|---|
| 09 / 29 / 20 | 4:30 | | S M T ⓦ T F S | 20-0046030 |

☐ Owner's Responsibility (Veh. Code, §40001)

Name (First, Middle, Last)
JOLIE KWANAIYUN SAVAGE

Address
1450 WILLOW AVENUE

| City | State | ZIP Code | ☐ Juvenile (Phone No.) |
|---|---|---|---|
| LA PUENTE | CA | 91746 | ( ) |

| Driver Lic No. | State | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|
| F3226236 | CA | C | ☐ Yes ☑ No | 26 | 09 / 29 / 93 |

| Sex | Hair | Eyes | Height | Weight | Race | Other Description |
|---|---|---|---|---|---|---|
| F | BLK | BRN | 505 | 155 | B | |

| Veh. Lic. No. or VIN | | | | State |
|---|---|---|---|---|

| Yr. of Veh. | Make | Model | Body Style | Color |
|---|---|---|---|---|

☐ **COMMERCIAL VEHICLE** (Veh. Code, § 15210(b))

| Evidence of Financial Responsibility | CA# | DOT # |
|---|---|---|

☐ **HAZARDOUS MATERIAL** (Veh. Code, § 353)

Registered Owner or Lessee          ☐ Same as Driver

Address          ☐ Same as Driver

City

| | Passengers | Number |
|---|---|---|
| | ☐ Yes ☐ No | ☐ M ☐ F |

Correctable Violation (Veh. Code, § 40610)    ☐ Booking Required    Misdemeanor or Infraction (Circle)

| Yes | No | Code and Section | Description | |
|---|---|---|---|---|
| ☐ | X | 243(B) PC | BATT PO EMERG PRSNL | M I |
| ☐ | X | 148(A)(1) PC | OBSTRUCT PUB OFCR | M I |
| ☐ | X | 21954(A) VC | PED NOT STOP CROSWALK | M I |
| ☐ | ☐ | #59666542 | | M I |

| Speed Approx. | Posted | 85% | Pace | Radar | Laser | Safe Speed | N | |
|---|---|---|---|---|---|---|---|---|

Location of Violation(s)
at 13300 WASHINGTON AVENUE          W          E

| Comments (Weather, Road & Traffic Conditions) | Violation City | ☐ Accident | S |
|---|---|---|---|
| | WHT  SFS | | |

☑ Violations not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

| JAUNECRU | #W20 | To | / / |
|---|---|---|---|
| Arresting or Citing Officer | Serial No. | Dates Off | Date |
| DRAPER | #219 | To | / / |
| Name of Arresting Officer, if different from Citing Officer | Serial No. | Dates Off | Date |

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**

Signature X

WHAT TO DO: *FOLLOW THE INSTRUCTIONS ON THE REVERSE.*

☑ **BELLFLOWER SUPERIOR COURT**
10025 Flower St.,
Bellflower, CA 90706
(562) 345-3399

☐ DOWNEY SUPERIOR COURT
7500 E. Imperial Hwy.
Downey, CA 91242
(562) 803-7046

☐

Online Court Services: www.lacourt.org

WHEN: DATE 11 / 18 / 20 TIME 0800 AM    ☐ JUVENILE TO BE NOTIFIED (BRING PARENT)

A574721          1976

Judicial Council of California Form
Rev. 09-20-05 (Veh. Code, §§ 40500(b), 40522, 40600; Pen. Code, § 853.9)

**DEFENDANT COPY**
**SEE REVERSE**  TR-130

SAVAGE000179

Ex. 17

**Whittier Police Department**  ☐ FELONY  ☒ MISDEMEANOR  **A574721**
**NOTICE TO APPEAR**  ☐ Traffic  ☒ Nontraffic  (Citation No.)

| Date of Violation | Time | ☒ AM ☐ PM | Day of Week S M T ⓦ T F S | Case No. |
|---|---|---|---|---|
| 09 / 29 / 20 | 4:30 | | | 20- 0046030 |

Name (First, Middle, Last)  ☐ Owner's Responsibility (Veh. Code, §40001)
JOLIE KWANAIYUN SAVAGE

Address
1450 WILLOW AVENUE

| City | State | ZIP Code | ☐ Juvenile (Phone No.) |
|---|---|---|---|
| LAPUENTE | CA | 91746 | ( ) |

| Driver Lic No. | State | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|
| F3226236 | CA | C | ☐ Yes ☒ No | 26 | 09 / 29 / 93 |

| Sex | Hair | Eyes | Height | Weight | Race | Other Description |
|---|---|---|---|---|---|---|
| F | BLK | BRO | 505 | 155 | B | |

Veh. Lic. No. or VIN                State
☐ **COMMERCIAL VEHICLE** (Veh. Code, § 15210(b))

| Yr. of Veh. | Make | Model | Body Style | Color |
|---|---|---|---|---|

☐ **HAZARDOUS MATERIAL** (Veh. Code, § 353)

Evidence of Financial Responsibility    CA#    DOT #

Registered Owner or Lessee    ☐ Same as Driver

Address    ☐ Same as Driver

| City | Passengers ☐ Yes ☐ No | Number ☐ M ☐ F |
|---|---|---|

Correctable Violation (Veh. Code, § 40610)  ☐ Booking Required  Misdemeanor or Infraction (Circle)

| Yes | No | Code and Section | Description | |
|---|---|---|---|---|
| ☐ | ☒ | 243(B) PC | BATT PO EMERG PRSNL | M I |
| ☐ | ☒ | 148(A)(1) PC | OBSTRUCT PUB OFC | M I |
| ☐ | ☒ | 21954(A) VC | PED NOT STOP CROSWALK | M I |
| ☐ | ☐ | #59C06542 | | M I |

| Speed Approx. | Posted | 85% | Pace | Radar | Laser | Safe Speed | N |
|---|---|---|---|---|---|---|---|
| ▶ | | | | | | | |

Location of Violation(s)  W    E
at 1300 WASHINGTON AVENUE

Comments (Weather, Road & Traffic Conditions)  Violation City  ☐ Accident  S
WHT   SFS

☒ Violations not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

| JAMIE(M) | #W26 | To | / / |
|---|---|---|---|
| Arresting or Citing Officer | Serial No. | Dates Off | Date |
| DRAPER | #219 | To | / / |
| Name of Arresting Officer, if different from Citing Officer | Serial No. | Dates Off | Date |

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.

Signature X

WHAT TO DO: FOLLOW THE INSTRUCTIONS ON THE REVERSE.

☒ BELLFLOWER SUPERIOR COURT    ☐ DOWNEY SUPERIOR COURT.    ☐
10025 Flower St.,    7500 E. Imperial Hwy.
Bellflower, CA 90706    Downey, CA 91717
(562) 345-3399    (562) 803-7046

Online Court Services: www.lacourt.org

WHEN: DATE 11 / 10 / 20 TIME 0800 AM    ☐ JUVENILE TO BE NOTIFIED (BRING PARENT)

A574721          1976

Judicial Council of California Form
Rev. 09-20-05 (Veh. Code, §§ 40500(b), 40522, 40600; Pen. Code, § 853.9)    · **DEFENDANT COPY** SEE REVERSE  TR-130

CITY 00058

Ex. 18

ORIGINAL REPORT

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

Case Number: 20-4630
Supplemental #: 04
Supplemental Date/Time: 08/24/20 0930 HOURS
Officer Name/ID #: GOODMAN #576
Offense: 243 (B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH,
ETC IN PERFORMANCE ON THEIR DUTIES, 148(A) PC- RESIST, DELAYS OR
OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL
TECHNICIAN, 21954 (A) VC- RIGHT OF WAY
Typed By: GOODMAN #576

UPDATED INFORMATION:

VI:    MARK GOODMAN
       13200 PENN ST, WHITTIER, CA 90602
       (562) 567-9200
       M/H

The purpose of this report is to document myself as a victim in this incident.

APPROVED BY NAME/ID                          DATE

SAVAGE000178

☒ DET ☒ AR DESK ☐ PATROL ☐ COURTESY REPORT

ORIGINAL/072820/219 DRAPER

## WHITTIER POLICE DEPARTMENT
### Original Narrative

Case Number: 20-4630
Offense: 243(B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES
148(A)(1) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN
21954(A) VC- RIGHT OF WAY
Officer Name/ID: DRAPER #219
Records/Typed by: DRAPER #219

On 7-28-20 I was assigned to the uniformed patrol division for the city of Santa Fe Springs. At approximately 1915 hours I was detailed to respond to the area of 7300 Washington Ave to form an arrest team. This was an area that hosted a law enforcement appreciation parade along the west side of the Whittier Police Department. There was also a protest group in the same area.

Upon arrival I observed protesters standing in the street to the west side of the police department. I contacted Sgt. Segura #299, along with Officer Goodman #576. Sgt. Segura ordered Officer Goodman and I to arrest a black female wearing an orange colored floral shirt and blue jeans who was standing in the middle of the street (21954(a) CVC). That female was later identified as AR Jolie Savage.

Officer Goodman and I responded to Savage's location in the middle of the street. I attempted to grab Savage's right arm however, she became resistive and went to the ground as we were trying to pull her behind the police formed skirmish line. As I was trying to grab ahold of Savage she began tensing her muscles and flailing her arms trying to get free. Savage was ultimately placed on her back on the ground. I grabbed ahold of Savage's right arm and Officer Goodman grabbed her left arm. While we did this Savage quickly sat up with an open mouth and attempted to bit Officer Goodman. After officer Goodman escaped being bit by Savage we were able to turn her over onto her stomach. To prevent Savage from turning towards us and trying to bite us I briefly placed my knee on her back to prevent her movement. We then were able to place handcuffs on Savage.

Immediately after Savage was handcuffed, she was stood up and walked into the Whittier PD parking lot and into the Whittier jail. Savage was then booked for 243b PC, battery on a peace officer, 148(a)(1) PC, resisting a peace officer in their duties, and 21954(a) CVC, pedestrian in a roadway.

APPROVED BY INITIALS/ID                    DATE

Page: 3 of 4                                         SAVAGE000182

## WHITTIER POLICE DEPARTMENT
### Original Narrative

For further details regarding this incident, there observations and actions refer to the supplemental reports by Lt. Przybyl #374, Ofcr. Robert #279, Sgt. Segura #299, and Ofcr. Goodman #576.

APPROVED BY INITIALS/ID                                    DATE

                                    SAVAGE000183

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

Case Number: 20-004630
Supplemental #:01
Supplemental Date/Time: 07-28-20 1745 hours
Officer Name/ID #: Robert #279
Offense: 243(B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES, 148(A)(1) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN, 21954(A) VC- RIGHT OF WAY
Typed By: SLS/07-28-20

On 07-28-20, at approximately 1926 hours, I was working in the Uniformed Patrol Division of Whittier PD in full police uniform. At this time, there was an event at the Whittier PD. Some citizens were showing their support for the police and another group of citizens were protesting the police. For this event, I was deployed in an observer/over-watch role. In this role, I was on top of the Whittier PD providing intel regarding the actions of the crowd.

While watching the crowd, I observed multiple vehicles of police supporters driving southbound on Washington Ave. toward Mar Vista St. While these vehicles were driving southbound, a subject, later identified as AR Savage, stepped in front of the first vehicle that was traveling southbound. This vehicle that was driving southbound was a white minivan. I observed AR Savage step in front of the vehicle. While she was in front of the vehicle, she began yelling and screaming at the occupants inside that vehicle. Due to the AR stepping in front of the vehicle, the vehicle had to stop driving southbound. I could see the AR was clearly blocking traffic and was attempting to make it so the driver of the vehicle could not leave. I also observed the AR wave her hands and motion to other protestors around her to have them join her and block the vehicle. At this time, multiple other protestors stood in front of the vehicle.

Next, AR Savage moved out of the way of the first vehicle that was traveling southbound and then stood in front of the second vehicle that was traveling southbound. This vehicle was a grey minivan. Again, AR Savage stood in front of the vehicle blocking it from driving southbound. While AR Savage was still standing in front of the second vehicle, I observed the AR pound aggressively on the hood of the vehicle. Next, the AR began walking alongside the vehicle and was yelling and screaming, showing her middle fingers and reaching inside the windows of the vehicle.

The AR is described as a female, Black, wearing a floral print top, and blue jeans.

APPROVED BY NAME/ID                    DATE

☒ DET ☒ AR DESK ☐ PATROL ☐ COURTESY REPORT

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

At this time, Sergeant Zuhlke (ID 859), who was directly next to me, used the radio to notify the ground officers of the AR's actions. At this point, it was clear AR Savage was becoming more and more brazen in her behavior, and it appeared she was going to continue blocking traffic. After the officers on the ground were notified of the AR's behavior, they contacted the AR. Please refer to their original report for more information.

APPROVED BY NAME/ID   DATE

SAVAGE000185

☐ DET ☐ AR DESK ☐ PATROL ☐ COURTESY REPORT _____

ORIGINAL REPORT

# WHITTIER POLICE DEPARTMENT
## Supplemental Narrative

Case Number: 20-4630
Supplemental #: 02
Supplemental Date/Time: 07/28/20/1745
Officer Name/ID #: Przybyl#374
Offense: 243 (B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES, 148(A) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN, 21954 (A) VC- RIGHT OF WAY
Records/Typed by: Przybyl#374

On 07/28/20 at approximately 1915 hours I was working uniform patrol in full police uniform. I was at the west rolling gate of the Whittier Police Department secured parking lot standing on the apron to the entrance of the secure lot. This was in response to a large disturbance because of protesters standing in the middle of street on Washington Avenue blocking north and south bound traffic. The protesters had approximately half a dozen vehicles stopped preventing them from traveling southbound. I noticed a female black wearing an orange colored floral shirt and blue jeans later identified as AR Savage was standing in front of a white vehicle with her arms on the hood of the car preventing it from moving. This caused traffic to back up northbound all the way to Penn Street. AR Savage was screaming at the occupants of the car refusing to move. She remained in this position blocking traffic screaming for approximately a minute. AR Savage moved to the driver side of the car and leaned in towards the driver screaming at him. AR Savage was told numerous times to get out of the street and let traffic proceed. She refused to comply it was at this time I directed Officers Draper #219 and Goodman #576 to arrest AR Savage for the above charges. For information about AR Savages' arrest refer to their reports.

_____         _____
APPROVED BY NAME/ID                                    DATE

SAVAGE000186

☒ DET ☒ AR DESK ☐ PATROL ☐ COURTESY REPORT _____

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

ORIGINAL REPORT

Case Number: 20-4630
Supplemental #: 03
Supplemental Date/Time: 07-28-20/1915
Officer Name/ID #: GOODMAN, 576
Offense: 243 (B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES, 148(A) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN, 21954 (A) VC- RIGHT OF WAY
Typed By: GOODMAN, 576

On 07/28/2020 at approximately 1915 hours, I was working a permitted car parade to the west side of the Whittier Police. During the car parade, there were also counter-protestors who were blocking traffic. It should be noted I was in a full Class B police uniform, wearing crowd control equipment and clearly identifiable as a police officer.

As I was standing behind the skirmish line in front of the west entry gates of the Police Station parking lot, I was approached by Sgt. P. Segura #299 who told me a female needed to be taken into custody. He pointed to a black, female, agitator, who was in the middle of the roadway blocking cars in the parade. She was wearing an orange floral shirt and white shorts and had long hair. Ofc. Draper and I were ordered to take her into custody.

Ofc. Draper and I approached the skirmish line that was being held by police personnel. Ofc. Draper and I approached the arrestee (AR/Savage) who was on the other side of the skirmish line and in a hostile crowd. I made contact with the arrestee and held onto the arrestee's left arm and escorted her back over the skirmish line away from the unruly crowd. As this occurred, the arrestee willfully collapsed her legs which caused her to the ground. I yelled for her to stop resisting as I attempted to hand cuff her. I pulled my handcuffs from my right rear handcuff holster and attempted to cuff her left wrist. The arrestee attempted to pull away and resist, as I had difficulty applying the cuffs. As we were all on the ground, she was flailing her arms and legs, again making it difficult to take her into custody. This being a violation of CPC 148(a)(1).

As I applied the handcuff around her left wrist, she then curled her body towards my arm. She was almost in the upright position when I felt something touch my right arm. I looked at my arm and saw the arrestee's mouth open and inches away from my right arm. As her mouth was open, I heard her "Grunt" and saw her attempt to bite me. I then saw her close her mouth and heard her teeth hit each other. In fear of my safety

APPROVED BY NAME/ID                    DATE

☒ DET ☒ AR DESK ☐ PATROL ☐ COURTESY REPORT _____

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

and being bit, I rolled her over on her chest to attempt to place the second cuff on her. I told Ofc. Draper I could not apply the second cuff and asked him to take out his cuffs to "double cuff" her. Double cuffing her would prevent injury and allow the arrestee more freedom of movement. Ofc. Draper pulled his cuffs out and completed cuffing her. She was taken into custody without further incident. Ofc. Draper and I escorted her into the station's rear parking lot towards the jail entry door. Ofc. Draper completed the booking process on the arrestee.

APPROVED BY NAME/ID                           DATE

SAVAGE000188

☐ DET ☐ AR DESK ☐ PATROL ☐ COURTESY REPORT _____

Ex. 19

**SUPP 04/082420/576 GOODMAN**

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

Case Number: 20-4630
Supplemental #: 04
Supplemental Date/Time: 08/24/20 0930 HOURS
Officer Name/ID #: GOODMAN #576
Offense: 243 (B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES, 148(A) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN, 21954 (A) VC- RIGHT OF WAY
Typed By: GOODMAN #576

UPDATED INFORMATION:

VI:    MARK GOODMAN
       13200 PENN ST, WHITTIER, CA 90602
       (562) 567-9200
       M/H

The purpose of this report is to document myself as a victim in this incident.

_____
APPROVED BY NAME/ID              DATE


☐ DET ☐ AR DESK ☐ PATROL ☐ COURTESY REPORT _____

Page: 3 of 10

**CITY 00003**

SUPP 03/072820/576 GOODMAN

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

Case Number: 20-4630
Supplemental #: 03
Supplemental Date/Time: 07-28-20/1915
Officer Name/ID #: GOODMAN, 576
Offense: 243 (B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES, 148(A) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN, 21954 (A) VC- RIGHT OF WAY
Typed By: GOODMAN, 576

On 07/28/2020 at approximately 1915 hours, I was working a permitted car parade to the west side of the Whittier Police. During the car parade, there were also counter-protestors who were blocking traffic. It should be noted I was in a full Class B police uniform, wearing crowd control equipment and clearly identifiable as a police officer.

As I was standing behind the skirmish line in front of the west entry gates of the Police Station parking lot, I was approached by Sgt. P. Segura #299 who told me a female needed to be taken into custody. He pointed to a black, female, agitator, who was in the middle of the roadway blocking cars in the parade. She was wearing an orange floral shirt and white shorts and had long hair. Ofc. Draper and I were ordered to take her into custody.

Ofc. Draper and I approached the skirmish line that was being held by police personnel. Ofc. Draper and I approached the arrestee (AR/Savage) who was on the other side of the skirmish line and in a hostile crowd. I made contact with the arrestee and held onto the arrestee's left arm and escorted her back over the skirmish line away from the unruly crowd. As this occurred, the arrestee willfully collapsed her legs which caused her to the ground. I yelled for her to stop resisting as I attempted to hand cuff her. I pulled my handcuffs from my right rear handcuff holster and attempted to cuff her left wrist. The arrestee attempted to pull away and resist, as I had difficulty applying the cuffs. As we were all on the ground, she was flailing her arms and legs, again making it difficult to take her into custody. This being a violation of CPC 148(a)(1).

As I applied the handcuff around her left wrist, she then curled her body towards my arm. She was almost in the upright position when I felt something touch my right arm. I looked at my arm and saw the arrestee's mouth open and inches away from my right arm. As her mouth was open, I heard her "Grunt" and saw her attempt to bite me. I then saw her close her mouth and heard her teeth hit each other. In fear of my safety

_____          _____
APPROVED BY NAME/ID                      DATE

☐ DET ☐ AR DESK ☐ PATROL ☐ COURTESY REPORT  _____

Page: 4 of 10

CITY 00004

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

and being bit, I rolled her over on her chest to attempt to place the second cuff on her. I told Ofc. Draper I could not apply the second cuff and asked him to take out his cuffs to "double cuff" her. Double cuffing her would prevent injury and allow the arrestee more freedom of movement. Ofc. Draper pulled his cuffs out and completed cuffing her. She was taken into custody without further incident. Ofc. Draper and I escorted her into the station's rear parking lot towards the jail entry door. Ofc. Draper completed the booking process on the arrestee.

APPROVED BY NAME/ID                     DATE

☐ DET  ☐ AR DESK  ☐ PATROL  ☐ COURTESY REPORT _____

Page: 5 of 10

**CITY 00005**

SUPP 01/072820/279 ROBERT

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

Case Number: 20-004630
Supplemental #:01
Supplemental Date/Time: 07-28-20 1745 hours
Officer Name/ID #: Robert #279
Offense: 243(B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES, 148(A)(1) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN, 21954(A) VC- RIGHT OF WAY
Typed By: SLS/07-28-20

On 07-28-20, at approximately 1926 hours, I was working in the Uniformed Patrol Division of Whittier PD in full police uniform.  At this time, there was an event at the Whittier PD.  Some citizens were showing their support for the police and another group of citizens were protesting the police.  For this event, I was deployed in an observer/over-watch role.  In this role, I was on top of the Whittier PD providing intel regarding the actions of the crowd.

While watching the crowd, I observed multiple vehicles of police supporters driving southbound on Washington Ave. toward Mar Vista St.  While these vehicles were driving southbound, a subject, later identified as AR Savage, stepped in front of the first vehicle that was traveling southbound.  This vehicle that was driving southbound was a white minivan.  I observed AR Savage step in front of the vehicle.  While she was in front of the vehicle, she began yelling and screaming at the occupants inside that vehicle.  Due to the AR stepping in front of the vehicle, the vehicle had to stop driving southbound. I could see the AR was clearly blocking traffic and was attempting to make it so the driver of the vehicle could not leave.  I also observed the AR wave her hands and motion to other protestors around her to have them join her and block the vehicle.  At this time, multiple other protestors stood in front of the vehicle.

Next, AR Savage moved out of the way of the first vehicle that was traveling southbound and then stood in front of the second vehicle that was traveling southbound. This vehicle was a grey minivan. Again, AR Savage stood in front of the vehicle blocking it from driving southbound.  While AR Savage was still standing in front of the second vehicle, I observed the AR pound aggressively on the hood of the vehicle.  Next, the AR began walking alongside the vehicle and was yelling and screaming, showing her middle fingers and reaching inside the windows of the vehicle.

The AR is described as a female, Black, wearing a floral print top, and blue jeans.

_____
APPROVED BY NAME/ID                        DATE

☐ DET ☐ AR DESK ☐ PATROL ☐ COURTESY REPORT _____

Page: 6 of 10

**CITY 00006**

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

At this time, Sergeant Zuhlke (ID 859), who was directly next to me, used the radio to notify the ground officers of the AR's actions. At this point, it was clear AR Savage was becoming more and more brazen in her behavior, and it appeared she was going to continue blocking traffic. After the officers on the ground were notified of the AR's behavior, they contacted the AR. Please refer to their original report for more information.

_____     _____
APPROVED BY NAME/ID                          DATE

☐ DET ☐ AR DESK ☐ PATROL ☐ COURTESY REPORT _____

**CITY 00007**

SUPP 02/072820/374 PRZYBYL

## WHITTIER POLICE DEPARTMENT
### Supplemental Narrative

Case Number: 20-4630
Supplemental #: 02
Supplemental Date/Time: 07/28/20/1745
Officer Name/ID #: Przybyl#374
Offense: 243 (B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES, 148(A) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN, 21954 (A) VC- RIGHT OF WAY
Records/Typed by: Przybyl#374

On 07/28/20 at approximately 1915 hours I was working uniform patrol in full police uniform. I was at the west rolling gate of the Whittier Police Department secured parking lot standing on the apron to the entrance of the secure lot. This was in response to a large disturbance because of protesters standing in the middle of street on Washington Avenue blocking north and south bound traffic. The protesters had approximately half a dozen vehicles stopped preventing them from traveling southbound. I noticed a female black wearing an orange colored floral shirt and blue jeans later identified as AR Savage was standing in front of a white vehicle with her arms on the hood of the car preventing it from moving.  This caused traffic to back up northbound all the way to Penn Street. AR Savage was screaming at the occupants of the car refusing to move.  She remained in this position blocking traffic screaming for approximately a minute.  AR Savage moved to the driver side of the car and leaned in towards the driver screaming at him. AR Savage was told numerous times to get out of the street and let traffic proceed.  She refused to comply it was at this time I directed Officers Draper #219 and Goodman #576 to arrest AR Savage for the above charges. For information about AR Savages' arrest refer to their reports.

_____     _____
APPROVED BY NAME/ID                          DATE

☐ DET ☐ AR DESK ☐ PATROL ☐ COURTESY REPORT _____

Page: 8 of 10

CITY 00008

ORIGINAL/072820/219 DRAPER

## WHITTIER POLICE DEPARTMENT
### Original Narrative

Case Number: 20-4630
Offense: 243(B) PC- BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE ON THEIR DUTIES
148(A)(1) PC- RESIST, DELAYS OR OBSTRUCT ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN
21954(A) VC- RIGHT OF WAY
Officer Name/ID: DRAPER #219
Records/Typed by: DRAPER #219

On 7-28-20 I was assigned to the uniformed patrol division for the city of Santa Fe Springs. At approximately 1915 hours I was detailed to respond to the area of 7300 Washington Ave to form an arrest team. This was an area that hosted a law enforcement appreciation parade along the west side of the Whittier Police Department. There was also a protest group in the same area.

Upon arrival I observed protesters standing in the street to the west side of the police department. I contacted Sgt. Segura #299, along with Officer Goodman #576. Sgt. Segura ordered Officer Goodman and I to arrest a black female wearing an orange colored floral shirt and blue jeans who was standing in the middle of the street (21954(a) CVC). That female was later identified as AR Jolie Savage.

Officer Goodman and I responded to Savage's location in the middle of the street. I attempted to grab Savage's right arm however, she became resistive and went to the ground as we were trying to pull her behind the police formed skirmish line. As I was trying to grab ahold of Savage she began tensing her muscles and flailing her arms trying to get free. Savage was ultimately placed on her back on the ground. I grabbed ahold of Savage's right arm and Officer Goodman grabbed her left arm. While we did this Savage quickly sat up with an open mouth and attempted to bit Officer Goodman. After officer Goodman escaped being bit by Savage we were able to turn her over onto her stomach. To prevent Savage from turning towards us and trying to bite us I briefly placed my knee on her back to prevent her movement. We then were able to place handcuffs on Savage.

Immediately after Savage was handcuffed, she was stood up and walked into the Whittier PD parking lot and into the Whittier jail. Savage was then booked for 243b PC, battery on a peace officer, 148(a)(1) PC, resisting a peace officer in their duties, and 21954(a) CVC, pedestrian in a roadway.

_____
APPROVED BY INITIALS/ID                    DATE

CITY 00009

## WHITTIER POLICE DEPARTMENT
### Original Narrative

For further details regarding this incident, there observations and actions refer to the supplemental reports by Lt. Przybyl #374, Ofcr. Robert #279, Sgt. Segura #299, and Ofcr. Goodman #576.

APPROVED BY INITIALS/ID                          DATE

CITY 00010

Ex. 20



# WHITTIER POLICE REPORT

## Summary

13200 E. Penn Street
Whittier, CA 90602
(562) 567-9200

www.whittierpd.org

| | | |
|---|---|---|
| **Print Date/Time:** | 07/29/2020 11:58 | **WHITTIER POLICE DEPARTMENT** |
| **Login ID:** | police\abriggs | **ORI Number:** |
| **Case Number:** | 2020-00004630 | CA0197600 |

**ORIGINAL REPORT**

## Case

| | | | | |
|---|---|---|---|---|
| **Case Number:** | 2020-00004630 | **Incident Type:** | 2 ASSAULT SIMPLE | |
| **Location:** | 13200 E PENN ST | **Occurred From:** | 07/28/2020 17:45 | |
| | Whittier, CA 90602 | **Occurred Thru:** | 07/28/2020 17:45 | |
| **Reporting Officer ID:** | 219 - DRAPER | **Disposition:** | | |
| | | **Disposition Date:** | | |
| | | **Reported Date:** | 07/28/2020 17:45 Tuesday | |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 13B | 243(B) PC-M | BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE OF THEIR DUTIES | 1 |
| 2 | State | 90Z | 148(A)(1) PC-M | RESIST, DELAYS OR OBSTRUCTS ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN | 1 |
| 3 | State | 90Z | 21954(A) VC | RIGHT OF WAY | 1 |

## Subjects

| Type | No. Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|
| ARRESTED PERSON | 1 SAVAGE, JOLIE KWANAIYUN | 1450 WILLOW AVENUE<br>LA PUENTE, CA 91746 | (562)641-1063 | B | F | 09/29/1993<br>26 |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|
| 222457 A | SAVAGE, JOLIE KWANAIYUN | 7300 WASHINGTON AVENUE WHITTIER, CA 90602 | 07/29/2020 19:26 | PROB CAUSE/OFCR INITIATED | 26 |

## Property

| Date | Code | Type | Make | Model | Description | Tag No. Item No. |
|---|---|---|---|---|---|---|

## Vehicles

| No. Role | Vehicle Type | Year Make | Model | Color | License Plate State |
|---|---|---|---|---|---|

_____ 374 _____
**APPROVED OFCR/ID**

07.29-20
Date:

SAVAGE000180

# WHITTIER POLICE DEPARTMENT
### ARREST BOOKING REPORT

| CASE #: 20-4630 | ADULT/JUVENILE A | DATE/TIME 7-28-20/1926 | OFFICER ID# 219 | OFFICER NAME DRAPER |
|---|---|---|---|---|
| BCS LEVEL | CHARGES/PRIMARY | WARRANT TYPE 243b P.C. | SECONDARY CHARGES 148(a)(1)PC | |
| (F-FELONY M-MISD D-DELINQ) MISD | 21954(a)CVC. | | CASE #: | CASE #: |
| COMPUTER ENTRY BY JAIL STAFF/RECORD STAFF | BOOKING ENTERED BY: | NAME/ID    ARREST ENTERED BY: | NAME/ID | CII: |

## ARRESTED PERSON

| NAME: Last Name, First Name Middle Name    SAVAGE, JOLIE KWAN AHVUN II | | | | | DOB 9-29-93 | POB (CITY/STATE OR COUNTRY) |
|---|---|---|---|---|---|---|
| ADDRESS: HOUSE NO. 1450    STREET WILLOW AVE | | | APT NO. | CITY LA PUENTE | STATE CA | ZIP 91746 |
| CDL/ID Card# F3226236 | STATE CA | AGE | RACE B | SEX F | HAIR BLK    EYES BRN | HEIGHT 55    WEIGHT 155 |
| U.S. CITIZEN? ___ YES ___ NO | CONSULATE NOTIFIED ___ YES ___ NO    DATE/TIME ___ | | NAME CONTACTED ___ | | | FAX # ___ |
| Social Security No: UNK | Telephone No. UNK | ALIASES/AKA/MONIKERS | | | | |

## WHERE ARRESTED

| ADDRESS: HOUSE NO. 7500    STREET WASHINGTON AVE | | APT NO. | CITY WHITTIER | STATE CA | ZIP 90602 |
|---|---|---|---|---|---|
| VEHICLE LICENSE NO. | STATE | DISPO OF VEHICLE (STORED/IMPOUNDED)  LOCATION OF VEHICLE (TOW COMPANY) | | | |
| COMPLAINANT (IF OTHER THAN OFFICER)    RF FORSEE | ADDRESS | | PHONE NO. | | |

## BACKGROUND

DO YOU HAVE? ___ T.B. ___ HEPATITIS ___ V.D. ___ AIDS ___ OR SPECIAL MEDICAL PROBLEM

| OCCUPATION | EMPLOYER (BUSINESS) | ADDRESS | | PHONE |
|---|---|---|---|---|
| MARTIAL STATUS    MARRIED ___ SINGLE ___ DIVORCED ___ SEPARATED ___ WIDOWED ___ | | | | NO. CHILDREN |
| IN CASE OF EMERGENCY:  NAME | ADDRESS | | | PHONE |

## JUVENILES ONLY:

| FATHER/GUARDIAN    NAME & ADDRESS | BUS. PHONE | RES. PHONE | OCCUPATION |
|---|---|---|---|
| MOTHER/GUARDIAN    NAME & ADDRESS | BUS. PHONE | RES. PHONE | OCCUPATION |
| NAME AND RELATIONSHIP OF PERSON JUVENILE LIVES WITH | BUS. PHONE | RES. PHONE | |
| PARENT NOTIFIED    DATE/TIME | SECURED DETENTION 207.1 WIC ADVISEMENT INFORMATION: | 1. JUVENILE ADVISED PURPOSE OF SECURE DETENTION ___ | 2. JUVENILE ADVISED EXPECTED DURATION OF DETENTION ___ | 3. JUVENILE ADVISED OF THE MAXIMUM 6 HOUR DETENTION LIMIT ___ |

## OTHER INFORMATION        VI ADVISED OF RELEASE

| PROBABLE CAUSE FORM    YES ___ NO ✓ | DV VICTIM INFO: | DATE: |
|---|---|---|
| NON-RELEASE FORM    YES ✓ NO ___ | NAME: | TIME: |
| BOOKING SEARCH FORM SIGNED BY ___ | CONTACT #: | INITIAL ID# |
| SEARCHED BY    CURSORY ✓ STRIP ___ UPGRADED ___ | W/C REVIEW ___    INITIALS/ID# ___ | DATE/TIME |
| NAME/ID # | W/C APPROVAL ___    INITIALS/ID# ___ 7/29/20 | DATE/TIME |

## RECORD OF PRISONER'S PROPERTY

| CASH $ 10.00 | INMATE INITIAL | AUTO STORED    YES ___ NO ✓ | LOCATION STORED OR PARKED | EVIDENCE TAKEN    YES ___ NO ___ |
|---|---|---|---|---|
| NOTE: $400.00 AND OVER AUDITED & SIGNED BY WATCH COMMANDER | | | BLOOD ___ BREATH ___ REFUSAL ___ | |
| 1  CDL | | | 7 | |
| 2  CAR KEYS | | | 8 | |
| 3  WHITE CELL PHONE IN FLORAL CASE | | | 9 | |
| 4  2 SETS OF HOOP EAR RINGS | | | 10 | |
| 5  NA | | | INMATE INITIAL FOR PROPERTY | |
| 6  NA | | | BOOKED INTO SAFEKEEPING ___ NOTICE GIVEN ___ JAIL STAFF AUDIT ___ | |

NOTICE: COMPLETION OF THIS REPORT & APPROVAL BY THE STATION WATCH COMMANDER CONSTITUTES COMPLIANCE WITH 853.6 CPC

## CONFIDENTIAL - FOR OFFICIAL USE ONLY

SAVAGE000189

DEFENDENT'S COPY

SAVAGE000191

# LOS ANGELES COUNTY
# BOOKING AND PROPERTY RECORD

| BOOKING No. | LOCAL AGENCY No. | | | | | | SUSPECT PHOTO |
|---|---|---|---|---|---|---|---|
| 5966542 | 20004630 | | | | | | |

| MAIN No. | SID. / CII. No. | FBI No. | ARN No. | DL LIC No. / STATE |
|---|---|---|---|---|
| | | | | F3226236  CA |

| ARRESTEE'S NAME (LAST, FIRST, MIDDLE) | HOME PHONE | DNA STATUS |
|---|---|---|
| SAVAGE, JOLIE KWANAIYUN | | |

| ADDRESS, CITY, STATE, ZIP | DNA COLLECTED BY: |
|---|---|
| 1450 WILLOW AVE LA PUENTE,CA 91746 | |

| SEX | DESCENT | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | AGE | DATE DNA COLLECTED: |
|---|---|---|---|---|---|---|---|---|
| F | B | BLK | BRO | 505 | 155 | 09-29-1993 | 26 | |

| VEH. LIC. No.  ST. | RPT DIST | AKA/NICKNAME |
|---|---|---|
| | 1976 | |

| BIRTHPLACE | CITIZENSHIP | ARR. AGY. / DETAIL | MONIKER | AD CHG | LIVESCAN OPERATOR(S) |
|---|---|---|---|---|---|
| CA | US | 1976 | | Y | |

| FILE No. | DATE & TIME ARRESTED | TIME BKD | |
|---|---|---|---|
| 20004630 | 07-28-2020   1926 | 2336 | |

| LOCATION OF ARREST | TOTAL BAIL |
|---|---|
| 7300 WASHINGTON AVE | 20000.00 |

| CHARGE | WARR./COMM. No. |
|---|---|
| 243(B) / PC / M | |
| BATT PO/EMERG PRSNL/ETC | |

| JAIL LOC. | ARRAIGNMENT DATE | TIME | COURT | PRISONER'S SIGNATURE WHEN BOOKED |
|---|---|---|---|---|
| 1976 | | | X | |

| SOC. SEC. No. | OBSERVABLE PHYSICAL ODDITIES | OCCUPATION |
|---|---|---|
| | | REFUSED |

| EMPLOYER (FIRM OR PERSON'S NAME, CITY & PHONE No.) | SPECIAL MEDICAL PROBLEMS |
|---|---|
| | REFUSED TO ANSWER |

| CLOTHING WORN | LOCATION OR DISPOSITION OF VEHICLE |
|---|---|
| ORANGE SHIRT, PANTS | |

| IN CASE OF EMERGENCY NOTIFY (NAME, RELATIONSHIP, ADDRESS, CITY & PHONE) |
|---|
| |

| ARRESTING OFFICER | BOOKING EMPLOYEE | SEARCHING OFFICER | TRANSPORTING OFFICER |
|---|---|---|---|
| DRAPER 219 | SANTIAGO  W71 | HOUK  W56 | DRAPER 219 |

| CASH RETAINED | PROPERTY |
|---|---|
| 0.00 | CLOTHING WORN...SHOES |

| | PRISONER'S SIGNATURE FOR RECEIPT OF FOREGOING CASH & PROPERTY |
|---|---|
| | |

| CASH DEPOSITED | PROPERTY |
|---|---|
| 10.00 | CDL, CAR KEYS, WHT CELL PHONE W FLORAL CASE, |

SETS OF FOAM EAR PLUGS 2, BRA, NECKLACE,

BELLY BUTTON RING

| PRISONER'S SIGNATURE FOR RECEIPT OF REMAINING CASH & PROPERTY |
|---|
| |

LACRISPDWHC-D01
20200729      00:09:58

| RIGHT FOUR IN | RIGHT THUMB IN | RIGHT THUMB OUT | RIGHT FOUR OUT |
|---|---|---|---|

| ADDITIONAL CHARGE | WARRANT NUMBER | ARRIGN DATE | TIME | COURT |
|---|---|---|---|---|
| **148(A)(1) / PC / M** **OBSTRUCT/ETC PUB OFCR/ETC** | SAVAGE000192 | | | |
| **21954(A) / VC / I** **PED NOT STOP:OUT CROSWALK** | | | | |

**TELEPHONE CALLS**

INTERVIEWS – Code: A = ATTY, B = BONDSMAN, D = DOCTOR, E = EMPLOYER, R = RELATIVE, W = WAIVED, O = OTHER

| NAME | CODE | PHONE# OR INTERVIEWER | DATE & TIME MADE | OFFICER HANDLING SERIAL# | PRISONER'S INTIIALS |
|---|---|---|---|---|---|
| BAIL DEVIATION | O | (213) 351-0311 | | | |

REMARKS                                                          X COMPLETED

Misdemeanor hold:

_____ NO IDENTIFICATION
_____ WARRANT
_____ ON GOING PROBLEM
_____ NON-CITABLE MISDEMEANOR
_____ OTHER: _____

APPROVED BY

WATCH COMMANDER:

REASON FOR RELEASE _____ EXPIRATION _____ FINE _____ CITATION _____ BAIL _____ OTHER

| RECEIPT # | DATE AND TIME |
|---|---|
| RELEASED BY | DOCUMENT ANALYST |

RELEASED TO (NAME, AGENCY & DETAIL)

**RECORD OF PROPERTY TRANSACTIONS**     CODE: A = ADD   W = WITHDRAW   I = INSPECT   E = REMOVE FOR EVIDENCE

| NAME OF PERSON ADDING, WITHDRAWING OR INSPECTING | OFFICER HANDLING SERIAL # | PRISONER'S SIGNATURE AUTHORIZING WITHDRAW | CODE | DESCRIPTION OF PROPERTY | DATE AND TIME |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| OFFICER MAKING FINAL RELEASE | DATE AND TIME | I DO HEREBY ACKNOWLEDGE RECEIPT OF ALL MY REMAINING PROPERTY |
|---|---|---|
| | | SIGNATURE |

BOOKING IMAGES                                         CA DMV IMAGES

```
CL59WHG04IH
```

RE: QHY.CA0197600.33229985.FLORES        DATE:20200729 TIME:03:00:45
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:FLORES #211,20004630,243PC

```
** PALM PRINTS AVAILABLE AT DOJ FOR PALM PRINTS CONTACT
PALM.PRINT@DOJ.CA.GOV
III CALIFORNIA ONLY SOURCE RECORD
CII/A33229985
DOB/19930929    SEX/F  RAC/BLACK
HGT/505  WGT/155  EYE/BRO  HAI/BLK  POB/CA
NAM/01 SAVAGE,JOLIE KWANAIYUN
    02 SAVAGE,JOLIE K
    03 SAVAGE,JOLIE KWAN AI YUN

FBI/K3T42L9T0
CDL/F3226236
SOC/608685098
MDS/CTZ-US
OCC/REFUSED
* * * *

APPLICANT:              NAM:01
20121130  CACT PUB/PRIV SCH CONTRACT, CALIFORNIA

CNT:01      #608685098
  APPLICANT CONTRACT EMPLOYEE
   COM: CAL POLY POMONA ACADEMIC POMONA
   COM: SCN-WB1F3350002 ATI-G335SAJ711
* * * *

APPLICANT:              NAM:02
20150902  CACC RANCHO CUCAMONGA, RANCHO CUCAMONGA

CNT:01      #608685098
  APPLICANT VOLUNTEER
   COM: SCN-209I2450010 ATI-I245SAJ555
* * * *

APPLICANT:              NAM:03
20160524  CAUD OPTIONS FOR YOUTH, VICTORVILLE

CNT:01
  APPLICANT CLASSIFIED SCHOOL EMPLOYEE
   COM: SCN-WB1J1450004 ATI-G145SAJ950
* * * *

APPLICANT:              NAM:01
20161110  CASD SOCIAL SERV CCL-CRCB, SACRAMENTO

CNT:01      #366427914
  APPLICANT HOME CARE EMPLOYEE PER 1796.42 HS
   COM: SCN-CN6J3150001 ATI-B315SAJ054
* * * *

APPLICANT:              NAM:03
20170818  CASD SOCIAL SERV CCL-CRCB, SACRAMENTO

CNT:01      #197806686
  APPLICANT GROUP HOME:+6 CHILDREN
   COM: SCN-ED5K2300005 ATI-B230SAJ333
* * * *

APPLICANT:              NAM:01
20180223  CAPV CTR FOR BEHAVRL SCIEN, COSTA MESA

CNT:01
  APPLICANT PRIVATE SCHOOL EMPLOYEE
```

ADULT COURT SERVICES INFO

CII # _A 33229985_
☑ Possible Match        ☐ No Match
FBI # ___961___
CCHRS # _Attached_
DMV DL # _F3226236_
☑ Possible Match        ☐ No Match

SAVAGE000193

```
COM  SCN-2141-0508067-ATI-C05DSAJ047
*  *  *  *
APPLICANT:              NAM:01
20181219  CASD SOCIAL SERV CCL-CRCB, SACRAMENTO

CNT:01    #306001333
  APPLICANT GROUP HOME:6- CHILDREN
   COM: SCN-DP2L3530001 ATI-F353SAJ476
*  *  *  *

ARR/DET/CITE:          NAM:01  DOB:19930929
20200728  CAPD WHITTIER

CNT:01    #5966542-45097805
  243(B) PC-BATTERY PEACE OFCR/EMERG PERSNL/ETC

CNT:02
  148(A)(1) PC-OBSTRUCT/ETC PUBLIC OFFICER/ETC

CNT:03
  21954(A) VC-PED FAIL YIELD:OUTSIDE CROSSWALK
   COM: ADR-20200728 (1450,WILLOW AVE, , ,LA PUENTE,CA,91746)
   COM: PHOTO AVAILABLE
   COM: SCN-L48N2110001
     *    *    *    END OF MESSAGE    *    *    *
```

**LOS ANGELES COUNTY**
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**                    Date: 07/29/2020

Page 1
Time: 03:06

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

| **Key Name:**(1) SAVAGE, JOLIE KWANAIYUN | **Date Name First Used:** 07/29/2020 |
|---|---|
| **SID/CII:**33229985    **MAIN:**45097805 | **FBI:**K3T42L9T0    **ARN:** |

**Requested By:**   WH00211
FLORES, NORMA

**Agency:**   CA0197600
WHITTIER PD

**Reason:**   20004630

**Search Criteria:**   Search Type:Rec Num;
Specific Record:SIDRecord
ID:33229985



**ACHS Data Included:**   YES

**Multi-Source Record:**   NO

DEPT. OF JUSTICE AND DMV MAY HAVE ADDITIONAL INFORMATION

## SUMMARY

| **Bookings** | | **Convictions** | | **Juvenile** | | **Warrants** | | **Probations** | | **ICE** | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Felony: | 0 | Felony: | 0 | Sustained: | 0 | Bench: | 0 | Open: | 0 | Deport: | 0 |
| Misd: | 1 | Misd: | 0 | Dismissed: | 0 | Arrest: | 0 | Expired: | 0 | Removal: | 0 |
| | | | | | | Infract.(FTA) | 0 | | | Illegal Entry: | 0 |

## LATEST INFORMATION

### ALERTS

Custody

**Latest Name:**   SAVAGE, JOLIE                    **Date Name Last Used:** 07/29/2020

| **Sex**    **Race** | **Hair** | **Eyes** | **Hgt** | **Wgt** | **DOB** | **Updated** |
|---|---|---|---|---|---|---|
| Female BLACK | BLACK | BROWN | 505 | 155 | 09/29/1993 | 07/29/2020 |

**Latest Address:**   1450 WILLOW AVE LA PUENTE CA 91746                    07/29/2020

| **Type** | **Start Date** | **End Date** | **Charge/Description** | **Case Number** | **Updated** |
|---|---|---|---|---|---|

| **Registration** | **Reg Number** | **Location** | **Reg Date** |
|---|---|---|---|
| PALM PRINT ON FILE | A33229985PLM | | 01/01/0001 |

SAVAGE000195

Ⓒ Copyright 1996, County of Los Angeles
All Rights Reserved

**LOS ANGELES COUNTY** | Page 2
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM** | Date: 07/29/2020 | Time: 03:06

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(\*)*

**Key Name:**(1) SAVAGE, JOLIE KWANAIYUN | **Date Name First Used:** 07/29/2020
**SID/CII:**33229985 | **MAIN:**45097805 | **FBI:**K3T42L9T0 | **ARN:**

## DESCRIPTORS

### #/Names/AKAs/Count

(1) SAVAGE, JOLIE KWANAIYUN     2     (2) SAVAGE, JOLIE KWAN     1
(3) SAVAGE, JOLIE K     1

### Dates of Birth/Count

09/29/1993     2

### Scars/Marks/Tattoos

### Other Identifiers

DL F3226236 CA     SSN 608685098     FBI K3T42L9T0

### Address/Count

1450 WILLOW AVE LA PUENTE CA 91746     1

### Birth Place/Count

CA     2

### Moniker/Count

### Gang Membership/Count

## JUVENILE SUSTAINED PETITIONS

No Juvenile Information

## CONVICTIONS/ACTIVE DIVERSIONS

No Convictions/Active Diversions Found.

## PENDING CASES

No Pending Cases.

SAVAGE000196

© Copyright 1996, County of Los Angeles
All Rights Reserved

**LOS ANGELES COUNTY**
**CONSOLIDATED CRIMINAL HISTORY REPORTING SYSTEM**

Date: 07/29/2020

Page 3
Time: 03:06

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

| **Key Name:**(1) SAVAGE, JOLIE KWANAIYUN | | **Date Name First Used:** 07/29/2020 |
|---|---|---|
| **SID/CII:**33229985 | **MAIN:**45097805 | **FBI:**K3T42L9T0 | **ARN:** |

## ARRESTS/CASES NOT REPORTED ABOVE

| **Arr Date** | **Name** | **Arresting Agency** | | | | **Booking Number** |
|---|---|---|---|---|---|---|
| 07/28/2020 | 1 | WHITTIER PD | | | | 005966542 |

| **Sex** | **Race** | | **Hair** | **Eyes** | **Height** | **Weight** | **DOB** |
|---|---|---|---|---|---|---|---|
| F | BLACK | | BLACK | BROWN | 505 | 155 | 09/29/1993 |

| **Cnt** | **Arrest Charges** | **Dispo Date** | **Result** |
|---|---|---|---|
| 1 | PC 243(B)<br>BATTERY - PO/OTHER | UNKNOWN | UNKNOWN |
| 2 | PC 148(A)(1)<br>RESIST PO OR EMT | UNKNOWN | UNKNOWN |
| 3 | VC 21954(A)<br>PEDESTRIAN YIELD | UNKNOWN | UNKNOWN |

(CASE FILING INFORMATION NOT MATCHED IN L.A. COUNTY)

## END OF TRANSCRIPT

Â© Copyright 1996, County of Los Angeles
All Rights Reserved

Ex. 21



# WHITTIER POLICE REPORT

## Summary

13200 E. Penn Street
Whittier, CA 90602
(562) 567-9200

www.whittierpd.org

**Print Date/Time:** 11/16/2021 09:04
**Login ID:** police\kramos
**Case Number:** 2020-00004630

WHITTIER POLICE DEPARTMENT
**ORI Number:** CA0197600

## Case

| | |
|---|---|
| **Case Number:** 2020-00004630 | **Incident Type:** 2 ASSAULT SIMPLE |
| **Location:** 13200 E PENN ST | **Occurred From:** 07/28/2020 17:45 |
| Whittier, CA 90602 | **Occurred Thru:** 07/28/2020 17:45 |
| **Reporting Officer ID:** 219 - DRAPER | **Disposition:** ARREST ADULT |
| | **Disposition Date:** 10/29/2020 |
| | **Reported Date:** 07/28/2020 17:45 Tuesday |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 13B | 243(B) PC-M | BATTERY AGAINST PEACE OFFICER, EMERGENCY TECH, ETC IN PERFORMANCE OF THEIR DUTIES | 1 |
| 2 | State | 90Z | 148(A)(1) PC-M | RESIST, DELAYS OR OBSTRUCTS ANY PUBLIC OFFICER, PEACE OFFICER OR EMERGENCY MEDICAL TECHNICIAN | 1 |
| 3 | State | 90Z | 21954(A) VC | RIGHT OF WAY | 1 |

## Subjects

| Type | No. Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|
| ARRESTED PERSON | 1 SAVAGE, JOLIE KWANAIYUN | 1450 WILLOW AVENUE | (562)641-1063 | B | F | 09/29/1993 |
| | | LA PUENTE, CA 91746 | | | | 26 |
| VICTIM | 1 GOODMAN, MARK | 13200 E PENN ST | (562)567-9200 | W | M | |
| | | Whittier, CA 90602 | | | | |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|
| 222457 A | SAVAGE, JOLIE KWANAIYUN | 7300 WASHINGTON AVENUE WHITTIER, CA 90602 | 07/29/2020 19:26 | PROB CAUSE/OFCR INITIATED | 26 |

## Property

| Date | Code | Type | Make | Model | Description | Tag No. Item No. |
|---|---|---|---|---|---|---|

## Vehicles

| No. Role | Vehicle Type | Year Make | Model | Color | License Plate State |
|---|---|---|---|---|---|

_____        _____

APPROVED OFCR/ID                                                    Date:

Page: 1 of 10

**CITY 00001**



# WHITTIER POLICE REPORT

## Summary

**13200 E. Penn Street**
**Whittier, CA  90602**
(562) 567-9200

www.whittierpd.org

**Print Date/Time:**  11/16/2021 09:04
**Login ID:**  police\kramos
**Case Number:**  2020-00004630

**ORI Number:**

WHITTIER POLICE DEPARTMENT
CA0197600

**Routing:**

☐ DET

☐ OTHER

☐ ADMIN

☐ COURTESY

☐ ID

☐ ARREST DESK

☐ CHIEF

☐ DA

☐ FILE

CITY 00002

# WHITTIER POLICE DEPARTMENT
## ARREST-BOOKING REPORT

| CASE #: 20-4630 | ADULT/JUVENILE A | DATE/TIME 7-28-20/1926 | OFFICER ID# 219 | OFFICER NAME DRAPER |
|---|---|---|---|---|
| BCS LEVEL | CHARGES/PRIMARY ~~(struck out)~~ | WARRANT TYPE 243b P.C. | SECONDARY CHARGES 148(a)(1)PC | |
| (F-FELONY M-MISD D-DELINQ) MISD | 21954(a)CVC | | CASE #: | CASE #: |
| COMPUTER ENTRY BY JAIL STAFF/RECORD STAFF | BOOKING ENTERED BY: DJ | NAME/ID TMG | ARREST ENTERED BY: DJ | NAME/ID #W 28 A33229905 |

## ARRESTED PERSON

| NAME: Last Name, First Name Middle Name SAVAGE, JOLIE KWAN AI YUN | DOB 9-29-93 | POB (CITY/STATE OR COUNTRY) UNK |
|---|---|---|
| ADDRESS: HOUSE NO. 1450  STREET WILLOW AVE  APT NO. | CITY LA PUENTE | STATE CA  ZIP 91746 |

| CDL/ID Card# F3276236 | STATE CA | AGE | RACE B | SEX F | HAIR BLK | EYES BRN | HEIGHT 55 | WEIGHT 155 |
|---|---|---|---|---|---|---|---|---|

| U.S. CITIZEN? ___ YES ___ NO | CONSULATE NOTIFIED ___ YES ___ NO DATE/TIME ___ | NAME CONTACTED ___ | FAX # ___ |
|---|---|---|---|
| Social Security No: UNK | Telephone No. UNK | ALIASES/AKA/MONIKERS UNK | |

## WHERE ARRESTED

| ADDRESS: HOUSE NO. 7300  STREET WASHINGTON AVE  APT NO. | CITY WHITTIER | STATE CA | ZIP 90602 |
|---|---|---|---|
| VEHICLE LICENSE NO. | STATE | DISPO OF VEHICLE (STORED/IMPOUNDED) LOCATION OF VEHICLE (TOW COMPANY) | |
| COMPLAINANT (IF OTHER THAN OFFICER) | ADDRESS REFUSED | PHONE NO. | |

## BACKGROUND

DO YOU HAVE? ___ T.B. ___ HEPATITIS ___ V.D. ___ AIDS ___ OR SPECIAL MEDICAL PROBLEM

| OCCUPATION | EMPLOYER (BUSINESS) | ADDRESS | PHONE |
|---|---|---|---|
| MARTIAL STATUS  MARRIED ___ SINGLE ___ DIVORCED ___ SEPARATED ___ WIDOWED ___ | | | NO. CHILDREN |
| IN CASE OF EMERGENCY: NAME | ADDRESS | | PHONE |

## JUVENILES ONLY:

| FATHER/GUARDIAN  NAME & ADDRESS | BUS. PHONE | RES. PHONE | OCCUPATION |
|---|---|---|---|
| MOTHER/GUARDIAN  NAME & ADDRESS | BUS. PHONE | RES. PHONE | OCCUPATION |
| NAME AND RELATIONSHIP OF PERSON JUVENILE LIVES WITH | BUS. PHONE | RES. PHONE | |
| PARENT NOTIFIED  DATE/TIME | SECURED DETENTION 207.1 WIC ADVISEMENT INFORMATION: | 1. JUVENILE ADVISED PURPOSE OF SECURE DETENTION ___ | 2. JUVENILE ADVISED EXPECTED DURATION OF DETENTION ___ | 3. JUVENILE ADVISED OF THE MAXIMUM 6 HOUR DETENTION LIMIT ___ |

## OTHER INFORMATION        VI ADVISED OF RELEASE

| PROBABLE CAUSE FORM  YES ___ NO X | DV VICTIM INFO: | DATE: |
|---|---|---|
| NON-RELEASE FORM  YES X  NO ___ | NAME: | TIME: |
| BOOKING SEARCH FORM SIGNED BY ___ | CONTACT #: | INITIAL ID# |
| SEARCHED BY  CURSORY X  STRIP ___ UPGRADED ___ | W/C REVIEW ✓ INITIALS/ID# 585 | DATE/TIME 7/28/20  2022 |
| NAME/ID # JAILER-ON DUTY | W/C APPROVAL ✓ INITIALS/ID 585 | DATE/TIME 7/29/20  0650 |

## RECORD OF PRISONER'S PROPERTY

| CASH $ 10.00 | INMATE INITIAL | AUTO STORED YES ___ NO X | LOCATION STORED OR PARKED | EVIDENCE TAKEN YES ___ NO ___ |
|---|---|---|---|---|

NOTE: $400.00 AND OVER AUDITED & SIGNED BY WATCH COMMANDER        BLOOD ___ BREATH ___ REFUSAL ___

1 CDL
2 CAR KEYS
3 WHITE CELL PHONE W FLORAL CASE
4 2 SETS OF FOAM EAR PLUGS
5 BRA
6 NECKLACE

7 Belly Ring
8
9 BIN #27
10

**O.R. CITE  11/18/20**

INMATE INITIAL FOR PROPERTY

BOOKED INTO SAFEKEEPING ___ NOTICE GIVEN ___ JAIL STAFF AUDIT WT

NOTICE: COMPLETION OF THIS REPORT & APPROVAL BY THE STATION WATCH COMMANDER CONSTITUTES COMPLIANCE WITH 853.6 CPC

**CONFIDENTIAL - FOR OFFICIAL USE ONLY**

CITY 00035

## PRISONER DATA

CASE # 20-004630
59066542
222457

DATE & TIME OF BOOKING: 07/28/20 @ 2336
AS #W71

WPD X    LIVE SCAN X

CII: A33229985

SEARCHED BY NAME ID# CURSORY X STRIP _____  W56  UPGRADED ____

RECORD CHECKED BY NAME ID# DATE TIME @2035
SANTIAGO #W71 07/28/20

| | | WHITTIER | SFS |
|---|---|---|---|
| CII 962 | CDL 961 | 961 | 961 |
| FBI 961 | NCIC VALID | | PROBATION 961 |
| | | ROS | PAROLE 961 |

## PHONE CALL LOG

| DATE TIME | NAME AND RELATIONSHIP | PHONE # | JAIL STAFF |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

### PHONE IN CELL

REMARKS:

## VISITOR LOG

| DATE TIME | NAME AND RELATIONSHIP | ADDRESS | PHONE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## PRISONER'S AUTHORIZATION FOR RELEASE OF PROPERTY

## NOTICE TO PERSON FROM WHOM SAFEKEEPING PROPERTY WAS TAKEN

This form constitutes notification of your rights according to law. Your signature is not an admission of responsibility, but indicates that you have received notification. Safekeeping property will held for 90 days for pickup by the owner or designated person with notarized authorization from the owner. After 90 days from the date of the seizure items will be disposed of and/or destroyed.

## RELEASE INFORMATION

### PROPERTY

| | | | | |
|---|---|---|---|---|
| CASH | 11/29/20 0500 | #W26 | $10.00 | |
| PROPERTY | 11/29/20 0500 | #W26 | AU | |

### SENTENCE/RELEASE DATA

JET 7/29/20 0500 #W26

OR CITE
#A574721
BELLFLOWER COURT

11/29/20 0500
11/18/20 0800 AM

**CITY 00036**

## WHITTIER POLICE DEPARTMENT
### ARREST-BOOKING REPORT

| CASE #: 20-4630 | ADULT/JUVENILE A | DATE/TIME 7-28-20/1926 | OFFICER ID# 219 | OFFICER NAME DRAPER |
|---|---|---|---|---|
| BCS LEVEL | CHARGES/PRIMARY ~~~~~ | WARRANT TYPE 243b P.C. | SECONDARY CHARGES 148(a)DPC | |
| (F-FELONY M-MISD D-DELINQ) MISD | 21954(a)cvc | | CASE #: | CASE #: |
| COMPUTER ENTRY BY JAIL STAFF/RECORD STAFF | BOOKING ENTERED BY: DJ | NAME/ID | ARREST ENTERED BY: DJ | NAME/ID #W 28  A333229905 |

### ARRESTED PERSON

| NAME: Last Name, First Name Middle Name  SAVAGE, JOELE KWAN AI YUN | DOB 9-29-93 | POB (CITY/STATE OR COUNTRY) UNK |
|---|---|---|
| ADDRESS: HOUSE NO. 1450  STREET WILLOW AVE | APT NO. | CITY LA PUENTE | STATE CA | ZIP 91746 |

| CDL/ID Card# F3246236 | STATE CA | AGE | RACE B | SEX F | HAIR BLK | EYES BRN | HEIGHT 55 | WEIGHT 155 |
|---|---|---|---|---|---|---|---|---|

| U.S. CITIZEN? ___ YES ___ NO | CONSULATE NOTIFIED ___ YES ___ NO  DATE/TIME ___ | NAME CONTACTED ___ | FAX # ___ |
|---|---|---|---|

| Social Security No: UNK | Telephone No. UNK | ALIASES/AKA/MONIKERS UNK |
|---|---|---|

### WHERE ARRESTED

| ADDRESS: HOUSE NO. 7300  STREET WASHINGTON AVE | APT NO. | CITY WHITTIER | STATE CA | ZIP 90602 |
|---|---|---|---|---|
| VEHICLE LICENSE NO. | STATE | DISPO OF VEHICLE (STORED/IMPOUNDED) | LOCATION OF VEHICLE (TOW COMPANY) | | |

| COMPLAINANT (IF OTHER THAN OFFICER) | ADDRESS   REFUSED | PHONE NO. |
|---|---|---|

### BACKGROUND

DO YOU HAVE? ___ T.B. ___ HEPATITIS ___ V.D. ___ AIDS ___ OR SPECIAL MEDICAL PROBLEM

| OCCUPATION | EMPLOYER (BUSINESS) | ADDRESS | PHONE |
|---|---|---|---|

| MARTIAL STATUS ___ MARRIED ___ SINGLE ___ DIVORCED ___ SEPARATED ___ WIDOWED | | NO. CHILDREN |
|---|---|---|
| IN CASE OF EMERGENCY:  NAME | ADDRESS | PHONE |

### JUVENILES ONLY:

| FATHER/GUARDIAN    NAME & ADDRESS | BUS. PHONE | RES. PHONE | OCCUPATION |
|---|---|---|---|
| MOTHER/GUARDIAN    NAME & ADDRESS | BUS. PHONE | RES. PHONE | OCCUPATION |
| NAME AND RELATIONSHIP OF PERSON JUVENILE LIVES WITH | | BUS. PHONE | RES. PHONE |
| PARENT NOTIFIED  DATE/TIME | SECURED DETENTION 207.1 WIC ADVISEMENT INFORMATION: | 1. JUVENILE ADVISED PURPOSE OF SECURE DETENTION ___ | 2. JUVENILE ADVISED EXPECTED DURATION OF DETENTION ___ | 3. JUVENILE ADVISED OF THE MAXIMUM 6 HOUR DETENTION LIMIT ___ |

### OTHER INFORMATION          VI ADVISED OF RELEASE

| PROBABLE CAUSE FORM  YES ___ NO X | DV VICTIM INFO: | DATE: |
|---|---|---|
| NON-RELEASE FORM  YES X  NO ___ | NAME: | TIME: |
| BOOKING SEARCH FORM SIGNED BY ___ | CONTACT #: | INITIAL ID# |
| SEARCHED BY  CURSORY X  STRIP ___  UPGRADED ___ | W/C REVIEW ✓  INITIALS/ID# SEA  7/28/20 | DATE/TIME 2027 |
| NAME/ID # JAILER-ON DUTY | W/C APPROVAL ✓  INITIALS/ID# 565  7/29/20 | DATE/TIME 0850 |

### RECORD OF PRISONER'S PROPERTY

| CASH $ 10.00 | INMATE INITIAL | AUTO STORED  YES ___ NO X | LOCATION STORED OR PARKED | EVIDENCE TAKEN  YES ___ NO ___ |
|---|---|---|---|---|

NOTE: $400.00 AND OVER AUDITED & SIGNED BY WATCH COMMANDER    BLOOD ___ BREATH ___ REFUSAL ___

1  CDL
2  CAR KEYS
3  WHITE CELL PHONE W FLORAL CASE
4  2 SETS OF FOAM EAR PLUGS
5  BRA
6  NECKLACE

7  Belly Ring
8
9  BIN #
10

**IN CUSTODY**

INMATE INITIAL FOR PROPERTY

BOOKED INTO SAFEKEEPING ___  NOTICE GIVEN ___  JAIL STAFF AUDIT W71

NOTICE: COMPLETION OF THIS REPORT & APPROVAL BY THE STATION WATCH COMMANDER CONSTITUTES COMPLIANCE WITH 853.6 CPC

CONFIDENTIAL - FOR OFFICIAL USE ONLY

CITY 00037

## PRISONER DATA

SE # 20-004630  DATE & TIME OF BOOKING 07/28/20 @ 2336  A33229985
5966542  FINGERPRINTED BY #W71  FBI:
222457  WPD X  LIVE SCAN X  SEARCHED BY: NAME/ID# W56  CURSORY X STRIP ___ UPGRADED ___

| RRANT NO: | SBAIL | CHARGES | RECORD CHECKED BY: NAME/ID# DATE/TIME @2035 | WHITTIER 961 | SFS 961 |
|---|---|---|---|---|---|
| | | | SANTIAGO #W71 07/28/20 | | |
| RRANT NO: | SBAIL | CHARGES | CII 962 | CWS 961 | CDL VALID | SRF | PROBATION 961 |
| RRANT NO: | SBAIL | CHARGES | FBI 961 | JAI | NCIC | ROS | PAROLE 961 |
| RRANT NO: | SBAIL | CHARGES | CCHRS | DOTS | DOJ | OTHER AGENCY (SPECIFY) |

## PHONE CALL LOG                    VISITOR LOG

| DATE/TIME | NAME AND RELATIONSHIP | PHONE # | JAIL STAFF | DATE/TIME | NAME AND RELATIONSHIP | ADDRESS | PHONE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### PHONE IN CELL

ARKS:

### PRISONER'S AUTHORIZATION FOR RELEASE OF PROPERTY

TE/TIME

OPERTY RELEASED TO:

ISONER'S SIGNATURE

ISONER'S NAME PRINTED

NESS/CUSTODY OFFICER NAME/ID#

CIPIENT SIGNATURE

CIPIENT NAME PRINTED

DRESS                    PHONE

### NOTICE TO PERSON FROM WHOM SAFEKEEPING PROPERTY WAS TAKEN

This form constitutes notification of your rights according to law. Your signature is not an admission of responsibility but indicates that you have received notification. Safekeeping property will held for 60 days for pick-up by the owner or designated person with notarized authorization from the owner. After 60 days from the date of the seizure, items will be disposed of and/or destroyed.

Receiving notice: _____ Date _____

Officer Custody Officer: _____ Date: _____

RELEASED FROM JAIL: _____ Date: _____

## RELEASE INFORMATION

### PROPERTY

| CASH | DATE TIME | RECEIVED FROM (NAME/ID# | MONEY | PRISONER SIGNATURE |
|---|---|---|---|---|
| ROPERTY | DATE TIME | RECEIVED FROM (NAME ID# | ITEMS | |

### SENTENCE/RELEASE DATA

| LEASED BY ORDER OF | DATE TIME | REASON FOR RELEASE (BOND/CASH BAIL OR 849) | | DATE RELEASED FROM CUSTODY | |
|---|---|---|---|---|---|
| LEASED BY (JAIL/OFFICER) | DATE TIME | CASH BAIL RECEIPT # | BOND NO. | TIME RELEASED FROM CUSTODY | |
| | S BAIL AMOUNT | TO APPEAR AT (COURT) | | COURT DATE | COURT TIME |
| LEASED TO (AGENCY/RELATIONSHIP) | | PERSON TAKING CUSTODY (SIGNATURE/RANK OR RELATIONSHIP) | | PROPERTY RELEASED: YES NO | |
| GNATURE | | PRINTED NAME | | | |

CITY 00038

| BOOKING No. 5966542 | LOCAL AGENCY No. 20004630 | **LOS ANGELES COUNTY BOOKING AND PROPERTY RECORD** | | | SUSPECT PHOTO |
|---|---|---|---|---|---|

| MAIN No. | SID. / CII. No. | FBI No. | ARN No. | DL LIC No. / STATE F3226236    CA | |
|---|---|---|---|---|---|

| ARRESTEE'S NAME (LAST, FIRST, MIDDLE) SAVAGE, JOLIE KWANAIYUN | | HOME PHONE | DNA STATUS | |
|---|---|---|---|---|

| ADDRESS, CITY, STATE, ZIP 1450 WILLOW AVE LA PUENTE,CA 91746 | | DNA COLLECTED BY: |
|---|---|---|

| SEX F | DESCENT B | HAIR BLK | EYES BRO | HEIGHT 505 | WEIGHT 155 | BIRTHDATE 09-29-1993 | AGE 26 | DATE DNA COLLECTED: |
|---|---|---|---|---|---|---|---|---|

| VEH. LIC. No.  ST. | RPT DIST 1976 | AKA/NICKNAME | |
|---|---|---|---|

| BIRTHPLACE CA | CITIZENSHIP US | ARR. AGY. / DETAIL 1976 | MONIKER | AD CHG Y | LIVESCAN OPERATOR(S) |
|---|---|---|---|---|---|

| FILE No. 20004630 | DATE & TIME ARRESTED 07-28-2020    1926 | TIME BKD 2336 | |
|---|---|---|---|

| LOCATION OF ARREST 7300 WASHINGTON AVE | TOTAL BAIL 20000.00 | |
|---|---|---|

| CHARGE 243(B) / PC / M BATT PO/EMERG PRSNL/ETC | WARR./COMM. No. | |
|---|---|---|

| JAIL LOC. 1976 | ARRAIGNMENT DATE | TIME | COURT | X | PRISONER'S SIGNATURE WHEN BOOKED |
|---|---|---|---|---|---|

| SOC. SEC. No. | OBSERVABLE PHYSICAL ODDITIES | OCCUPATION REFUSED |
|---|---|---|

| EMPLOYER (FIRM OR PERSON'S NAME, CITY & PHONE No.) | SPECIAL MEDICAL PROBLEMS REFUSED TO ANSWER |
|---|---|

| CLOTHING WORN ORANGE SHIRT, PANTS | LOCATION OR DISPOSITION OF VEHICLE |
|---|---|

| IN CASE OF EMERGENCY NOTIFY (NAME, RELATIONSHIP, ADDRESS, CITY & PHONE) |
|---|

| ARRESTING OFFICER DRAPER 219 | BOOKING EMPLOYEE SANTIAGO W71 | SEARCHING OFFICER HOUK W56 | TRANSPORTING OFFICER DRAPER 219 |
|---|---|---|---|

| CASH RETAINED 0.00 | PROPERTY CLOTHING WORN...SHOES |
|---|---|

| | PRISONER'S SIGNATURE FOR RECEIPT OF FOREGOING CASH & PROPERTY |
|---|---|

| CASH DEPOSITED 10.00 | PROPERTY CDL, CAR KEYS, WHT CELL PHONE W FLORAL CASE, |
|---|---|

SETS OF FOAM EAR PLUGS 2, BRA, NECKLACE,

BELLY BUTTON RING

| LACRISPDWHC-D01 20200729    00:09:52 | PRISONER'S SIGNATURE FOR RECEIPT OF REMAINING CASH & PROPERTY |
|---|---|

| RIGHT FOUR IN | RIGHT THUMB IN | RIGHT THUMB OUT | RIGHT FOUR OUT |
|---|---|---|---|

CITY 00039

| DITIONAL CHARGE | WARRANT NUMBER | ARRIGN DATE | TIME | COURT |
|---|---|---|---|---|
| 48(A)(1) / PC / M<br>)BSTRUCT/ETC PUB OFCR/ETC | | | | |
| 1954(A) / VC / I<br>'ED NOT STOP:OUT CROSWALK | | | | |

TELEPHONE CALLS

ERVIEWS – Code  A = ATTY, B = BONDSMAN, D = DOCTOR, E = EMPLOYER, R = RELATIVE, W = WAIVED, O = OTHER

| ME | CODE | PHONE# OR INTERVIEWER | DATE & TIME MADE | OFFICER HANDLING SERIAL# | PRISONER'S INTIALS |
|---|---|---|---|---|---|
| \IL DEVIATION | O | (213) 351-0311 | | | |

JARKS    X COMPLETED

| | REASON FOR RELEASE ___ EXPIRATION ___ FINE ____CITATION ____ BAIL ____OTHER |
|---|---|

Misdemeanor hold

____ NO IDENTIFICATION
____ WARRANT
____ ON GOING PROBLEM
____ NON-CITABLE MISDEMEANOR
____ OTHER: _____
\PPROVED BY
VATCH COMMANDER

| RECEIPT # | DATE AND TIME |
|---|---|
| RELEASED BY | DOCUMENT ANALYST |

RELEASED TO (NAME, AGENCY & DETAIL)

RECORD OF PROPERTY TRANSACTIONS    CODE  A = ADD   W = WITHDRAW   I = INSPECT   E = REMOVE FOR EVIDENCE

| NAME OF PERSON ADDING, WITHDRAWING OR INSPECTING | OFFICER HANDLING SERIAL # | PRISONER'S SIGNATURE AUTHORIZING WITHDRAW | CODE | DESCRIPTION OF PROPERTY | DATE AND TIME |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

| OFFICER MAKING FINAL RELEASE | DATE AND TIME | I DO HEREBY ACKNOWLEDGE RECEIPT OF ALL MY REMAINING PROPERTY |
|---|---|---|
| | | SIGNATURE |

BOOKING IMAGES    CA DMV IMAGES

CITY 00040

| BOOKING No.<br>5966542 | LOCAL AGENCY No.<br>20004630 | **LOS ANGELES COUNTY**<br>**BOOKING AND PROPERTY RECORD** | | | SUSPECT PHOTO |
|---|---|---|---|---|---|

| MAIN No. | SID. / CII. No. | FBI No. | ARN No. | DL LIC No. / STATE<br>F3226236     CA | |
|---|---|---|---|---|---|

| ARRESTEE'S NAME (LAST, FIRST, MIDDLE)<br>SAVAGE, JOLIE KWANAIYUN | | | HOME PHONE | DNA STATUS |
|---|---|---|---|---|

| ADDRESS, CITY, STATE, ZIP<br>1450 WILLOW AVE LA PUENTE,CA 91746 | | | | DNA COLLECTED BY: |
|---|---|---|---|---|

| SEX<br>F | DESCENT<br>B | HAIR<br>BLK | EYES<br>BRO | HEIGHT<br>505 | WEIGHT<br>155 | BIRTHDATE<br>09-29-1993 | AGE<br>26 | DATE DNA COLLECTED: |
|---|---|---|---|---|---|---|---|---|

| VEH. LIC. No.  ST. | RPT DIST<br>1976 | AKA/NICKNAME | |
|---|---|---|---|

| BIRTHPLACE<br>CA | CITIZENSHIP<br>US | ARR. AGY. / DETAIL<br>1976 | MONIKER | AD CHG<br>Y | LIVESCAN OPERATOR(S) |
|---|---|---|---|---|---|

| FILE No.<br>20004630 | DATE & TIME ARRESTED<br>07-28-2020    1926 | TIME BKD<br>2336 | |
|---|---|---|---|

| LOCATION OF ARREST<br>7300 WASHINGTON AVE | TOTAL BAIL<br>20000.00 | |
|---|---|---|

| CHARGE<br>243(B) / PC / M<br>BATT PO/EMERG PRSNL /ETC | WARR./COMM. No. | |
|---|---|---|

| JAIL LOC.<br>1976 | ARRAIGNMENT DATE | TIME | COURT | | PRISONER'S SIGNATURE WHEN BOOKED<br>X |
|---|---|---|---|---|---|

| SOC. SEC. No. | OBSERVABLE PHYSICAL ODDITIES | OCCUPATION<br>REFUSED |
|---|---|---|

| EMPLOYER (FIRM OR PERSON'S NAME, CITY & PHONE No.) | SPECIAL MEDICAL PROBLEMS<br>REFUSED TO ANSWER |
|---|---|

| CLOTHING WORN<br>ORANGE SHIRT, PANTS | LOCATION OR DISPOSITION OF VEHICLE |
|---|---|

| IN CASE OF EMERGENCY NOTIFY (NAME, RELATIONSHIP, ADDRESS, CITY & PHONE) |
|---|

| ARRESTING OFFICER<br>DRAPER 219 | BOOKING EMPLOYEE<br>SANTIAGO  W71 | SEARCHING OFFICER<br>HOUK W56 | TRANSPORTING OFFICER<br>DRAPER 219 |
|---|---|---|---|

| CASH RETAINED<br>0.00 | PROPERTY<br>CLOTHING WORN...SHOES |
|---|---|

| | PRISONER'S SIGNATURE FOR RECEIPT OF FOREGOING CASH & PROPERTY |
|---|---|

| CASH DEPOSITED<br>10.00 | PROPERTY<br>CDL, CAR KEYS, WHT CELL PHONE W FLORAL CASE, |
|---|---|

SETS OF FOAM EAR PLUGS 2, BRA, NECKLACE,

BELLY BUTTON RING

| LACRISPDWHC-D01<br>20200729    00:09:58 | PRISONER'S SIGNATURE FOR RECEIPT OF REMAINING CASH & PROPERTY |
|---|---|

| RIGHT FOUR IN | RIGHT THUMB IN | RIGHT THUMB OUT | RIGHT FOUR OUT |
|---|---|---|---|

CITY 00041

| DITIONAL CHARGE | WARRANT NUMBER | ARRIGN DATE | TIME | COURT |
|---|---|---|---|---|
| 48(A)(1) / PC / M<br>OBSTRUCT/ETC PUB OFCR/ETC | | | | |
| 1954(A) / VC / I<br>PED NOT STOP:OUT CROSWALK | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

TELEPHONE CALLS

ERVIEWS – Code: A = ATTY. B = BONDSMAN. D = DOCTOR. E = EMPLOYER. R = RELATIVE. W = WAIVED. O = OTHER

| NE | CODE | PHONE# OR INTERVIEWER | DATE & TIME MADE | OFFICER HANDLING SERIAL# | PRISONER S INTIIALS |
|---|---|---|---|---|---|
| AIL DEVIATION | O | (213) 351-0311 | | | |
| | | | | | |
| | | | | | |
| | | | | | |

MARKS                                                                X COMPLETED

| Misdemeanor hold: | REASON FOR RELEASE ___ EXPIRATION ___ FINE ____CITATION ____BAIL ____OTHER | |
|---|---|---|
| ___ NO IDENTIFICATION | RECEIPT # | DATE AND TIME |
| ___ WARRANT | | |
| ___ ON GOING PROBLEM | RELEASED BY | DOCUMENT ANALYST |
| ___ NON-CITABLE MISDEMEANOR | | |
| ___ OTHER _____ | RELEASED TO (NAME, AGENCY & DETAIL) | |
| PPROVED BY | | |
| WATCH COMMANDER | | |

RECORD OF PROPERTY TRANSACTIONS          CODE   A = ADD   W = WITHDRAW   I = INSPECT   E = REMOVE FOR EVIDENCE

| NAME OF PERSON ADDING, WITHDRAWING OR INSPECTING | OFFICER HANDLING SERIAL # | PRISONER'S SIGNATURE AUTHORIZING WITHDRAW | CODE | DESCRIPTION OF PROPERTY | DATE AND TIME |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

| OFFICER MAKING FINAL RELEASE | DATE AND TIME | I DO HEREBY ACKNOWLEDGE RECEIPT OF ALL MY REMAINING PROPERTY |
|---|---|---|
| | | SIGNATURE |

BOOKING IMAGES                                    CA DMV IMAGES

CITY 00042

LEAVE BLANK          CRIMINAL          (STAPLE HERE)          LEAVE BLANK

STATE USAGE
NFF SECOND
SUBMISSION    APPROXIMATE CLASS    AMPUTATION    SCAR

STATE USAGE          LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

SAVAGE,    JOLIE   KWANAIYUN

SIGNATURE OF PERSON FINGERPRINTED          SOCIAL SECURITY NO          LEAVE BLANK

ALIAS/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO | STATE IDENTIFICATION NO | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 09-29-1993 | F | B | 505 | 155 | BRO | BLK |

IDX 000053 TP5800 LACRISPDWHG-I01 23:36:50          DELL 5100cn          (NC)9255412 20200729 00:10:07

CITY 00043

CA0197600

07-28-2020

CAPDWHITTIER

CALIFORNIA  (CA)                                          (US)

CDL-F3226236

1450  WILLOW AVE
LA PUENTE,  CA  91746

                                                                                        E

DFIGUER                        5966542
07-28-2020

                                                    REFUSED

ARREST
X001  243(B)  PC  (M)
BATT PO/EMERG PRSNL/ETC

ARREST
X001  148(A)(1)  PC  (M)
OBSTRUCT/ETC PUB OFCR/ETC

ARREST
X001  21954(A)  VC  (I)
PED NOT STOP:OUT CROSWALK

**CITY 00044**

# WHITTIER POLICE DEPARTMENT
PROUDLY SERVING THE CITIES OF WHITTIER AND SANTA FE SPRINGS

## NON-RELEASE FORM

DATE/TIME _7-28-20_    BOOKING NUMBER _____

This form is executed in compliance with Section 853.6 California Penal Code.

_SAVAGE, JOLIE KWAN AI YLN_ was not released on a written Notice to Appear for reason(s) indicated
    Name
below:

YES NO

☐ ☒ 1. The person arrested was so intoxicated that he could have been a danger to himself or to others.

☐ ☒ 2. The person arrested required medical examination or medical care or was otherwise unable to care for his own safety.

☐ ☒ 3. The person was arrested for one or more of the offenses listed in Section 40302 of the vehicle code.

☐ ☒ 4. There were one or more outstanding arrest warrants for the person.

☐ ☒ 5. The person could not provide satisfactory evidence of personal identification.

☐ ☒ 6. The prosecution of the offense or offenses for which the person was arrested, or the prosecution of any other offenses.

☒ ☐ 7. There was a reasonable likelihood that the offense or offenses would continue or resume, or that the safety of the persons or property would be imminently endangered by release of the person arrested.

☐ ☒ 8. The person arrested demanded to be taken before a magistrate or refused to sign the Notice to Appear.

☐ ☒ 9. Any other reason. If the person arrested was not released for one or more of the reasons specified in paragraphs (1) to (8) inclusive, the arresting officer shall specifically state on this form the reason for the non-release.

_____

_____

_____

SIGNED _DRAPER_ _219_
           Officer             Badge #

INSTRUCTIONS: Whenever any person is arrested by a Peace Officer for a misdemeanor, and is not released with a written Notice to Appear in Court pursuant to 853.6 P.M., the arresting officer shall indicate, on this form, whether or not each of the above was a reason for such non-release.

This form shall be executed at the time of the arrest and be routed to Record Bureau for inclusion with the booking information.

This form shall be made available to any party having custody of the arrested person, subsequent to the arresting officer, and to any person authorized by law to release him from custody before trial.

WPD#55

CITY 00052