Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail:  cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, CA 90071-2942
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendants
PAUL SEGURA, MARK GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON ZUHLKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10,<br><br>        Defendants. | Case No.  2:21-cv-08067-MWC-PD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE ARGUMENT THAT A DEFENDANT DID NOT PROVIDE CERTAIN INFORMATION IN DEPOSITION**<br><br>*Filed concurrently with Declaration of Nathan A. Oyster, and [Proposed] Order*<br><br>MIL Hearing & Final Pretrial Conference:<br>Date:        11/21/2025<br>Time:        1:30 p.m.<br>Courtroom:   6A<br><br>Trial Date:   12/08/2025<br>Time:         8:30 a.m.<br>Courtroom:    6A<br><br>Judge:  Hon. Michelle Williams Court |

TO THE HONORABLE COURT, AND TO PLAINTIFF AND HER

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2025 at 1:30 p.m. in

Courtroom 6A of the above-entitled Court, located at 350 W. 1st Street, 6th Floor,

Los Angeles, California 90012, Defendants PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE (collectively, "Defendants") will and hereby do move this Court for an order to exclude argument that a defendant did not provide certain information in deposition. This motion is made following Local Rule 7-3 conference of counsel, which occurred on October 17, 2025.

This motion is made pursuant to Federal Rules of Evidence 401, 402, and 403, and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Nathan A. Oyster and exhibits attached thereto, and any other oral or documentary evidence that may be presented to the Court in support of this motion at the time of the hearing.

Dated:  October 24, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

By:        /s/ Nathan A. Oyster
            Nathan A. Oyster
            Caylin W. Jones
            Attorneys for Defendants
            PAUL SEGURA, MARK
            GOODMAN, JOHN DRAPER,
            MICHAEL PRZYBYL, and JASON
            ZUHLKE

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4909-1309-4773                    2                    Case No. 2:21-cv-08067-MWC-PD
                                                       DEFENDANTS' NOTICE OF MOTION AND
                                                       MOTION IN LIMINE NO. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This case arises from the July 28, 2020 arrest of Plaintiff JOLIE SAVAGE by officers of the Whittier Police Department during an event that featured competing groups of people – a pro-police vehicle caravan and anti-police protestors – exercising their First Amendment rights that occurred at the City of Whittier Police Station. Plaintiff contends Defendants arrested her without a lawful basis, used unreasonable force, and violated her First, Fourth, and Fourteenth Amendment rights.

Plaintiff deposed each of the five remaining Defendants, and those depositions were brief.[1]  Each Defendant then submitted a declaration in support of Defendants' Motion for Summary Judgment, which provided affirmative evidence in support of Defendants' Motion.  Those declarations contained information and details that were not the subject of questioning during the Defendants' respective depositions.  In opposing the Motion for Summary Judgment, Plaintiff argued that Defendants' declarations were "sham affidavits" due to the inclusion of information that was not discussed during Defendants' depositions.

Defendants anticipate that Plaintiff will make similar arguments at trial and seek an Order precluding Plaintiffs from seeking testimony or presenting arguments that a Defendant or other Whittier PD witness did not provide certain information in their deposition testimony, unless the deponent was asked a question that would have otherwise elicited that information.

/ / /

/ / /

---

[1] The depositions of four of the individual Defendants are as follows: Segura (61 minutes), Zuhlke (35 minutes), Pryzbyl (32 minutes), and Goodman (28 minutes). See Oyster Decl., at ¶¶ 3-6.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4909-1309-4773

1

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 1

## II.   LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at 1 (C.D. Cal. May 19, 2010). The following legal principles govern the evidence Defendants seek to exclude by this motion.

Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.   ARGUMENT

Defendants respectfully request an Order precluding any testimony or argument that a Defendant or other Whittier PD witness did not provide certain information in their deposition testimony, unless the witness was asked a question during their deposition that would have elicited such information. Argument that a Defendant or other Whittier PD witness did not provide certain information in deposition has no probative value unless the witness was asked a relevant question eliciting such a response.

Additionally, if Plaintiff's counsel is allowed to ask questions regarding whether a witness provided information in their deposition that was not the subject of a question, Defendants will be prejudiced, and the jury will be confused. Defendants do not seek to preclude Plaintiff from the proper use of impeachment evidence.  Instead, the issue is that Defendants will offer testimony and details that were not the subject of any questioning by Plaintiff in their respective depositions. Allowing argument that a Defendant did not provide certain information in deposition is substantially and unfairly prejudicial where in a deposition, witnesses

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4909-1309-4773

2

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 1

are admonished under oath to answer and respond to questions.

Further, it is unfairly prejudicial to allow argument at trial that a Defendant did not provide certain information in a deposition unless the witness was asked a question eliciting such a response because the witness has not had a chance to explain themselves regarding the unasked question. Indeed, the resulting prejudice is not something that can be cured on the witness stand, because such an argument may be made well before the witness takes the stand or far after the witness has left the stand.

Finally, argument that a Defendant did not provide certain information in deposition may cause jurors to improperly believe that a witness is not telling the truth.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request an Order precluding any evidence or argument that a Defendant or other Whittier PD witness did not provide certain information in their deposition testimony, unless the witness was asked a question during their deposition that would have elicited such information.

Dated:  October 24, 2025          BURKE, WILLIAMS & SORENSEN, LLP


By: _____/s/ Nathan A. Oyster_____
       Nathan A. Oyster
       Caylin W. Jones
       Attorneys for Defendants
       PAUL SEGURA, MARK
       GOODMAN, JOHN DRAPER,
       MICHAEL PRZYBYL, and JASON
       ZUHLKE

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4909-1309-4773          3          Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 1

# DECLARATION OF NATHAN A. OYSTER

I, Nathan A. Oyster, declare as follows:

1.      I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Defendants' Notice of Motion and Motion in Limine No. 1 to exclude argument that a Defendant or other Whittier PD witness did not provide certain information in deposition.

2.      Pursuant to Local Rule 7-3, I conducted a conference with Plaintiff's counsel, Rebecca Brown, on October 17, 2025.  We were unable to resolve the issues without the need for this Motion.

3.      Attached as **Exhibit "A"** is the cover page, reporter's certificate, the page indicating the start time, and the page indicating the end time for the deposition of Segura.  I calculated the duration of the deposition by subtracting the start time from the finish time.

4.      Attached as **Exhibit "B"** is the cover page, reporter's certificate, the page indicating the start time, and the page indicating the end time for the deposition of Zuhlke.  I calculated the duration of the deposition by subtracting the start time from the finish time.

5.      Attached as **Exhibit "C"** is the cover page, reporter's certificate, the page indicating the start time, and the page indicating the end time for the deposition of Pryzbyl.  I calculated the duration of the deposition by subtracting the start time from the finish time.

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4909-1309-4773

1

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 1

6.     Attached as **Exhibit "D"** is the cover page, reporter's certificate, the page indicating the start time, and the page indicating the end time for the deposition of Goodman.  I calculated the duration of the deposition by subtracting the start time from the finish time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 24th day of October, 2025, at Los Angeles, California.

_/s/ Nathan A. Oyster_
Nathan A. Oyster

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4909-1309-4773

2

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 1

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,

       Plaintiff,             Case No. 2:21-cv-08067-VAP-PD

  vs.

CITY OF WHITTIER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, and DOES 1 through 10,

       Defendants.

_____

DEPOSITION OF

OFFICER PAUL SEGURA

February 28, 2023

1:24 p.m.

3435 Wilshire Boulevard, Suite 2910

Los Angeles, California

Lori Raye, CSR No. 7052

1

BARKLEY
Court Reporters

APPEARANCES OF COUNSEL


On Behalf of the Plaintiff:


     REBECCA BROWN, ESQ.
     HADSELL STORMER RENICK & DAI LLP
     128 North Fair Oaks Avenue
     Pasadena, California 91103
     (626) 585-9600
      rbrown@hadsellstormer.com


On Behalf of the Defendants:


      NATHAN A. OYSTER, ESQ.
     BURKE, WILLIAMS & SORENSON, LLP
     444 South Flower Street
     Suite 2400
     Los Angeles, California 90071
     (213) 236-0600
     noyster@bwslaw.com

2

BARKLEY
Court Reporters

A.   No.

MR. OYSTER:  Calls for speculation.

THE WITNESS:  Sorry.

BY MS. BROWN:

Q.   To your knowledge, were any other follow-up actions taken by WPD in relation to Jolie Savage's arrest?

A.   I don't know.

MS. BROWN:  I think that is all the questions I have for you today.

MR. OYSTER:  No questions.  I would like a copy.

(The deposition was adjourned at 2:25 p.m.)

I have read the foregoing deposition transcript and by signing hereafter, subject to any changes I have made, approve same.

Dated_____.


_____
(Signature of Deponent)

50

OFFICER PAUL SEGURA

BARKLEY
Court Reporters

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I, LORI RAYE, hereby certify:

I am a duly qualified Certified Shorthand Reporter in the State of California, holder of Certificate Number CSR 7052 issued by the Certified Court Reporters' Board of California and which is in full force and effect.  (Fed. R. Civ. P. 28(a)(1)).

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the witness was first duly sworn by me.  (Fed. R. Civ. P. 28(a)(a)).

I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in this action.  (Fed. R. Civ. P. 28).

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record

/ / /

51

OFFICER PAUL SEGURA



of the testimony given by the witness.  (Fed. R. Civ. P. 30(f)(1)).

Before completion of the deposition, review of the transcript [xx] was [  ] was not requested.  If requested, any changes made by the deponent (and provided to the reporter) during the period allowed, are appended hereto.  (Fed. R. Civ. P. 30(e)).

Dated:  March 16, 2023

_____

52

OFFICER PAUL SEGURA

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


JOLIE SAVAGE,              )   Case No.: 2:21-cv-08067-
                          )             VAP-PD
          Plaintiff,      )
                          )
vs.                       )
                          )
CITY OF WHITTIER; JEFF    )
PIPER; PAUL SEGURA;       )
MARK GOODMAN; JOHN        )
DRAPER; MICHAEL           )
PRZYBYL; JASON ZUHLKE;    )
JEFFREY ROBERT, and       )
DOES 1 through 10,        )
                          )
          Defendants.     )
_____ )


REMOTE DEPOSITION OF JASON ZUHLKE

WHITTIER, CALIFORNIA

MONDAY, MARCH 6, 2023


DORIEN SAITO, CSR 12568, CLR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


JOLIE SAVAGE,                )  Case No.: 2:21-cv-08067-
                            )              VAP-PD
          Plaintiff,        )
                            )
vs.                         )
                            )
CITY OF WHITTIER; JEFF )
PIPER; PAUL SEGURA;    )
MARK GOODMAN; JOHN     )
DRAPER; MICHAEL        )
PRZYBYL; JASON ZUHLKE; )
JEFFREY ROBERT, and    )
DOES 1 through 10,      )
                            )
          Defendants.  )
_____)


          REMOTE DEPOSITION OF JASON ZUHLKE,

          taken on behalf of PLAINTIFF, in

          Whittier, California, commencing at

          1:30 p.m., Monday, March 6, 2023,

          before DORIEN SAITO, CSR 12568,

          CLR.

2

A P P E A R A N C E S :


FOR PLAINTIFF:

        HADSELL STORMER RENICK & DAI LLP
        By:  REBECCA BROWN, Attorney at Law
        128 North Fair Oaks Avenue
        Pasadena, California  91103
        rbrown@hadsellstormer.com

        -And-

        ORANGE LAW OFFICES
        By:  OLU K. ORANGE, Attorney at Law
            (Not present at the deposition)
        3435 Wilshire Boulevard
        Suite 2910
        Los Angeles, California  90010
        (213) 736-9900
        orangelawoffices@att.net

FOR DEFENDANTS:

        BURKE, WILLIAMS & SORENSEN, LLP
        By:  JOHN HORSTMANN, Attorney at Law
        444 South Flower Street
        Suite 2400
        Los Angeles, California  90071
        (213) 236-0600
        jhorstmann@bwslaw.com

3

directly connected to -- to her -- to the arrest of Ms. Savage and the incidents surrounding and leading up to the arrest that, you know, were in a better position, frankly, to articulate that information.  So it just wasn't -- so it just wasn't necessary.

Q.   Okay.

MS. BROWN:  Okay.  I think that's all the questions I have for you.

MR. HORSTMANN:  Okay.  And I don't have any follow-up.

THE REPORTER:  Okay.  Thank you so much.

And, John, will you be needing a copy of this transcript as well?

MR. HORSTMANN:  Yes, please.

THE REPORTER:  Okay.

And, Rebecca, regular turnaround okay?

MS. BROWN:  Yes, that's fine.

(The deposition proceedings were concluded at 2:05 p.m.)

-0o0-

31

CERTIFICATE OF REPORTER

I, DORIEN SAITO, CSR 12568, CLR, a certified Shorthand reporter in and for the State of California, County of Los Angeles, do hereby certify;

That JASON ZUHLKE, the witness named in the foregoing deposition, was, before the commencement of the deposition, duly administered an oath in accordance with CCP 2094;

That said deposition was taken down in stenograph writing by me and thereafter transcribed into typewriting under my direction.

That before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

Dated this 17th day of March, 2023.

_____
CERTIFIED SHORTHAND REPORTER
IN AND FOR THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA

34

# EXHIBIT C

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,

      Plaintiff,               Case No. 2:21-cv-08067-VAP-PD

  vs.

CITY OF WHITTIER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, and DOES 1 through 10,

      Defendants.

_____

DEPOSITION OF

LIEUTENANT MICHAEL PRZYBYL

February 28, 2023

9:31 a.m.

3435 Wilshire Boulevard, Suite 2910

Los Angeles, California

Lori Raye, CSR No. 7052

1

APPEARANCES OF COUNSEL

On Behalf of the Plaintiff:


     REBECCA BROWN, ESQ.
     HADSELL STORMER RENICK & DAI LLP
     128 North Fair Oaks Avenue
     Pasadena, California 91103
     (626) 585-9600
      rbrown@hadsellstormer.com


On Behalf of the Defendants:


      NATHAN A. OYSTER, ESQ.
     BURKE, WILLIAMS & SORENSON, LLP
     444 South Flower Street
     Suite 2400
     Los Angeles, California 90071
     (213) 236-0600
     noyster@bwslaw.com

2

BARKLEY
Court Reporters

Q.   Did you review Officer Draper and Officer Goodman's actions in the arrest in any capacity?

A.   I don't recall if I did.

Q.   Did you investigate her arrest in any capacity?

A.   I did not.

Q.   Are you aware of any investigation regarding the arrest?

A.   I'm not.

Q.   Are you aware of any other type of follow-up action taken by the department following the arrest?

A.   No, I'm not.

MS. BROWN:  I believe that is actually all the questions that I have for you.

MR. OYSTER:  Okay.

MS. BROWN:  Do you have any questions?

MR. OYSTER:  I have no questions.

THE REPORTER:  Do you need a copy of the transcript?

MR. OYSTER:  Yes, please.

(The deposition was adjourned

at 10:03 a.m.)

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I, LORI RAYE, hereby certify:

I am a duly qualified Certified Shorthand Reporter in the State of California, holder of Certificate Number CSR 7052 issued by the Certified Court Reporters' Board of California and which is in full force and effect.  (Fed. R. Civ. P. 28(a)(1)).

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the witness was first duly sworn by me.  (Fed. R. Civ. P. 28(a)(a)).

I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in this action.  (Fed. R. Civ. P. 28).

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record

/ / /

32

BARKLEY
Court Reporters

of the testimony given by the witness.  (Fed. R. Civ. P. 30(f)(1)).

Before completion of the deposition, review of the transcript [  ] was [  ] was not requested.  If requested, any changes made by the deponent (and provided to the reporter) during the period allowed, are appended hereto.  (Fed. R. Civ. P. 30(e)).

Dated:   March 16, 2023

_____

33

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

# EXHIBIT D

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| JOLIE SAVAGE, | ) | Case No.: 2:21-cv-08067-VAP-PD |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CITY OF WHITTIER; JEFF PIPER; PAUL SEGURA; MARK GOODMAN; JOHN DRAPER; MICHAEL PRZYBYL; JASON ZUHLKE; JEFFREY ROBERT, and DOES 1 through 10, | ) | |
| Defendants. | ) | |

REMOTE DEPOSITION OF MARK GOODMAN

POST FALLS, IDAHO

THURSDAY, MARCH 2, 2023

DORIEN SAITO, CSR 12568, CLR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


JOLIE SAVAGE,              )  Case No.: 2:21-cv-08067-
                          )              VAP-PD
         Plaintiff,        )
                          )
vs.                       )
                          )
CITY OF WHITTIER; JEFF    )
PIPER; PAUL SEGURA;       )
MARK GOODMAN; JOHN        )
DRAPER; MICHAEL           )
PRZYBYL; JASON ZUHLKE;    )
JEFFREY ROBERT, and       )
DOES 1 through 10,        )
                          )
         Defendants.       )
_____)


         REMOTE DEPOSITION OF MARK GOODMAN,

         taken on behalf of PLAINTIFF, in

         Post Falls, Idaho, commencing at

         2:04 p.m., Thursday, March 2, 2023,

         before DORIEN SAITO, CSR 12568,

         CLR.

2

A P P E A R A N C E S :


FOR PLAINTIFF:

    HADSELL STORMER RENICK & DAI LLP
    By:  REBECCA BROWN, Attorney at Law
    128 North Fair Oaks Avenue
    Pasadena, California  91103
    rbrown@hadsellstormer.com

    -And-

    ORANGE LAW OFFICES
    By:  OLU K. ORANGE, Attorney at Law
    3435 Wilshire Boulevard
    Suite 2910
    Los Angeles, California  90010
    (213) 736-9900
    orangelawoffices@att.net

FOR DEFENDANTS:

    BURKE, WILLIAMS & SORENSEN, LLP
    By:  NATHAN A. OYSTER, Attorney at Law
    444 South Flower Street
    Suite 2400
    Los Angeles, California  90071
    (213) 236-0600
    noyster@bwslaw.com

3

(The deposition proceedings were

concluded at 2:32 p.m.)

-0o0-

29

CERTIFICATE OF REPORTER

I, DORIEN SAITO, CSR 12568, CLR, a certified Shorthand reporter in and for the State of California, County of Los Angeles, do hereby certify;

That MARK GOODMAN, the witness named in the foregoing deposition, was, before the commencement of the deposition, duly administered an oath in accordance with CCP 2094;

That said deposition was taken down in stenograph writing by me and thereafter transcribed into typewriting under my direction.

That before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

Dated this 16th day of March, 2023.

_____
CERTIFIED SHORTHAND REPORTER
IN AND FOR THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA

32