Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail:  cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, CA 90071-2942
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendants
PAUL SEGURA, MARK GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON ZUHLKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JOLIE SAVAGE, | Case No.  2:21-cv-08067-MWC-PD |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE ON THE NUMBER OF OR LACK OF ARRESTS AT THE SCENE** |
| v. | |
| CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10, | *Filed concurrently with Declaration of Nathan A. Oyster, and  [Proposed] Order* |
| Defendants. | Hearing on MIL(s) and Final Pretrial Conference: |
| | Date:  11/21/2025 |
| | Time:  1:30 p.m. |
| | Courtroom:  6A |
| | Trial Date:  12/08/2025 |
| | Time:  8:30 a.m. |
| | Courtroom:  6A |
| | Judge:  Hon. Michelle Williams Court |

TO THE HONORABLE COURT, AND TO PLAINTIFF AND HER

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2025 at 1:30 p.m. in

Courtroom 6A of the above-entitled Court, located at 350 W. 1st Street, 6th Floor,

Los Angeles, California 90012, Defendants PAUL SEGURA, MARK GOODMAN,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-8239-1925

1

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 2

JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE (collectively, "Defendants") will and hereby do move this Court for an Order to exclude evidence or argument regarding the number of other arrests during the incident or that the lack of arrest of pro-police supporters can form the basis for liability.  This motion is made following the Local Rule 7-3 conference of counsel, which occurred on October 17, 2025.

This motion is made pursuant to Federal Rules of Evidence 401, 402, and 403, and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Nathan A. Oyster and exhibits attached thereto, and any other oral or documentary evidence that may be presented to the Court in support of this motion at the time of the hearing.

Dated:  October 24, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By:     /s/ Nathan A. Oyster
         Nathan A. Oyster
         Caylin W. Jones
         Attorneys for Defendants
         PAUL SEGURA, MARK
         GOODMAN, JOHN DRAPER,
         MICHAEL PRZYBYL, and JASON
         ZUHLKE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-8239-1925

2

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case arises from the July 28, 2020 arrest of Plaintiff JOLIE SAVAGE by officers of the Whittier Police Department during an event that featured competing groups of people – a pro-police vehicle caravan and anti-police protestors – exercising their First Amendment rights near the Whittier Police Station. Plaintiff contends Defendants arrested her without a lawful basis, used unreasonable force, and violated her First, Fourth, and Fourteenth Amendment rights.  Defendants deny those claims.

The critical issue to decide at trial will be whether Whittier PD officers had a lawful basis to detain and arrest Plaintiff and whether any force used against Plaintiff was objectively reasonable.   Plaintiff seeks both compensatory and punitive damages.

### II.    LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at 1 (C.D. Cal. May 19, 2010). The following legal principles govern the evidence Defendants seek to exclude by this motion.

Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. FED. R. EVID. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See FED. R. EVID. 401.

/ / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-8239-1925

1

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 2

Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.    ARGUMENT

Defendants respectfully request an order to exclude evidence or argument regarding the number of other arrests during the incident. Specifically, Defendants request an Order precluding Plaintiff from presenting any evidence at trial, including but not limited to testimony, exhibits, and argument, on the number of arrests of anti-police protestors or the lack of arrests of pro-police supporters during the incident.

**A.    Evidence On The Number of Arrests of Anti-Police Protestors or The Lack of Arrests of Pro-Police Supporters During the Incident Is Irrelevant to the Claims At Issue In Trial**

Evidence on whether anyone else was arrested at the scene should be precluded from trial because such evidence is irrelevant to Savage's constitutional claims at issue for trial. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See FED. R. EVID. 401. Evidence of whether anyone else was arrested at the scene is not relevant to Plaintiff's Constitutional claims. Indeed, whether anyone else was arrested at the scene has no bearing on whether officers had probable cause to arrest Savage or whether any officer used unreasonable force against Savage.

/ / /

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-8239-1925

2

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 2

**B.**     **The Probative Value of Evidence On The Number of Arrests of Anti-Police Protestors or The Lack of Arrests of Pro-Police Supporters During the Incident Are Substantially Outweighed By a Danger of Unfair Prejudice, Confusing the Issues, and Misleading the Jury**

As discussed above, evidence on whether anyone else was arrested during the incident is irrelevant to Plaintiff Savage's own personal constitutional claims remaining for trial. Given that evidence of whether anyone else was arrested at the scene does not make any facts of consequence regarding Savage's own personal alleged constitutional violations more or less probable, there is no probative value of such evidence. Moreover, given that whether anyone else was arrested at the scene has no bearing on whether officers had probable cause to arrest Savage or whether any officer used unreasonable force against Savage, there is no probative value of such evidence.

The lack of probative value of such evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. One of the issues remaining for trial is whether officers had probable cause to arrest Plaintiff Savage. If evidence on arrests of others or lack thereof is introduced at trial, jurors can be mislead and decide that there was or was no probable cause for Savage's arrest based on the existence of or lack of arrests of others at the scene on July 28, 2020.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-8239-1925

3

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 2

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request an order precluding any evidence, argument, and testimony regarding on the number of arrests of anti-police protestors or the lack of arrests of pro-police supporters during the incident.

Dated:  October 24, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


                                    By:  _____/s/ Nathan A. Oyster_____
                                         Nathan A. Oyster
                                         Caylin W. Jones
                                         Attorneys for Defendants
                                         PAUL SEGURA, MARK
                                         GOODMAN, JOHN DRAPER,
                                         MICHAEL PRZYBYL, and JASON
                                         ZUHLKE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-8239-1925

4

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 2

## <u>DECLARATION OF NATHAN A. OYSTER</u>

I, Nathan A. Oyster, declare as follows:

1.      I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Defendants' Notice of Motion and Motion in Limine No. 2 to exclude any evidence on the number of or lack of arrests at the scene.

2.      Pursuant to Local Rule 7-3, I met and conferred with Plaintiff's counsel, Rebecca Brown, on October 17, 2025.  We were unable to resolve the issues without the need for this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 24th day of October, 2025, at Los Angeles, California.

*/s/ Nathan A. Oyster*
Nathan A. Oyster

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-8239-1925

5

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' NOTICE OF MOTION AND
MOTION IN LIMINE NO. 2