Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, CA 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
PAUL SEGURA, MARK GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON ZUHLKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 2:21-cv-08067-MWC-PD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 FOR AN ORDER TO TRIFURCATE TRIAL**<br><br>*Filed concurrently with Declaration of Nathan A. Oyster, and [Proposed] Order*<br><br>Hearing on MIL(s) and Final Pretrial Conference:<br>Date:      11/21/2025<br>Time:      1:30 p.m.<br>Courtroom:   6A<br><br>Trial Date:   12/08/2025<br>Time:      8:30 a.m.<br>Courtroom:   6A<br><br>Judge:   Hon. Michelle Williams Court |

TO THE HONORABLE COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2025 at 1:30 p.m. in Courtroom 6A of the above-entitled Court, located at 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Defendants PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE (collectively,

"Defendants") will and hereby do move this Court for an order to trifurcate trial. This motion is made following the meet and confer efforts, including conference of counsel pursuant to Local Rule 7-3 on October 17, 2025.

This motion is made pursuant to Federal Rules of Evidence 401, 402, and 403, and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Nathan A. Oyster and any exhibits attached thereto, and any other oral or documentary evidence that may be presented to the Court in support of this motion at the time of the hearing.

Dated:  October 24, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By:  _____*/s/ Nathan A. Oyster*_____
　　　Nathan A. Oyster
　　　Caylin W. Jones
　　　Attorneys for Defendants
　　　PAUL SEGURA, MARK
　　　GOODMAN, JOHN DRAPER,
　　　MICHAEL PRZYBYL, and JASON
　　　ZUHLKE

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4917-1944-9717 v2

2

Case No. 2:21-cv-08067-MWC-PD
NOTICE OF MOTION AND MOTION IN LIMINE
NO. 4 TO TRIFURCATE TRIAL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case arises from the July 28, 2020 arrest of Plaintiff JOLIE SAVAGE by officers of the Whittier Police Department during an event that featured competing groups of people – a pro-police vehicle caravan and anti-police protestors – exercising their First Amendment rights that occurred at the City of Whittier Police Station. Plaintiff contends Defendants arrested her without a lawful basis, used unreasonable force, and violated her First, Fourth, and Fourteenth Amendment rights.

The critical issue to decide at trial will be whether Whittier PD officers had a lawful basis to detain and arrest Plaintiff and whether any force used against Plaintiff was objectively reasonable. Plaintiff seeks both compensatory and punitive damages.

Defendants contend that trial should be split into three phases, with phase 1 addressing the issue of liability and whether Plaintiff is entitled to punitive damages, phase 2 addressing compensatory damages, and phase 3 addressing the amount, if any, of punitive damages.  There are two distinct reasons for dividing the trial into three phases.

First, Defendants anticipate that Plaintiff will seek to introduce evidence that she injured her arm and eventually required surgery as a result of the arrest.  In separate motion in limine, Defendants seek to exclude evidence of the surgery on the basis that Plaintiff cannot establish an expert witness foundation to connect the alleged injury and surgery to the arrest.  Nonetheless, if Plaintiff is allowed to introduce evidence of the surgery during the same phase that the jury is tasked with deciding liability issues, the jury may become confused and determine that any force used was excessive if Plaintiff suffered an alleged injury.  This prejudice to Defendants can be resolved by splitting the issues of liability and damages into separate phases.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1944-9717 v2

1

Case No. 2:21-cv-08067-MWC-PD
NOTICE OF MOTION AND MOTION IN LIMINE
NO. 4 TO TRIFURCATE TRIAL

Second, if the jury determines that Plaintiff is entitled to punitive damages, a determination of Defendants' financial condition is appropriate, and that information should be obtained in a subsequent phase of trial.  Therefore, dividing the trial into three phases is appropriate.

## II.   ARGUMENT

### A.   Trifurcation Of Liability, Compensatory, and Punitive Damages Is Proper When The Ends Of Justice Or The Economy And Efficiency Of Conducting Litigation Would Be Promoted Thereby

Defendants respectfully request an order granting this Motion in Limine and trifurcating trial into three phases: (1) liability and entitlement to punitive damages; (2) amount of compensatory damages (if necessary); and (3) amount of punitive damages (if necessary).

"Bifurcation of the trial of liability and damage issues is well within the scope of a trial court's discretion under Fed.R.Civ.P. 42(b).") *Canchola v. Allstate Ins. Co.*, No. 8:23-CV-00734-FWS-ADS, 2025 WL 2373271, at *1 (C.D. Cal. July 3, 2025) (citation in original) Federal Rule of Civil Procedure § 42(b) states  that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b) "One favored purpose of bifurcation is to accomplish just what the district court sought to do here – avoiding a difficult question by first dealing with an easier, dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001)

While a district court has latitude over the trial structure, that latitude comes with guiderails. A district court may trifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed. R. Civ. P. 42(b); *Huang v. Ohio State Univ.*, 116 F.4th 541, 563-64 (6th Cir.2024). In dividing a trial into separate phases, a district court needs to consider "the potential prejudice to the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1944-9717 v2

2

Case No. 2:21-cv-08067-MWC-PD
NOTICE OF MOTION AND MOTION IN LIMINE
NO. 4 TO TRIFURCATE TRIAL

parties, the possible confusion of the jurors, and the resulting convenience and economy." *Id*. quoting *Martin v. Heideman,* 106 F.3d 1308, 1311 (6th Cir. 1997) (citing *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982)). We have recognized that bifurcation can be appropriate, for example, "when the evidence pertinent to the two issues is wholly unrelated and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination." *Helminski v. Ayerst Labs.*, 766 F.2d 208, 212 (6th Cir. 1985) (cleaned up). On the other hand, we have warned of the "danger that bifurcation may deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which they have brought," artificially separating the wrongdoing "from the reality of injury." *Beverly Hills*, 695 F.2d at 217. In other words, Rule 42(b) recognizes that sometimes separating a trial into phases can be helpful, but if it means the story has "missing chapters," it sometimes crosses a line. *Old Chief v. United States*, 519 U.S. 172, 189, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

When bifurcation leads to the exclusion of categories of relevant evidence, it certainly crosses this line. *Huang*, 116 F.4th at 563. Relevant evidence is, of course, not just facts that "carry a party's evidentiary burden" by proving an element of a claim. *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009). The standard for relevance is capacious—evidence is relevant if it has "any tendency" to make a "fact of consequence" to the case "more probable or less probable than it would be without the evidence." *Id*. at 400 (quoting Fed. R. Evid. 401). All it needs to do is "advance the ball" by showing that it is more (or less) likely that the plaintiff's theory of the defendant's liability is true. *Id*.

Defendants contend that the issues of liability and entitlement to damages (whether Defendants' violated Plaintiff's constitutional rights) in this case should be trifurcated and should precede trial of the amount of compensatory and punitive damages issues for all of the reasons set forth in Fed. R. Civ. P. 42(b); namely, the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1944-9717 v2

3

Case No. 2:21-cv-08067-MWC-PD
NOTICE OF MOTION AND MOTION IN LIMINE
NO. 4 TO TRIFURCATE TRIAL

convenience of witnesses, the ends of justice and the economy and efficiency of handling the trial.

The testimony from the Plaintiffs regarding damages is irrelevant to whether or not the Defendants are liable for any underlying constitutional violations, if any. Accordingly, testimony by Plaintiffs regarding damages can confuse the jury and cause the jury to rely on sympathy when reaching a verdict. There is no evidence to show that Plaintiffs would be disadvantaged by the bifurcation to hear testimony regarding damages until after Defendant's liability is determined.

As set forth below, such an order is necessary to promote judicial economy, expedite the trial and to simplify the issues for the jury.

**B.      Trifurcation Will Expedite Trial By "Dealing With An Easier, Dispositive Issue" First.**

Defendants submit that the relegation of the presentation of evidence respecting the liability issues and amount of compensatory and punitive damages to second and third phases of the trial will expedite the trial so that potentially unnecessary evidence relating to damages can be heard only after a finding of liability.  Of course, if the jury finds no liability against Defendants, then there would be no need for a second or third phase of the trial on compensatory and punitive damages, thus potentially saving considerable resources of the Court as well as the parties.  "One favored purpose of bifurcation is to accomplish just what the district court sought to do here – avoiding a difficult question by first dealing with an easier, dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001)

**C.      Trifurcation of Trial Serves the Ends of Justice by Permitting the Jury to Determine Liability Without Its Judgment Being Clouded by Inevitable Emotional Appeals for Sympathy**

Not only will trifurcation expedite trial of this matter, but it will permit the jury to consider the factual questions of whether or not the Defendants' lawfully

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1944-9717 v2

4

Case No. 2:21-cv-08067-MWC-PD
NOTICE OF MOTION AND MOTION IN LIMINE
NO. 4 TO TRIFURCATE TRIAL

arrested Plaintiff, and whether any alleged use of force was reasonable and, if so, to what extent Defendants are liable without being clouded by the emotional and potentially prejudicial cloud of Plaintiff's testimony concerning Plaintiff's alleged injuries and lasting impact of those injuries.

**D.   <u>Plaintiff Will Not be Prejudiced by Trifurcation of Trial.</u>**

Plaintiffs will suffer no prejudice whatsoever as a result of trifurcation of liability, amount of compensatory damages, and amount of punitive damages issues. Plaintiff will have a full opportunity, if necessary, to present their case to the jury concerning an award of compensatory and punitive damages, and the appropriate amount.  Moreover, Plaintiff will not be prejudiced by reserving presentation of damages until the jury has made a preliminary determination that such a presentation is necessary.  By contrast, the Court could unnecessarily expend judicial resources, and the parties could incur unnecessary litigation costs if liability issues were not tried before damage issues.

**III.   <u>CONCLUSION</u>**

Based upon the foregoing, Defendants respectfully request an order granting this Motion in Limine and trifurcating trial into three phases: (1) liability and entitlement to punitive damages; (2) amount of compensatory damages (if necessary); and (3) amount of punitive damages (if necessary).

Dated:  October 24, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By:        */s/ Nathan A. Oyster*
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants
PAUL SEGURA, MARK
GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON
ZUHLKE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1944-9717 v2                    5                    Case No. 2:21-cv-08067-MWC-PD
NOTICE OF MOTION AND MOTION IN LIMINE
NO. 4 TO TRIFURCATE TRIAL

## DECLARATION OF NATHAN A. OYSTER

I, Nathan A. Oyster, declare as follows:

1.      I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Defendants PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Defendants' Notice of Motion and Motion in Limine No. 4 for an order to trifurcate trial.

2.      Pursuant to Local Rule 7-3, I met and conferred with Plaintiff's counsel, Rebecca Brown, on October 17, 2025. We were unable to resolve the issues without the need for this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 24th day of October, 2025, at Los Angeles, California.


_/s/ Nathan A. Oyster_
Nathan A. Oyster

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4917-1944-9717 v2

6

Case No. 2:21-cv-08067-MWC-PD
NOTICE OF MOTION AND MOTION IN LIMINE
NO. 4 TO TRIFURCATE TRIAL