Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, CA 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
PAUL SEGURA, MARK GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON ZUHLKE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10,<br><br>　　　　Defendants. | Case No. 2:21-cv-08067-MWC-PD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO OFFICERS; DECLARATION OF NATHAN A. OYSTER IN SUPPORT THEREOF**<br><br>Hearing on MIL(s) and Final Pretrial Conference:<br>Date:　　November 21, 2025<br>Time:　　1:30 p.m.<br>Crtrm.:　　6A<br><br>Judge: Hon. Michelle Williams Court |

4903-9866-8149 v1

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case arises from the July 28, 2020 arrest of Plaintiff JOLIE SAVAGE by officers of the Whittier Police Department during an event that featured competing groups of people – a pro-police vehicle caravan and anti-police protestors – exercising their First Amendment rights that occurred at the City of Whittier Police Station. Plaintiff contends Defendants arrested her without a lawful basis, used unreasonable force, and violated her First, Fourth, and Fourteenth Amendment rights. Within approximately sixty (60) seconds of Plaintiff Savage's arrest, Plaintiff Savage engaged in a visible push with an officer, and within approximately forty (40) seconds yelled to officers, "Don't fucking touch me bitch." Plaintiff improperly brings the present motion in limine to exclude such evidence.

Although Plaintiff argued in opposition to Defendants' motion for summary judgment that the push between Savage and an officer was a disputed material fact, Plaintiff perplexingly argues in their present motion in limine that this disputed material fact is now irrelevant. Moreover, although the Ninth Circuit has held that information unknown to officers is relevant to 1983 and constitutional claims, Plaintiff argues in their motion in limine that such evidence, even if allegedly "unknown," is irrelevant. Further, while Plaintiff argued in opposition to Defendants' motion for summary judgment that "Plaintiff did not push an officer, rather the officer pushed Plaintiff," Plaintiff perplexingly argues that the video demonstrating the altercation between the officer and Plaintiff is "unfairly prejudicial" – if what Plaintiff argued in opposition to Defendants' motion for summary judgment is true, then any evidence regarding this altercation would be beneficial to Plaintiff – not "unfairly prejudicial." Further, and notably, while Plaintiff argues to exclude video evidence of her engaging in a push with an officer at the scene, Plaintiff's motion in limine is silent as to Plaintiff yelling "Don't fucking touch me bitch," immediately after pushing the officer, which is also

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

included in the video and relevant to the claims and defenses in this case. Finally, contrary to Plaintiff's speculation, Defendants are not introducing evidence of Plaintiff Savage's push with an officer as character evidence.

## II. ARGUMENT

### A. Information Allegedly "Unknown" to Officers Is Relevant

Plaintiff's primary argument in support of their motion in limine number one is that, "More importantly though, none of the Defendants were aware of this alleged push at the time that they arrested and used force on Savage." As an initial matter, assuming *arguendo*, even if the fact that Plaintiff Savage engaged in a push with officers was allegedly "unknown" to any officer, Plaintiff's argument fails where Courts have held that information "unknown" to officers is relevant to 1983 and constitutional claims. See *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019) (emphasis added) (holding "Crawford's testimony about Dozer's past behaviors and treatment was relevant **even though [Officer] Stringer had no knowledge of them**."); *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (emphasis added) ("In a case such as this, **where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible**."); *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019) (citing *Est. of Escobedo v. Martin*, 702 F.3d 388, 400 (7th Cir. 2012) ("'…**evidence unknown to officers at the time force was used' may be relevant in evaluating credibility**, such as by making it more or less likely that 'a suspect acted in the manner described by the officer.'") Indeed, one of Plaintiff's claims in this case is excessive force, and the Supreme Court of the United States has stated that a factfinder may consider outside evidence "in assessing the credibility of an officer's account of the circumstances that prompted the use of force." See *Graham v. Connor*, 490 U.S. 386, 399, 109 S. Ct. 1865, 1873, 104 L. Ed. 2d 443 (1989); see also *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009). Moreover, the Ninth Circuit has held

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 1 TO EXCLUDE
INFORMATION UNKNOWN TO OFFICERS

that, "the district court abused its discretion in excluding Crawford's proposed testimony under [Federal] Rules [of Evidence] 401 and 402," when the District Court held "that Crawford's proposed testimony was irrelevant **on the ground that [Officer] Stringer, at the time of the shooting, did not know** about the past events to which Crawford would have testified." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1078-1079 (9th Cir. 2019) (emphasis added).

Here, Plaintiff's primary argument that information allegedly unknown to officers should be excluded entirely lacks merit. To this end, Plaintiff's entire argument and cited authority focuses on whether information allegedly "unknown" to officers can be used as a basis for probable cause. However, assuming *arguendo*, even if this were true, probable cause is not the sole issue in this case. Indeed, Plaintiff has brought claims of excessive force and other alleged constitutional violations against numerous Defendants – not only Defendants Goodman and Draper who participated in arresting Plaintiff. Moreover, Plaintiff improperly cites to deposition testimony in an attempt to show that certain Defendants did not have knowledge of Savage pushing an officer. However, Plaintiff did not ask specific or leading questions to each and every Defendant eliciting such a response. Indeed, Plaintiff's depositions of each of the five remaining Defendants were brief.[1] Finally, even if information was allegedly "unknown" by any Defendant, the Ninth Circuit has held that information "unknown" to officers is relevant to 1983 and constitutional claims. See *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019) (emphasis added) (holding "Crawford's testimony about Dozer's past behaviors and treatment was relevant **even though [Officer] Stringer had no knowledge of them**."); *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 944

---

[1] The depositions of four of the individual Defendants are as follows: Segura (61 minutes), Zuhlke (35 minutes), Pryzbyl (32 minutes), and Goodman (28 minutes). See Oyster Decl., at ¶¶ 3-6.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 1 TO EXCLUDE
INFORMATION UNKNOWN TO OFFICERS

(9th Cir. 2009) (emphasis added) ("In a case such as this, **where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible**."); *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019) (citing *Est. of Escobedo v. Martin*, 702 F.3d 388, 400 (7th Cir. 2012) ("'…**evidence unknown to officers at the time force was used' may be relevant in evaluating credibility**, such as by making it more or less likely that 'a suspect acted in the manner described by the officer.'") Thus, Plaintiff's argument that information allegedly unknown to officers should be excluded lacks merit. Therefore, the Court should deny Plaintiff's motion.

### B.    Evidence of Savage Pushing An Officer Is Relevant

Evidence is relevant if: (a) it has <u>any</u> tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401(a)-(b) (emphasis added). "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these [Federal] rules [of Evidence]; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402.

In *Alegrett v. City and County of San Francisco*, the District Court applied the Ninth Circuit's reasoning in *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009), discussed above in Section II.(A) *supra*, under circumstances and claims similar to this case and denied Plaintiff's similar motion in limine. *Alegrett v. City & Cnty. of San Francisco*, No. 12-CV-05538-MEJ, 2014 WL 1881091, at *1 (N.D. Cal. May 9, 2014) In *Alegrett*, Plaintiff brought a similar motion in limine to exclude "'any evidence of the circumstances leading up to and including the arrest' **which were unknown to Defendant Matthew Sullivan ('Officer Sullivan')** on the grounds that it is both irrelevant under Federal Rules of Evidence (FRE) 401 and 402 to the issue of whether excessive force was used on Plaintiffs, and that it is highly prejudicial under FRE 403." Id. (parenthesis and quotations in original). The District Court denied Plaintiff's motion in limine. Id.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 1 TO EXCLUDE
INFORMATION UNKNOWN TO OFFICERS

The Court cited to *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938 (9th Cir. 2009) and reasoned, "Plaintiff intends to argue that at the time Officer Sullivan struck hi m [sic], he was not dangerous, and did not pose a threat to the officers," and "any evidence that refutes these claims is relevant to corroborate Officer Sullivan's testimony regarding Plaintiff's actions." Id.

Here, first, like in *Alegrett* where the Court applied the Ninth Circuit's reasoning from *Boyd* and denied Plaintiff's similar motion in limine, the Court should deny Plaintiff Savage's motion in limine. Indeed, Plaintiff intends to argue that Savage "was not dangerous" and "did not pose a threat to the officers." See Plaintiff's Motion in Limine, p. 1, ¶ 2 ("Ms. Savage did not engage in violence or threaten to engage in violence.") Accordingly, "any evidence that refutes these claims is relevant to corroborate Officer[s]…testimony regarding Plaintiff's actions." *Alegrett v. City & Cnty. of San Francisco*, No. 12-CV-05538-MEJ, 2014 WL 1881091, at *1 (N.D. Cal. May 9, 2014) Plaintiff engaging in a push with officers at the scene within approximately sixty (60) seconds of her arrest, and yelling "Don't fucking touch me bitch," within approximately forty (40) seconds of her arrest, refutes Plaintiff's claims that Savage did not pose an immediate threat.

Second, evidence that Savage engaged in a push with officers at the scene is relevant and easily satisfies the low bar of having **"any"** tendency to make a fact of consequence more or less probable. Indeed, the Court's Order [Dkt. 97] on Defendants' Motion for Summary Judgment states, "When Goodman and Draper first grabbed Savage, the only evidence that potentially could have formed a basis for probable cause under these provisions **was the push that occurred between Savage and an officer**." See Court Order on Defendants' Motion for Summary Judgment, Dkt. 97, p. 25, ¶ 2 (emphasis added). Thus, while Defendants do not agree that this was "the only evidence that potentially could have formed a basis for probable cause…," Defendants contend that certainly such evidence has a tendency to make a fact of consequence more or less probable.

6

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 1 TO EXCLUDE
INFORMATION UNKNOWN TO OFFICERS

Third, assuming *arguendo*, even if evidence of Savage pushing an officer, yelling "Don't fucking touch me bitch" and evidence allegedly "unknown" to officers was not relevant to refuting facts regarding Plaintiff's claims, which they are, such evidence is certainly relevant for the jury to determine credibility of Defendant Officers at trial. Thus, Plaintiff's argument that such evidence is irrelevant lacks merit. Therefore, the Court should deny Plaintiff's motion in limine.

**C.    The High Probative Value of Savage Pushing an Officer Immediately Prior To Her Arrest Is Not Substantially Outweighed By A Danger of Unfair Prejudice, Confusion of the issues, or Misleading the Jury**

Relevant evidence may be excluded only if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, as discussed above  in Sections II.(A)-(B) and (D) herein, information allegedly "unknown" to officers, Savage engaging in a push with officers within approximately sixty (60) seconds of her arrest, and Savage yelling "Don't fucking touch me bitch" to officers within approximately forty (40) seconds of her arrest, are relevant and highly probative of the claims and defenses in this case. Indeed, Ninth Circuit Model Jury Instruction No. 9.25 regarding excessive force includes the following factors for the jury to consider: (1) whether Plaintiff posed an immediate threat to the safety of the officers or to others; (2) whether Plaintiff was actively resisting or attempting to evade arrest by flight; (3) the amount of time officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period; (4) the severity of the security problem at issue; (5) the number of lives at risk (motorists, pedestrians, police officers); (6) whether it was practical for the Officers to give warning of the imminent use of force; and (7) whether there was probable cause for a reasonable

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm. Certainly, Plaintiff engaging in a push with officers approximately sixty (60) seconds before her arrest, and yelling "Don't fucking touch me bitch," approximately forty (40) seconds before her arrest has a tendency to make these factors more or less probable. Finally, while Plaintiff seeks to exclude the video depicting Savage push an officer, Plaintiff does not seek to exclude evidence of Savage yelling "Don't fucking touch me bitch," which occurred in the vicinity of Defendant officers at the scene, is captured in the video that Plaintiff seeks to exclude, and is relevant to the claims and defenses in this case.

The high probative value of evidence regarding Plaintiff pushing an officer and yelling "Don't fucking touch me bitch," is not substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Savage's conduct within approximately forty to sixty seconds of her arrest will not confuse or mislead the jury where the jury should see what happened immediately prior to Savage's arrest. **To the contrary, excluding Savage's conduct within approximately sixty seconds of her arrest will confuse the jury** where the jury will not see what happened immediately prior to Savage's arrest or what lead to Savage's arrest. Therefore, the Court should deny Plaintiff's motion in limine.

### D.    The Jury Must Decide Whether Savage Engaged In A Push

"Where the facts are disputed, their resolution and determinations of credibility 'are manifestly the province of a jury.'" *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1110 (9th Cir. 2004); see also *N. G. by & through Magallon v. Cnty. of Los Angeles*, 746 F. App'x 659, 661 (9th Cir. 2018) (reasoning that "the jury could reasonably find that the Deputies rebutted Plaintiffs' theory that Deputy Chevez's deposition testimony contradicted the Deputies' version of events.")

Here, as noted in the Court's order on Defendants' Motion for Summary Judgment under the heading "**Disputed Facts**," "Whether Savage or an officer initiated the push that occurred after Savage walked away from the second white

8

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 1 TO EXCLUDE
INFORMATION UNKNOWN TO OFFICERS

car," is a disputed material fact in this case. See Court Order on Defendants' Motion for Summary Judgment, Dkt. 97, p. 15, ¶ 1 (emphasis added) "Where the facts are disputed, their resolution and determinations of credibility 'are manifestly the province of a jury.'" *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1110 (9th Cir. 2004) Indeed, in Plaintiff's opposition to Defendants' Motion for Summary Judgment, it was Plaintiff's position that Savage pushing an officer was a material fact that should be resolved by the jury: "…**the allegation that Ms. Savage pushed an officer is a factual dispute that must be resolved by the jury**." See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83, p. 12, ¶ 2. Moreover, Plaintiff conceded that the push between Savage and an officer was a disputed material fact in Plaintiff's response to Defendants' separate statement of undisputed material facts: "Disputed. Plaintiff was first speaking with officers, not yelling. Exhibit 2 to Defendants' COE at 6:30-7:05**. Plaintiff did not push an officer, rather the officer pushed Plaintiff**. Id. **Plaintiff said to the officer 'Don't fucking touch me bitch**.' Id. See Brown Decl. Ex. 1 at 57:19-59:4." See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83-1, p. 5, Fact Number 19 (citations and quotations in original). Thus, Plaintiff has conceded that Savage pushing an officer and yelling "Don't fucking touch me bitch" are relevant material facts that should be decided by a jury.

Moreover, in Plaintiff's motion in limine, Plaintiff argues that certain Defendants did not have knowledge of Savage pushing an officer. Assuming *arguendo*, even if this was true, it is in the province of the jury to decide whether such deposition testimony contradicts Plaintiff's version of the facts. See *N. G. by & through Magallon v. Cnty. of Los Angeles*, 746 F. App'x 659, 661 (9th Cir. 2018) (reasoning that "the jury could reasonably find that the Deputies rebutted Plaintiffs' theory that Deputy Chevez's deposition testimony contradicted the Deputies' version of events.") Finally, Plaintiff makes no mention in their motion in limine that Defendants had no knowledge of her yelling "Don't fucking touch me bitch" to

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

Officers. Thus, Plaintiff's argument that evidence of Savage pushing an officer should be excluded based on Defendants' deposition testimony lacks merit. Therefore, the Court should deny Plaintiff's motion in limine.

### E. Defendants Are Not Offering Evidence of Savage Engaging in a Push With Officers As Character Evidence

Plaintiff Savage incorrectly speculates that Defendants intend to offer evidence of Savage engaging in a push with officers as character evidence. Federal Rule of Evidence 404 does not apply, because Defendants are not offering evidence of Savage engaging in a push with officers to "prove that on a particular occasion the person [Savage] acted in accordance with the character or trait." As discussed above in Sections II(A)-(D), Defendants offer such evidence relevant to factors regarding Plaintiff's constitutional claims. Moreover, Plaintiff Savage has not demonstrated that Savage engaging in a push with an officer within approximately sixty (60) seconds of her arrest is attenuated so as to constitute a separate occurrence or trait that Savage "acted in accordance with." Indeed, Plaintiff has not cited to any authority indicating that Savage's actions within approximately 60 seconds of her arrest constitute a separate occurrence or trait. The push occurred within 60 seconds of Savage's arrest, at the same location where Savage was arrested, within the vicinity of Defendants, and accordingly, is not a separate occurrence or trait that "Plaintiff acted in accordance therewith." Thus, Plaintiff's argument that Savage pushing an officer is improper character evidence lacks merit. Therefore, the Court should deny Plaintiff's motion in limine.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine number 1.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 1 TO EXCLUDE
INFORMATION UNKNOWN TO OFFICERS

Dated:  November 7, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By:  _/s/ Nathan A. Oyster_
Nathan A. Oyster
Caylin W. Jones
Zareh Bursalyan
Attorneys for Defendants
PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

## <u>DECLARATION OF NATHAN A. OYSTER</u>

I, Nathan A. Oyster, declare as follows:

1.    I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Defendants PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO OFFICERS.

2.    Pursuant to Local Rule 7-3, I conducted a conference with Plaintiff's counsel, Rebecca Brown, on October 17, 2025.  We were unable to resolve the issues in this opposition to Plaintiff's Motion in Limine Number 1.

3.    Attached as **Exhibit "A"** is the cover page, reporter's certificate, the page indicating the start time, and the page indicating the end time for the deposition of Segura.  I calculated the duration of the deposition by subtracting the start time from the finish time.

4.    Attached as **Exhibit "B"** is the cover page, reporter's certificate, the page indicating the start time, and the page indicating the end time for the deposition of Zuhlke.  I calculated the duration of the deposition by subtracting the start time from the finish time.

5.    Attached as **Exhibit "C"** is the cover page, reporter's certificate, the page indicating the start time, and the page indicating the end time for the deposition of Pryzbyl.  I calculated the duration of the deposition by subtracting the start time from the finish time.

6.    Attached as **Exhibit "D"** is the cover page, reporter's certificate, the page indicating the start time, and the page indicating the end time for the deposition of Goodman.  I calculated the duration of the deposition by subtracting the start time from the finish time.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

12

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO OFFICERS

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on this 7th day of November, 2025, at Los Angeles, California.

 /s/ Nathan A. Oyster
Nathan A. Oyster

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

13

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 1 TO EXCLUDE
INFORMATION UNKNOWN TO OFFICERS

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,

      Plaintiff,            Case No.
2:21-cv-08067-VAP-PD

  vs.

CITY OF WHITTIER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, and DOES 1 through 10,

      Defendants.

_____

DEPOSITION OF

OFFICER PAUL SEGURA

February 28, 2023

1:24 p.m.

3435 Wilshire Boulevard, Suite 2910

Los Angeles, California

Lori Raye, CSR No. 7052

1

BARKLEY
Court Reporters

APPEARANCES OF COUNSEL


On Behalf of the Plaintiff:


        REBECCA BROWN, ESQ.
     HADSELL STORMER RENICK & DAI LLP
     128 North Fair Oaks Avenue
     Pasadena, California 91103
     (626) 585-9600
      rbrown@hadsellstormer.com


On Behalf of the Defendants:


        NATHAN A. OYSTER, ESQ.
     BURKE, WILLIAMS & SORENSON, LLP
     444 South Flower Street
     Suite 2400
     Los Angeles, California 90071
     (213) 236-0600
     noyster@bwslaw.com

2

OFFICER PAUL SEGURA

**BARKLEY**
Court Reporters

A.    No.

MR. OYSTER:  Calls for speculation.

THE WITNESS:  Sorry.

BY MS. BROWN:

Q.   To your knowledge, were any other follow-up actions taken by WPD in relation to Jolie Savage's arrest?

A.    I don't know.

MS. BROWN:  I think that is all the questions I have for you today.

MR. OYSTER:  No questions.  I would like a copy.

(The deposition was adjourned at 2:25 p.m.)

I have read the foregoing deposition transcript and by signing hereafter, subject to any changes I have made, approve same.

Dated_____.

_____
(Signature of Deponent)

50

OFFICER PAUL SEGURA

**BARKLEY**
*Court Reporters*

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

        I, LORI RAYE, hereby certify:

        I am a duly qualified Certified Shorthand

Reporter in the State of California, holder of

Certificate Number CSR 7052 issued by the Certified Court

Reporters' Board of California and which is in full

force and effect.  (Fed. R. Civ. P. 28(a)(1)).

        I am authorized to administer oaths or

affirmations pursuant to California Code of Civil

Procedure, Section 2093(b) and prior to being examined,

the witness was first duly sworn by me.  (Fed. R. Civ.

P. 28(a)(a)).

        I am not a relative or employee or attorney or

counsel of any of the parties, nor am I a relative or

employee of such attorney or counsel, nor am I

financially interested in this action.  (Fed. R. Civ. P.

28).

        I am the deposition officer that

stenographically recorded the testimony in the foregoing

deposition and the foregoing transcript is a true record

                        / / /

                        51

OFFICER PAUL SEGURA



of the testimony given by the witness.  (Fed. R. Civ. P. 30(f)(1)).

Before completion of the deposition, review of the transcript [xx] was [  ] was not requested.  If requested, any changes made by the deponent (and provided to the reporter) during the period allowed, are appended hereto.  (Fed. R. Civ. P. 30(e)).

Dated:  March 16, 2023

_____

52

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


JOLIE SAVAGE,                )  Case No.: 2:21-cv-08067-
                            )             VAP-PD
          Plaintiff,        )
                            )
vs.                         )
                            )
CITY OF WHITTIER; JEFF )
PIPER; PAUL SEGURA;     )
MARK GOODMAN; JOHN      )
DRAPER; MICHAEL         )
PRZYBYL; JASON ZUHLKE; )
JEFFREY ROBERT, and     )
DOES 1 through 10,      )
                            )
          Defendants.   )
_____)


REMOTE DEPOSITION OF JASON ZUHLKE

WHITTIER, CALIFORNIA

MONDAY, MARCH 6, 2023


DORIEN SAITO, CSR 12568, CLR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


JOLIE SAVAGE,              )  Case No.: 2:21-cv-08067-
                          )             VAP-PD
         Plaintiff,       )
                          )
vs.                       )
                          )
CITY OF WHITTIER; JEFF    )
PIPER; PAUL SEGURA;       )
MARK GOODMAN; JOHN        )
DRAPER; MICHAEL           )
PRZYBYL; JASON ZUHLKE;    )
JEFFREY ROBERT, and       )
DOES 1 through 10,        )
                          )
         Defendants.      )
_____)


          REMOTE DEPOSITION OF JASON ZUHLKE,

          taken on behalf of PLAINTIFF, in

          Whittier, California, commencing at

          1:30 p.m., Monday, March 6, 2023,

          before DORIEN SAITO, CSR 12568,

          CLR.

A P P E A R A N C E S :


    FOR PLAINTIFF:

            HADSELL STORMER RENICK & DAI LLP
            By:  REBECCA BROWN, Attorney at Law
            128 North Fair Oaks Avenue
            Pasadena, California  91103
            rbrown@hadsellstormer.com

            -And-

            ORANGE LAW OFFICES
            By:  OLU K. ORANGE, Attorney at Law
                (Not present at the deposition)
            3435 Wilshire Boulevard
            Suite 2910
            Los Angeles, California  90010
            (213) 736-9900
            orangelawoffices@att.net

    FOR DEFENDANTS:

            BURKE, WILLIAMS & SORENSEN, LLP
            By:  JOHN HORSTMANN, Attorney at Law
            444 South Flower Street
            Suite 2400
            Los Angeles, California  90071
            (213) 236-0600
            jhorstmann@bwslaw.com

3

directly connected to -- to her -- to the arrest of Ms. Savage and the incidents surrounding and leading up to the arrest that, you know, were in a better position, frankly, to articulate that information.  So it just wasn't -- so it just wasn't necessary.

Q.   Okay.

MS. BROWN:  Okay.  I think that's all the questions I have for you.

MR. HORSTMANN:  Okay.  And I don't have any follow-up.

THE REPORTER:  Okay.  Thank you so much.

And, John, will you be needing a copy of this transcript as well?

MR. HORSTMANN:  Yes, please.

THE REPORTER:  Okay.

And, Rebecca, regular turnaround okay?

MS. BROWN:  Yes, that's fine.

(The deposition proceedings were concluded at 2:05 p.m.)

-0o0-

31

CERTIFICATE OF REPORTER

I, DORIEN SAITO, CSR 12568, CLR, a certified Shorthand reporter in and for the State of California, County of Los Angeles, do hereby certify;

That JASON ZUHLKE, the witness named in the foregoing deposition, was, before the commencement of the deposition, duly administered an oath in accordance with CCP 2094;

That said deposition was taken down in stenograph writing by me and thereafter transcribed into typewriting under my direction.

That before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

Dated this 17th day of March, 2023.

_____
CERTIFIED SHORTHAND REPORTER
IN AND FOR THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA

34

# EXHIBIT C

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,

      Plaintiff,             Case No.
                            2:21-cv-08067-VAP-
                            PD
  vs.

CITY OF WHITTIER, PAUL
SEGURA, MARK GOODMAN, JOHN
DRAPER, MICHAEL PRZYBYL,
JASON ZUHLKE, JEFFREY
ROBERT, and DOES 1 through
10,

      Defendants.
_____

DEPOSITION OF

LIEUTENANT MICHAEL PRZYBYL

February 28, 2023

9:31 a.m.

3435 Wilshire Boulevard, Suite 2910

Los Angeles, California

Lori Raye, CSR No. 7052

1

BARKLEY
Court Reporters

APPEARANCES OF COUNSEL


On Behalf of the Plaintiff:


REBECCA BROWN, ESQ.
HADSELL STORMER RENICK & DAI LLP
128 North Fair Oaks Avenue
Pasadena, California 91103
(626) 585-9600
rbrown@hadsellstormer.com


On Behalf of the Defendants:


NATHAN A. OYSTER, ESQ.
BURKE, WILLIAMS & SORENSON, LLP
444 South Flower Street
Suite 2400
Los Angeles, California 90071
(213) 236-0600
noyster@bwslaw.com

2

**BARKLEY**
Court Reporters

Q.   Did you review Officer Draper and Officer Goodman's actions in the arrest in any capacity?

A.   I don't recall if I did.

Q.   Did you investigate her arrest in any capacity?

A.   I did not.

Q.   Are you aware of any investigation regarding the arrest?

A.   I'm not.

Q.   Are you aware of any other type of follow-up action taken by the department following the arrest?

A.   No, I'm not.

MS. BROWN:  I believe that is actually all the questions that I have for you.

MR. OYSTER:  Okay.

MS. BROWN:  Do you have any questions?

MR. OYSTER:  I have no questions.

THE REPORTER:  Do you need a copy of the transcript?

MR. OYSTER:  Yes, please.

(The deposition was adjourned

at 10:03 a.m.)

30

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES   )

I, LORI RAYE, hereby certify:

I am a duly qualified Certified Shorthand Reporter in the State of California, holder of Certificate Number CSR 7052 issued by the Certified Court Reporters' Board of California and which is in full force and effect.  (Fed. R. Civ. P. 28(a)(1)).

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the witness was first duly sworn by me.  (Fed. R. Civ. P. 28(a)(a)).

I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in this action.  (Fed. R. Civ. P. 28).

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record

/ / /

32

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

of the testimony given by the witness. (Fed. R. Civ. P. 30(f)(1)).

Before completion of the deposition, review of the transcript [  ] was [  ] was not requested. If requested, any changes made by the deponent (and provided to the reporter) during the period allowed, are appended hereto. (Fed. R. Civ. P. 30(e)).

Dated:    March 16, 2023

_____

33

LIEUTENANT MICHAEL PRZYBYL

BARKLEY
Court Reporters

# EXHIBIT D

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOLIE SAVAGE,                    )  Case No.: 2:21-cv-08067-
                                 )              VAP-PD
          Plaintiff,             )
                                 )
vs.                              )
                                 )
CITY OF WHITTIER; JEFF )
PIPER; PAUL SEGURA;       )
MARK GOODMAN; JOHN        )
DRAPER; MICHAEL           )
PRZYBYL; JASON ZUHLKE; )
JEFFREY ROBERT, and       )
DOES 1 through 10,        )
                                 )
          Defendants.     )
_____)


REMOTE DEPOSITION OF MARK GOODMAN

POST FALLS, IDAHO

THURSDAY, MARCH 2, 2023


DORIEN SAITO, CSR 12568, CLR

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


JOLIE SAVAGE,                ) Case No.: 2:21-cv-08067-
                             )           VAP-PD
          Plaintiff,         )
                             )
vs.                          )
                             )
CITY OF WHITTIER; JEFF )
PIPER; PAUL SEGURA;     )
MARK GOODMAN; JOHN      )
DRAPER; MICHAEL         )
PRZYBYL; JASON ZUHLKE; )
JEFFREY ROBERT, and     )
DOES 1 through 10,      )
                             )
          Defendants.   )
_____)



          REMOTE DEPOSITION OF MARK GOODMAN,

          taken on behalf of PLAINTIFF, in

          Post Falls, Idaho, commencing at

          2:04 p.m., Thursday, March 2, 2023,

          before DORIEN SAITO, CSR 12568,

          CLR.

2

A P P E A R A N C E S :


FOR PLAINTIFF:

             HADSELL STORMER RENICK & DAI LLP
             By:  REBECCA BROWN, Attorney at Law
             128 North Fair Oaks Avenue
             Pasadena, California  91103
             rbrown@hadsellstormer.com

             -And-

             ORANGE LAW OFFICES
             By:  OLU K. ORANGE, Attorney at Law
             3435 Wilshire Boulevard
             Suite 2910
             Los Angeles, California  90010
             (213) 736-9900
             orangelawoffices@att.net

FOR DEFENDANTS:

             BURKE, WILLIAMS & SORENSEN, LLP
             By:  NATHAN A. OYSTER, Attorney at Law
             444 South Flower Street
             Suite 2400
             Los Angeles, California  90071
             (213) 236-0600
             noyster@bwslaw.com

(The deposition proceedings were

concluded at 2:32 p.m.)

-0o0-

29

CERTIFICATE OF REPORTER

I, DORIEN SAITO, CSR 12568, CLR, a certified Shorthand reporter in and for the State of California, County of Los Angeles, do hereby certify;

That MARK GOODMAN, the witness named in the foregoing deposition, was, before the commencement of the deposition, duly administered an oath in accordance with CCP 2094;

That said deposition was taken down in stenograph writing by me and thereafter transcribed into typewriting under my direction.

That before completion of the deposition, review of the transcript [X] was [ ] was not requested. If requested any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

I further certify that I am neither counsel for nor related to any party to said action, nor in any way interested in the outcome thereof.

Dated this 16th day of March, 2023.

_____

CERTIFIED SHORTHAND REPORTER
IN AND FOR THE COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA

32