Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, CA 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
PAUL SEGURA, MARK GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON ZUHLKE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10,<br><br>            Defendants. | Case No.  2:21-cv-08067-MWC-PD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO LIMIT ARGUMENT RE VIOLATIONS OF LAW OUTSIDE OF PROBABLE CAUSE ANALYSIS**<br><br>Hearing on MIL(s) and Final Pretrial Conference:<br>Date:        November 21, 2025<br>Time:        1:30 p.m.<br>Crtrm.:      6A<br><br>Judge:  Hon. Michelle Williams Court |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4903-4984-3829 v1

1

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This case arises from the July 28, 2020 arrest of Plaintiff JOLIE SAVAGE by officers of the Whittier Police Department during an event that featured competing groups of people – a pro-police vehicle caravan and anti-police protestors – exercising their First Amendment rights that occurred at the Whittier Police Station. Plaintiff contends Defendants arrested her without a lawful basis, used unreasonable force, and violated her First, Fourth, and Fourteenth Amendment rights.

Whether Defendants had probable cause to arrest Plaintiff is one of the primary questions for the jury to answer in this case. By her motion in limine, Plaintiff seeks to exclude evidence the jury needs to determine whether probable cause existed under the factual circumstances of this case. Despite conceding in opposition to Defendants' motion for summary judgment that these statutes are relevant to the probable cause analysis under the material facts of this case, Plaintiff now files the present motion in limine to exclude those statutes. Moreover, Plaintiff improperly interprets and applies the facts in this case, which is in the province of the jury to decide. Finally, Plaintiff improperly speculates that Defendants seek to offer evidence of her being booked into custody as character evidence. For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion in limine excluding all such evidence.

## II.    ARGUMENT

### A.    The Statutes Plaintiff Seeks to Exclude Are Relevant To The Probable Cause Analysis

Evidence is relevant if: (a) it has **any** tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401(a)-(b) (emphasis added). "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these [Federal] rules [of Evidence]; or other

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

2

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

rules prescribed by the Supreme Court." Fed. R. Evid. 402. As discussed in Sections II(A)(1)-(5) below, the statutes that Plaintiff seeks to exclude are relevant to the probable cause analysis.

### 1.    Cal. Veh. Code § 21950 Is Relevant

The elements of Vehicle Code Section 21950 are as follows: Pedestrians must use reasonable care for their own safety. Pedestrians may not suddenly leave a curb or other place of safety and walk or run into the path of a vehicle that is so close as to constitute an immediate hazard. Pedestrians also must not unnecessarily stop or delay traffic while in a marked or unmarked crosswalk. See Judicial Council Of California Civil Jury Instruction 710.

Here, first, Plaintiff's opposition to Defendants' motion for summary judgment includes underlined headings that state: "**A jury could find that Defendants lacked probable cause to arrest Ms. Savage under Vehicle Code § 21950(b)**." See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83, p. i. While Plaintiff made some references in opposition to Defendants' motion for summary judgment that Cal. Veh. Code § 21950(b) "does not apply," Plaintiff's opposition is silent as to any other parts of Cal. Veh. Code Section 21950. Thus, Plaintiff conceded that Cal. Veh. Code § 21950 is relevant.

Second, even if Plaintiff did not concede in opposition to Defendants' motion for summary judgment that Cal. Veh. Code § 21950 was relevant,  Defendants contend that Cal. Veh. Code § 21950 is relevant to the claims and defenses in this case. As illustrated in the video exhibits attached to the declaration in support of Plaintiff's motion in limine, Plaintiff was in the "path of a vehicle that is so close as to constitute an immediate hazard." See Decl. of Rebecca Brown filed in support of Plaintiff's motion in limine number 2, ¶¶ 7-9. Indeed, it was Plaintiff's position in opposition to Defendants' motion for summary judgment that Plaintiff blocking cars was a disputed material fact: "Disputed. **Plaintiff stated that she blocked cars**, not that she blocked traffic…." See Plaintiff's Opposition to Defendants' Motion for

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

3

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

Summary Judgment, Dkt. 83-1, p. 4, Fact Number 16. Additionally, as discussed in Section II.(D) below, Plaintiff improperly interprets and argues the facts of this case – which is in the province of the jury to decide. Thus, Cal. Veh. Code § 21950 is relevant to the probable cause analysis in this case.

**2.      Cal. Veh. Code § 21954(a) Is Relevant**

"Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway so near as to constitute an immediate hazard." Cal. Veh. Code § 21954 An immediate hazard exists whenever a reasonably prudent person in the position of Plaintiff would realize that an approaching vehicle probably would collide with Plaintiff if she left the curb or other place of safety and walked or ran into the path of the approaching vehicle or did not yield the right of way. See Cal. Veh. Code Section 21954; see also Book of Approved Jury Instructions, ("BAJI") Numbers 5.52.2 and 5.53.

Here, first, Plaintiff's opposition to Defendants' motion for summary judgment includes underlined headings that state: "**A jury could find that Defendants lacked probable cause to arrest Ms. Savage under Vehicle Code § 21954(a).**" See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83, pp. i. (emphasis added) Moreover, in opposition to Defendants' motion for summary judgment, Plaintiff responded "undisputed" to the following: "Plaintiff was arrested for violations of Penal Code 243(B) – Battery of a Peace Officer because she attempted to bite my right arm during her arrest, Penal Code 148(A) – Resisting Arrest, and **California Vehicle Code 21954(A)** – Right of Way." See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83-1, p. 13, Fact Number 57 (citations and parenthesis in original). Thus, Plaintiff conceded that Cal. Veh. Code § 21954 is relevant.

Second, even if Plaintiff did not concede in opposition to Defendants' motion for summary judgment that Cal. Veh. Code § 21954(a) was relevant,  Defendants

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

contend that Cal. Veh. Code § 21954 is relevant to the claims and defenses in this case. As illustrated in the video exhibits attached to the declaration in support of Plaintiff's motion in limine, Plaintiff was on the street in an unmarked crosswalk: "Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk…" Cal. Veh. Code § 21954 Additionally, as discussed in Section II.(D) below, Plaintiff improperly interprets and argues the facts of this case – which is in the province of the jury to decide. Thus, Cal. Veh. Code § 21954 is relevant to the probable cause analysis.

### 3.     Cal. Pen. Code § 148(a) Is Relevant

"Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician…in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment." Cal. Penal Code § 148(a)(1); see also Judicial Council of California Criminal Jury Instruction ("CALCRIM") No. 2656. The elements of this crime are: (1) Defendants were public officers lawfully performing or attempting to perform their duties as a public officer; (2) Plaintiff willfully resisted, obstructed, or delayed Defendants in the performance or attempted performance of those duties; and (3) When Plaintiff resisted, obstructed, or delayed Defendants in the performance or attempted performance of their duties, Plaintiff knew, or reasonably should have known, that Defendants were Public Officers performing or attempting to perform their duties. Cal. Penal Code § 148(a)(1); see also Judicial Council of California Criminal Jury Instruction ("CALCRIM") No. 2656.

Here, first, in opposition to Defendants' motion for summary judgment, Plaintiff responded "undisputed" to the following material fact: "Plaintiff was arrested for violations of Penal Code 243(B) – Battery of a Peace Officer because **she attempted to bite my right arm during her arrest, Penal Code 148(A) –**

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

5

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

Resisting Arrest, and California Vehicle Code 21954(A) – Right of Way." See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83-1, p. 13, Fact Number 57 (citations and parenthesis in original). Thus, Plaintiff conceded that Cal. Penal Code § 148(a) is relevant.

Second, even if Plaintiff did not concede in opposition to Defendants' motion for summary judgment that Cal. Penal Code § 148(a) was relevant, Defendants contend that Cal. Penal Code § 148(a) is relevant to the claims and defenses in this case. Plaintiff engaged in a push with officers at the scene of her arrest and yelled multiple times, "Don't fucking touch me bitch." Moreover, Plaintiff attempted to bite officers during her arrest. Indeed, as previously indicated, Plaintiff conceded that this was a relevant material fact. Additionally, as discussed in Section II.(D) below, Plaintiff improperly interprets and argues the facts of this case – which is in the province of the jury to decide. Thus, Cal. Pen. Code § 148(a) is relevant to the claims and defenses in this case.

### 4.    Cal. Pen. Code § 240 and 242 Are Relevant

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240 The elements of this crime are as follows: (1) Plaintiff did an act that by its nature would directly and probably result in the application of force to a person; (2) Plaintiff did that act willfully; (3) When Plaintiff acted, she was aware of facts that would lead a reasonable person to realize that her act by its nature would directly and probably result in the application of force to someone; and (4) When the Plaintiff acted, she had the present ability to apply force to a person. See Judicial Council of California Criminal Jury Instruction ("CALCRIM") 915. The terms application of force and apply force mean to touch in a harmful or offensive manner. Id. The slightest touching can be enough if it is done in a rude or angry way. Id. Making contact with another person, including through his or her clothing, is enough. Id. The touching does not have to cause pain or injury of any kind. Id. The touching can be done

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

6

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

indirectly by causing an object or someone else to touch the other person, or by touching something held by or attached to the other person. Id.

"A battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242 The elements of this crime are as follows: (1) Plaintiff willfully and unlawfully touched Officers in a harmful or offensive manner. See Judicial Council of California Criminal Jury Instruction ("CALCRIM") No. 960. Someone commits an act *willfully* when he or she does it willingly or on purpose. Id. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage. Id. The slightest touching can be enough to commit a battery if it is done in a rude or angry way. Id. Making contact with another person, including through his or her clothing, is enough. Id.

Here, first, Plaintiff's opposition to Defendants' motion for summary judgment includes underlined headings that state: "**A jury could find that Defendants lacked probable cause to arrest Ms. Savage under Vehicle Code §§ 240 or 242**" See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83, pp. i. (emphasis added) Moreover, in opposition to Defendants' motion for summary judgment, Plaintiff responded "undisputed" to the following facts: "Plaintiff was arrested for violations of Penal Code 243(B) – **Battery of a Peace Officer because she attempted to bite my right arm during her arrest**, Penal Code 148(A) – Resisting Arrest, and California Vehicle Code 21954(A) – Right of Way"; "When attempting to gain control of Plaintiff's arms**, she sat up and attempted to bite Officer Goodman's right forearm with her teeth**." See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83-1, p. 13, Fact Numbers 46, 47, and 57 (citations and parenthesis in original). Thus, Plaintiff conceded that Cal. Penal Code §§ 240 and 242 are relevant to the probable cause analysis regarding the material facts of this case.

Second, even if Plaintiff did not concede in opposition to Defendants' motion for summary judgment that Cal. Penal Code §§ 240 and 242 were relevant to the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

probable cause analysis under the material facts of this case, Defendants contend that Cal. Penal Code §§ 240 and 242 are relevant to the claims and defenses in this case. As discussed above, Plaintiff willfully engaged in a push with officers and attempted to bite Defendant Officer Goodman during her arrest. Finally, as discussed in Section II.(D) below, Plaintiff improperly interprets and argues the facts of this case – which is in the province of the jury to decide. Thus, Cal. Penal Code §§ 240 and 242 are relevant to the probable cause analysis under the material facts of this case.

### 5. Cal. Veh. Code § 2800 Is Relevant

"It is unlawful to willfully fail or refuse to comply with a lawful order, signal, or direction of a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, when that peace officer is in uniform and is performing duties pursuant to any of the provisions of this code, or to refuse to submit to a lawful inspection pursuant to this code." Cal. Veh. Code § 2800(a).

Here, first, Plaintiff's opposition to Defendants' motion for summary judgment includes underlined headings that state: "**A jury could find that Defendants lacked probable cause to arrest Ms. Savage under Vehicle Code § 2800**" See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Dkt. 83, pp. i. (emphasis added) Thus, Plaintiff conceded that Cal. Veh. Code § 2800 is relevant under the material facts of this case.

Second, even if Plaintiff did not concede in opposition to Defendants' motion for summary judgment that Cal. Veh. Code § 2800 was relevant, Defendants contend that Cal. Veh. Code § 2800 is relevant to the claims and defenses in this case where Plaintiff pushed an officer and attempted to bite an officer before being arrested. As discussed in Section II.(D) below, Plaintiff improperly interprets and argues the facts of this case – which is in the province of the jury to decide. Thus, Cal. Veh. Code § 2800 is relevant to the probable cause analysis under the material facts of this case.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

8

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

**B.**    **The High Probative Value of The Relevant Statutes Is Not Substantially Outweighed By A Daner Of Unfair Prejudice, Confusing the Jury, Misleading The Jury, or Causing Undue Delay**

Relevant evidence may be excluded only if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As discussed above in Sections II(A)(1)-(5), the relevant statutes that Plaintiff seeks to exclude have high probative value regarding the claims and defenses in this case. The high probative value of these facts is not substantially outweighed by a danger of unfair prejudice, confusing the jury, misleading the jury, or causing undue delay. Plaintiff improperly contends that allowing evidence on these statutes will lead to "mini-trials," where the underlying material facts relevant to the probable cause analysis under all these statutes are substantially the same and can be presented to the jury all at once, including through short video clips of the incident.

Moreover, Plaintiff improperly contends that introducing evidence of these statutes will "confuse" or "mislead" the jury. The jury will not be confused if they are asked to answer probable cause questions and are presented evidence of statutes that form the basis of probable cause. **To the contrary, the jury will be confused if they are asked to do a probable cause analysis without being presented evidence of probable cause statutes.** Thus, Plaintiff's argument lacks merit. Therefore, the Court should deny Plaintiff's motion.

**C.**    **Evidence of Plaintiff Being Booked Into Custody Is Not Substantially Outweighed By A Danger Of Unfair Prejudice, Confusing the Jury, or Misleading the Jury and is Not Character Evidence**

Relevant evidence may be excluded only if "its probative value is substantially outweighed by a danger of one or more of the following: unfair

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404

Here, Plaintiff does not argue that evidence of Plaintiff being booked into custody or evidence that Defendant Draper thought Plaintiff would violate the law again if released is irrelevant and only argues that such evidence should be excluded. Evidence of Plaintiff being booked into custody is relevant where Plaintiff disputes that she was ever "detained" and contends that she was "arrested." The high probative value of such evidence is not substantially outweighed by a danger of prejudice where Plaintiff Savage will have an opportunity to provide testimony to the jury at trial and explain herself, and even present videos of her conduct at the scene. Moreover, evidence that Plaintiff was booked into custody and evidence that Defendants believed Savage would commit a crime if released, are not traits that Defendants contend Savage acted in accordance with.

### D.   The Jury Must Decide The Probable Case Facts That Plaintiff Improperly Interprets and Argues In Plaintiff's Motion In Limine

"Where the facts are disputed, their resolution and determinations of credibility 'are manifestly the province of a jury.'" *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1110 (9th Cir. 2004)

Here, Plaintiff improperly interprets and argues the disputed material facts of this case in Plaintiff's motion in limine, which is in the province of the jury to decide. Thus, the Court should deny Plaintiff's motion.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine Number 2.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2

Dated:  November 7, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By:    */s/ Nathan A. Oyster*
         Nathan A. Oyster
         Caylin W. Jones
         Zareh Bursalyan
         Attorneys for Defendants
         PAUL SEGURA, MARK
         GOODMAN, JOHN DRAPER,
         MICHAEL PRZYBYL, and JASON
         ZUHLKE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

11                Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 2