Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, CA 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
PAUL SEGURA, MARK GOODMAN, JOHN DRAPER,
MICHAEL PRZYBYL, and JASON ZUHLKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLIE SAVAGE,<br><br>             Plaintiff,<br><br>        v.<br><br>CITY OF WHITTIER, JEFF PIPER, PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, JASON ZUHLKE, JEFFREY ROBERT, AND DOES 1 THROUGH 10,<br><br>             Defendants. | Case No.  2:21-cv-08067-MWC-PD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO LIMIT TESTIMONY OF DEFENDANTS' MEDICAL EXPERT TO OBSERVATIONS/ OPINIONS STATED IN HIS REPORT**<br><br><u>Hearing on MIL(s) and Final Pretrial Conference:</u><br>Date:          November 21, 2025<br>Time:          1:30 p.m.<br>Crtrm.:        6A<br><br>Judge:  Hon. Michelle Williams Court |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4930-6991-5509 v1

1

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This case arises from the July 28, 2020 arrest of Plaintiff JOLIE SAVAGE by officers of the Whittier Police Department during an event that featured competing groups of people – a pro-police vehicle caravan and anti-police protestors – exercising their First Amendment rights that occurred at the City of Whittier Police Station. Plaintiff contends Defendants arrested her without a lawful basis, used unreasonable force, and violated her First, Fourth, and Fourteenth Amendment rights. Further, Plaintiff contends that she suffered injuries during the incident and allegedly underwent surgery for her injuries. Although Plaintiff alleges that her injuries and surgery were caused by Defendants' actions, Plaintiff files the present motion in limine to exclude relevant evidence regarding causation of her injuries.

Plaintiff's arguments in Plaintiff's motion in limine are inapposite. Plaintiff misconstrues the law regarding expert testimony. Plaintiff does not contend that Dr. Liberman's testimony is irrelevant or that Dr. Liberman is not a qualified expert. Indeed, Plaintiff concedes that Dr. Liberman is a qualified expert and has fulfilled the expert report requirement where Plaintiff has attached Dr. Liberman's expert report to Plaintiff's motion in limine. Instead, Plaintiff argues in Plaintiff's motion in limine to limit Dr. Liberman's testimony to his report – which Plaintiff claims does not include certain opinions which Plaintiff speculates Dr. Liberman will testify about. However, Plaintiff's motion in limine is misplaced where Dr. Liberman's testimony **is** indeed based on all the facts included in his expert report. For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine Number 3.

### II.  ARGUMENT

#### A.  Dr. Liberman's Testimony Is Relevant To The Claims and Defenses In This Case

Federal Rules of Evidence, Rule 402 provides that evidence which is not

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4930-6991-5509 v1

2

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 3

relevant is not admissible. FED. R. EVID. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See FED. R. EVID. 401. Here, as an initial matter, Plaintiff does not dispute that Dr. Liberman's testimony that Plaintiff seeks to exclude is relevant to the claims and defenses in this case. Indeed, Dr. Liberman's testimony regarding the cause of Plaintiff's injuries is relevant where Plaintiff claims damages for injuries and an elbow surgery allegedly arising out of Defendants' conduct. Thus, Dr. Liberman's testimony is relevant.

## B.    Plaintiff Does Not Dispute That Dr. Liberman Is A Qualified Expert

A party wishing to introduce expert testimony must show that the proposed testimony is admissible under Rule 702 of the Federal Rules of Evidence. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702 (emphasis added).

Here, Plaintiff's entire motion in limine is silent as to Dr. Liberman's qualification as an expert to provide the expert testimony that Plaintiff seeks to exclude. Plaintiff has not provided any argument that Dr. Liberman's testimony is not based on scientific, technical, or other specialized knowledge, will help the trier of fact to understand the evidence or determine a fact in issue, is based on sufficient facts and data, is the product of reliable principles and methods, and has reliably applied the principles and methods to the facts of this case. Thus, Dr. Liberman is a

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4930-6991-5509 v1

3

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 3

qualified expert who may testify in this case. Thus, Dr. Liberman is a qualified expert who may provide expert testimony, including but not limited to the cause of Plaintiff's injuries.

### C.    Dr. Liberman Satisfied The Expert Report Requirement And His Testimony Is Based On Facts Articulated In His Expert Report

Federal Rule of Civil Procedure 26(a)(2) requires a party to timely disclose a written report of a witness "if the witness is one retained or specially employed to provide expert testimony in the case...." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011)

The trial court is accorded wide discretion when acting as gatekeepers for the admissibility of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151-52 (1999). Relevant expert testimony "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir.1995) (Daubert II). An expert's testimony must assist the trier of fact and relate to, or "fit," the underlying facts of the case. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) (Daubert I).

"The standards for evaluating expert reports are not in dispute. Federal Rule of Evidence 702 **permits opinion testimony by an expert as long as the witness is qualified and their opinion is relevant and reliable**." *Otto v. LeMahieu*, No. 4:19-CV-00054-YGR, 2021 WL 1615311, at *1 (N.D. Cal. Apr. 26, 2021) (emphasis added) "**An expert should be permitted to testify if the proponent demonstrates that: (i) the expert is qualified; (ii) the evidence is relevant to the suit; and (iii) the evidence is reliable**." Id. (emphasis added).

Here, Dr. Liberman has fulfilled the expert report requirement. See Exhibit A to Plaintiff's Motion in Limine. Moreover, Dr. Liberman's testimony is based on facts articulated in his expert report. Indeed, Dr. Liberman's expert report contains statements regarding Plaintiff's "current complaints," "limitations," "past medical history," "family history," "habits," "current medical status," "review of systems,"

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4930-6991-5509 v1

4

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 3

"physical examination," "examination of the elbow," "imaging studies," "subjective complaints," "objective abnormalities," and "impression." Dr. Liberman's testimony, including testimony as to the cause of Plaintiff's alleged injuries, is based on his report, which was timely disclosed to Plaintiff. "The standards for evaluating expert reports are not in dispute. Federal Rule of Evidence 702 **permits opinion testimony by an expert as long as the witness is qualified and their opinion is relevant and reliable**." *Otto v. LeMahieu*, No. 4:19-CV-00054-YGR, 2021 WL 1615311, at *1 (N.D. Cal. Apr. 26, 2021) (emphasis added) "**An expert should be permitted to testify if the proponent demonstrates that: (i) the expert is qualified; (ii) the evidence is relevant to the suit; and (iii) the evidence is reliable**." Id. (emphasis added). As discussed above, Defendants have demonstrated that Dr. Liberman's testimony meets the requirements, and Plaintiff has not argued otherwise in Plaintiff's motion in limine. Thus, Dr. Liberman has satisfied the expert report requirement and is permitted to provide expert testimony. Therefore, the Court should deny Plaintiff's motion.

## III.    <u>CONCLUSION</u>

For the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine Number 3.

Dated:  November 7, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By:   */s/ Nathan A. Oyster*
    Nathan A. Oyster
    Caylin W. Jones
    Zareh Bursalyan
    Attorneys for Defendants
    PAUL SEGURA, MARK GOODMAN, JOHN DRAPER, MICHAEL PRZYBYL, and JASON ZUHLKE

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4930-6991-5509 v1

5

Case No. 2:21-cv-08067-MWC-PD
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE NO. 3